IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACETICALS, INC.; ALVOGEN PB RESEARCH AND DEVELOPMENT LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Salix Pharmaceuticals, Ltd. and Salix Pharmaceuticals, Inc. (collectively, "Salix"), Bausch Health Ireland Ltd. ("Bausch"), and Alfasigma S.p.A. ("Alfasigma") (collectively, "Plaintiffs") for their Complaint against Defendants Norwich Pharmaceuticals, Inc. ("Norwich") and Alvogen PB Research and Development LLC ("Alvogen") (collectively, "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Salix Pharmaceuticals, Ltd. is a corporation organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

2. Plaintiff Salix Pharmaceuticals, Inc. is a corporation organized and existing under the laws of California having its principal place of business at 400 Somerset Blvd., Bridgewater, New Jersey 08807.

3. Plaintiff Bausch is a company organized and existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

4. Plaintiff Alfasigma is a corporation organized and existing under the laws of Italy having a principal place of business at Via Ragazzi del '99, 5 Bologna, Italy.

5. On information and belief, Norwich is a corporation organized and existing under the laws of Delaware, having a principal place of business at 6826 Highway 12, Norwich, New York 13815.

6. On information and belief, Norwich is in the business of, among other things, manufacturing and packaging pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

7. On information and belief, Alvogen is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Bloomfield Avenue, Building B, Pine Brook, New Jersey 07058.

8. On information and belief, Alvogen is in the business of, among other things, developing, manufacturing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

9. On information and belief, Alvogen is the regulatory agent for Norwich. According to Alvogen's website, Norwich is a subsidiary of Alvogen that provides, *inter alia*, manufacturing and packaging services. (Exhibit A [screen printout of https://alvogen.com/what-we-do)]).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2

11.     This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, they have committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware and throughout the United States.

12.     This Court also has personal jurisdiction over Norwich by virtue of the fact that Norwich is at home in Delaware as reflected by the fact that it is incorporated in Delaware, regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, including by distributing its pharmaceutical products in Delaware and, therefore, can reasonably expect to be subject to jurisdiction in the Delaware courts. Among other things, on information and belief, Norwich conducts marketing and sales activities in the State of Delaware, including, but not limited to, distribution, marketing, and/or sales of pharmaceutical products to Delaware residents that are continuous and systematic.

13.     This Court also has personal jurisdiction over Alvogen by virtue of the fact that Alvogen is at home in Delaware as reflected by the fact that it is incorporated in Delaware, regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, including by selling its pharmaceutical products in Delaware and, therefore, can reasonably expect to be subject to jurisdiction in the Delaware courts. Among other things, on information and belief, Alvogen conducts marketing and sales activities in the State of Delaware, including, but not limited to, distribution, marketing, and sales of pharmaceutical products to Delaware residents that are continuous and systematic.

14.     This Court also has personal jurisdiction over Alvogen by virtue of the fact that Alvogen has previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction in civil actions initiated in this jurisdiction, including but not limited to *BioDelivery Sciences International, Inc. et al v. Alvogen PB Research & Development LLC et al.*, C.A. No. 1:18-cv-01395, D.I. 14 (D. Del. Nov. 30, 2018).

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## NATURE OF THE ACTION

16.     This is an action for infringement of United States Patent Nos. 7,045,620 (the "'620 patent"); 7,612,199 (the "'199 patent"); 7,902,206 (the "'206 patent"); 7,906,542 (the "'542 patent"); 7,915,275 (the "'275 patent"); 8,158,644 (the "'644 patent"); 8,158,781 (the "'781 patent"); 8,193,196 (the "'196 patent"); 8,309,569 (the "'569 patent"); 8,518,949 (the "'949 patent"); 8,642,573 (the "'573 patent"); 8,741,904 (the "'904 patent"); 8,829,017 (the "'017 patent"); 8,835,452 (the "'452 patent"); 8,853,231 (the "'231 patent"); 8,946,252 (the "'252 patent"); 8,969,398 (the "'398 patent"); 9,271,968 (the "'968 patent"); 9,421,195 (the "'195 patent"); 9,629,828 (the "'9,828 patent"); 10,314,828 (the "'4,828 patent"); 10,335,397 (the "'397 patent"); and 10,456,384 (the "'384 patent") (collectively, the "Xifaxan® patents") under the Food and Drug Laws and the Patent Laws of the United States, Titles 21 and 35 of the United States code, respectively.  This action involves the 550 mg dosage form of Plaintiffs' drug product Xifaxan®, indicated for reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults and treatment of irritable bowel syndrome with diarrhea (IBS-D) in adults.

## THE XIFAXAN® NDA

17.     Salix Pharmaceuticals, Inc. is the holder of approved New Drug Application ("NDA") Nos. 021361 and 022554 (a supplement to NDA No. 021361 that was granted a new NDA number) for Xifaxan® (rifaximin) 550 mg tablets.

18.     The FDA approved NDA No. 021361 for Xifaxan® 200 mg tablets on May 25, 2004 and approved NDA No. 022554 for Xifaxan® 550 mg tablets on March 24, 2010. Xifaxan® 550 mg tablets are indicated for reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults and treatment of irritable bowel syndrome with diarrhea (IBS-D) in adults.

## THE PATENTS-IN-SUIT

19.     On May 16, 2006, the '620 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in medicinal preparations," was duly and legally issued.  The '620 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '620 patent is attached hereto as Exhibit B.

20.     On November 3, 2009, the '199 patent, entitled "Polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '199 patent is assigned to and owned by Alfasigma. A true and correct copy of the '199 patent is attached hereto as Exhibit C.

21.     On March 8, 2011, the '206 patent, entitled "Polymorphic forms α, β and γ of rifaximin," was duly and legally issued.  The '206 patent is assigned to and owned by Alfasigma. A true and correct copy of the '206 patent is attached hereto as Exhibit D.

22.     On March 15, 2011, the '542 patent, entitled "Pharmaceutical compositions comprising polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '542

patent is assigned to and owned by Alfasigma.  A true and correct copy of the '542 patent is attached hereto as Exhibit E.

23.     On March 29, 2011, the '275 patent, entitled "Use of polymorphic forms of rifaximin for medical preparations," was duly and legally issued.  The '275 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '275 patent is attached hereto as Exhibit F.

24.     On April 17, 2012, the '644 patent, entitled "Pharmaceutical compositions comprising polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '644 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '644 patent is attached hereto as Exhibit G.

25.     On April 17, 2012, the '781 patent, entitled "Polymorphic forms α, β and γ of rifaximin," was duly and legally issued.  The '781 patent is assigned to and owned by Alfasigma. A true and correct copy of the '781 patent is attached hereto as Exhibit H.

26.     On June 5, 2012, the '196 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '196 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '196 patent is attached hereto as Exhibit I.

27.     On November 13, 2012, the '569 patent, entitled "Methods for treating diarrhea-associated irritable bowel syndrome," was duly and legally issued.  The '569 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '569 patent is attached hereto as Exhibit J.

28.     On August 27, 2013, the '949 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and

legally issued.  The '949 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '949 patent is attached hereto as Exhibit K.

29.     On February 4, 2014, the '573 patent, entitled "Methods of treating hepatic encephalopathy," was duly and legally issued.  The '573 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '573 patent is attached hereto as Exhibit L.

30.     On June 3, 2014, the '904 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '904 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '904 patent is attached hereto as Exhibit M.

31.     On September 9, 2014, the '017 patent, entitled "Methods of treating traveler's diarrhea and hepatic encephalopathy," was duly and legally issued.  The '017 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '017 patent is attached hereto as Exhibit N.

32.     On September 16, 2014, the '452 patent, entitled "Polymorphic forms α, β and γ of rifaximin," was duly and legally issued.  The '452 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '452 patent is attached hereto as Exhibit O.

33.     On October 7, 2014, the '231 patent, entitled "Pharmaceutical compositions comprising polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '231 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '231 patent is attached hereto as Exhibit P.

34.     On February 3, 2015, the '252 patent, entitled "Methods of treating traveler's diarrhea and hepatic encephalopathy," was duly and legally issued.  The '252 patent is assigned

to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '252 patent is attached hereto as Exhibit Q.

35.     On March 3, 2015, the '398 patent, entitled "Methods of treating hepatic encephalopathy," was duly and legally issued.  The '398 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '398 patent is attached hereto as Exhibit R.

36.     On March 1, 2016, the '968 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '968 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '968 patent is attached hereto as Exhibit S.

37.     On August 23, 2016, the '195 patent, entitled "Methods of treating hepatic encephalopathy," was duly and legally issued.  The '195 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '195 patent is attached hereto as Exhibit T.

38.     On April 25, 2017, the '9,828 patent, entitled "Methods of treating traveler's diarrhea and hepatic encephalopathy," was duly and legally issued.  The '9,828 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '9,828 patent is attached hereto as Exhibit U.

39.     On June 11, 2019, the '4,828 patent, entitled "Methods of treating hepatic encephalopathy," was duly and legally issued.  The '4,828 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '4,828 patent is attached hereto as Exhibit V.

40.     On July 2, 2019, the '397 patent, entitled "Methods of treating hepatic encephalopathy," was duly and legally issued.  The '397 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '397 patent is attached hereto as Exhibit W.

41.     On October 29, 2019, the '384 patent, entitled "Methods of treating irritable bowel syndrome (IBS)," was duly and legally issued.  The '384 patent is assigned to and owned by Salix Pharmaceuticals, Inc.  A true and correct copy of the '384 patent is attached hereto as Exhibit X.

42.     In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, and in conjunction with NDA No. 022554, the Xifaxan® patents are listed in the FDA's APPROVED DRUG PRODUCTS WITH THERAPEUTIC EQUIVALENCE EVALUATIONS (also known as the "Orange Book") for Xifaxan® 550 mg tablets.

43.     Pursuant to agreements entered into between Bausch, Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc., Bausch has substantial rights in the '569, '573, '017, '252, '398, '195, '9,828, '4,828, '397, and '384 patents (collectively, the "Salix patents") including, but not limited to, an exclusive license to the Salix patents in the United States, and the right to sue for infringement of the Salix patents in the United States.

44.     Pursuant to agreements entered into between Bausch, Salix Pharmaceuticals, Inc. and Alfasigma, Bausch and Salix Pharmaceuticals, Inc. have substantial rights in the '620, '199, '206, '542, '275, '644, '781, '196, '949, '904, '452, '231 and '968 patents (collectively, the "Alfasigma patents") including, but not limited to, an exclusive license to the Alfasigma patents in the United States, and the right to sue for infringement of the Alfasigma patents in the

United States.  Pursuant to these agreements, Salix Pharmaceuticals, Inc. is the sole distributor in the United States of Xifaxan® tablets.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

45.     By a letter dated February 14, 2020 (the "Norwich Notice Letter"), Alvogen, as the regulatory agent for Norwich, advised Plaintiffs that Norwich had submitted ANDA No. 214369 to the FDA seeking approval to manufacture, use, or sell Norwich's ANDA Product prior to the expiration of the Xifaxan® patents.

46.     On information and belief, Defendants, acting jointly, submitted ANDA No. 214369 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, and sale of Norwich's ANDA Product as a generic version of Xifaxan® 550 mg tablets.

47.     On information and belief, ANDA No. 214369 seeks FDA approval of Norwich's ANDA Product for the indications of reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults and treatment of irritable bowel syndrome with diarrhea (IBS-D) in adults.

48.     The Norwich Notice Letter also advised Plaintiffs that Defendants' ANDA submission included certifications under 21 U.S.C. § 355(j)(2)(B)(iv)(II) that, in Defendants' opinion, certain claims of the Xifaxan® patents are invalid, unenforceable, and/or not infringed.

49.     The Norwich Notice Letter does not allege non-infringement of certain claims of the '199, '206, '452, and '231 patents.  By not identifying non-infringement defenses for certain claims of the '199, '206, '452, and '231 patents in the Norwich Notice Letter, Defendants admit Norwich's ANDA Product meets all limitations of those claims.

50.     The Norwich Notice Letter does not allege invalidity or unenforceability of certain claims of the '620 patent.  By not identifying invalidity and unenforceability defenses for

certain claims of the '620 patent in the Norwich Notice Letter, Defendants admit those claims of the '620 patent are valid and enforceable.

51.     There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Defendants regarding the infringement, validity, and enforceability of the Xifaxan® patents.

## COUNT I
### Infringement of the '620 Patent

52.     Plaintiffs incorporate each of the preceding paragraphs 1 to 51 as if fully set forth herein.

53.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '620 patent, Defendants committed an act of infringement of the '620 patent under 35 U.S.C. § 271(e)(2)(A).

54.     The '620 patent claims, *inter alia*, crystalline forms of rifaximin and processes for the production of crystalline forms of rifaximin.

55.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '620 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '620 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

56.     On information and belief, Defendants were aware of the existence of the '620 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '620 patent in the Norwich Notice Letter.

57.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '620 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

58.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II
### Infringement of the '199 Patent

59.     Plaintiffs incorporate each of the preceding paragraphs 1 to 58 as if fully set forth herein.

60.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '199 patent, Defendants committed an act of infringement of the '199 patent under 35 U.S.C. § 271(e)(2)(A).

61.     The '199 patent claims, *inter alia*, crystalline forms of rifaximin.

62.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '199 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '199 patent under 35 U.S.C. § 271(a).

63.     On information and belief, Defendants were aware of the existence of the '199 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '199 patent in the Norwich Notice Letter.

64.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '199 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

65.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT III
### Infringement of the '206 Patent

66.     Plaintiffs incorporate each of the preceding paragraphs 1 to 65 as if fully set forth herein.

67.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '206 patent, Defendants committed an act of infringement of the '206 patent under 35 U.S.C. § 271(e)(2)(A).

68.     The '206 patent claims, *inter alia*, crystalline forms of rifaximin, crystalline forms of rifaximin prepared by specified processes, and solid pharmaceutical compositions comprising crystalline forms of rifaximin.

69.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '206 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '206 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

70.     On information and belief, Defendants were aware of the existence of the '206 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '206 patent in the Norwich Notice Letter.

71.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '206 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

72.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT IV
### Infringement of the '542 Patent

73.     Plaintiffs incorporate each of the preceding paragraphs 1 to 72 as if fully set forth herein.

74.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '542 patent, Defendants committed an act of infringement of the '542 patent under 35 U.S.C. § 271(e)(2)(A).

75.     The '542 patent claims, *inter alia*, pharmaceutical compositions comprising crystalline forms of rifaximin.

76.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '542 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '542 patent under 35 U.S.C. § 271(a).

77.     On information and belief, Defendants were aware of the existence of the '542 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '542 patent in the Norwich Notice Letter.

78.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '542 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

79.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

<u>**COUNT V**</u>
**Infringement of the '275 Patent**

80.     Plaintiffs incorporate each of the preceding paragraphs 1 to 79 as if fully set forth herein.

81.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '275 patent, Defendants committed an act of infringement of the '275 patent under 35 U.S.C. § 271(e)(2)(A).

82.     The '275 patent claims, *inter alia*, methods of treating bacterial infections in patients suffering from bowel related disorders with crystalline forms of rifaximin.

83.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '275 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '275 patent under 35 U.S.C. §§ 271(b) and/or (c).

15

84.     On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '275 patent.

85.     On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

86.     On information and belief, Defendants will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '275 patent.

87.     On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '275 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

88.     On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to the '275 patent's expiry will contribute to the direct infringement of one or more claims of the '275 patent.

89.     On information and belief, Defendants' acts will be performed with knowledge of the '275 patent and with intent to encourage infringement prior to the '275 patent's expiry.

90.     On information and belief, Defendants were aware of the existence of the '275 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '275 patent in the Norwich Notice Letter.

91.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '275 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

92.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

**COUNT VI**
**Infringement of the '644 Patent**

93.     Plaintiffs incorporate each of the preceding paragraphs 1 to 92 as if fully set forth herein.

94.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '644 patent, Defendants committed an act of infringement of the '644 patent under 35 U.S.C. § 271(e)(2)(A).

95.     The '644 patent claims, *inter alia*, solid pharmaceutical compositions comprising crystalline forms of rifaximin.

96.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '644 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '644 patent under 35 U.S.C. § 271(a).

97.     On information and belief, Defendants were aware of the existence of the '644 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '644 patent in the Norwich Notice Letter.

98.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '644 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

99.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

<u>**COUNT VII**</u>
**Infringement of the '781 Patent**

100.    Plaintiffs incorporate each of the preceding paragraphs 1 to 99 as if fully set forth herein.

101.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '781 patent, Defendants committed an act of infringement of the '781 patent under 35 U.S.C. § 271(e)(2)(A).

102.    The '781 patent claims, *inter alia*, crystalline forms of rifaximin.

103.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '781 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '781 patent under 35 U.S.C. § 271(a).

104.    On information and belief, Defendants were aware of the existence of the '781 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '781 patent in the Norwich Notice Letter.

105.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '781 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

106.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT VIII
### Infringement of the '196 Patent

107.    Plaintiffs incorporate each of the preceding paragraphs 1 to 106 as if fully set forth herein.

108.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '196 patent, Defendants committed an act of infringement of the '196 patent under 35 U.S.C. § 271(e)(2)(A).

109.    The '196 patent claims, *inter alia*, crystalline forms of rifaximin, solid pharmaceutical compositions comprising crystalline forms of rifaximin, methods of treating bacterial activity in the gastrointestinal tract of subjects with crystalline forms of rifaximin, and processes for the production of crystalline forms of rifaximin.

110.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '196 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '196 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

111.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '196 patent.

112.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

113.    On information and belief, Defendants will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '196 patent.

114.    On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '196 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

115.    On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to the '196 patent's expiry will contribute to the direct infringement of one or more claims of the '196 patent.

116.    On information and belief, Defendants' acts will be performed with knowledge of the '196 patent and with intent to encourage infringement prior to the '196 patent's expiry.

117.    On information and belief, Defendants were aware of the existence of the '196 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '196 patent in the Norwich Notice Letter.

118.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '196 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

119.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

### COUNT IX
### Infringement of the '569 Patent

120.    Plaintiffs incorporate each of the preceding paragraphs 1 to 119 as if fully set forth herein.

121.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '569 patent, Defendants committed an act of infringement of the '569 patent under 35 U.S.C. § 271(e)(2)(A).

122.    The '569 patent claims, *inter alia*, methods of treating diarrhea-associated irritable bowel syndrome with rifaximin.

123.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '569 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '569 patent under 35 U.S.C. §§ 271(b) and/or (c).

124.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome

with diarrhea in patients, which uses will constitute direct infringement of claims of the '569 patent.

125.   On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

126.   On information and belief, Defendants will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '569 patent.

127.   On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '569 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

128.   On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to the '569 patent's expiry will contribute to the direct infringement of one or more claims of the '569 patent.

129.   On information and belief, Defendants' acts will be performed with knowledge of the '569 patent and with intent to encourage infringement prior to the '569 patent's expiry.

130.   On information and belief, Defendants were aware of the existence of the '569 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '569 patent in the Norwich Notice Letter.

131.   On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '569 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

132.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT X
### Infringement of the '949 Patent

133.    Plaintiffs incorporate each of the preceding paragraphs 1 to 132 as if fully set forth herein.

134.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '949 patent, Defendants committed an act of infringement of the '949 patent under 35 U.S.C. § 271(e)(2)(A).

135.    The '949 patent claims, *inter alia*, solid pharmaceutical compositions comprising crystalline forms of rifaximin and crystalline forms of rifaximin prepared by specified processes.

136.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '949 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '949 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

137.    On information and belief, Defendants were aware of the existence of the '949 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '949 patent in the Norwich Notice Letter.

138.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '949 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

139.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

**COUNT XI**
**Infringement of the '573 Patent**

140.    Plaintiffs incorporate each of the preceding paragraphs 1 to 139 as if fully set forth herein.

141.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '573 patent, Defendants committed an act of infringement of the '573 patent under 35 U.S.C. § 271(e)(2)(A).

142.    The '573 claims, *inter alia*, methods of maintaining remission of hepatic encephalopathy with rifaximin.

143.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '573 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '573 patent under 35 U.S.C. §§ 271(b) and/or (c).

144.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '573 patent.

145. On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

146. On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '573 patent.

147. On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '573 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

148. On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '573 patent.

149. On information and belief, Defendants' acts will be performed with knowledge of the '573 patent and with intent to encourage infringement prior to patent expiry.

150. On information and belief, Defendants were aware of the existence of the '573 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '573 patent in the Norwich Notice Letter.

151. On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '573 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

152.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XII
## Infringement of the '904 Patent

153.    Plaintiffs incorporate each of the preceding paragraphs 1 to 152 as if fully set forth herein.

154.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '904 patent, Defendants committed an act of infringement of the '904 patent under 35 U.S.C. § 271(e)(2)(A).

155.    The '904 patent claims, *inter alia*, crystalline forms of rifaximin, methods of treating bacterial activity in the gastrointestinal tract of subjects with crystalline forms of rifaximin, and medicinal preparations comprising crystalline forms of rifaximin.

156.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '904 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '904 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

157.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '904 patent.

158.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

159.    On information and belief, Defendants will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '904 patent.

160.    On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '904 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

161.    On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to the '904 patent's expiry will contribute to the direct infringement of one or more claims of the '904 patent.

162.    On information and belief, Defendants' acts will be performed with knowledge of the '904 patent and with intent to encourage infringement prior to the '904 patent's expiry.

163.    On information and belief, Defendants were aware of the existence of the '904 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '904 patent in the Norwich Notice Letter.

164.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '904 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

165.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XIII
### Infringement of the '017 Patent

166.     Plaintiffs incorporate each of the preceding paragraphs 1 to 165 as if fully set forth herein.

167.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '017 patent, Defendants committed an act of infringement of the '017 patent under 35 U.S.C. § 271(e)(2)(A).

168.     The '017 patent claims, *inter alia*, methods of treating patients having hepatic encephalopathy with rifaximin and methods of treating patients suffering from hepatic encephalopathy with rifaximin.

169.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States Norwich's ANDA Product prior to the expiration of the '017 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '017 patent under 35 U.S.C. §§ 271(b) and/or (c).

170.     On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '017 patent.

171. On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

172. On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '017 patent.

173. On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '017 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

174. On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '017 patent.

175. On information and belief, Defendants' acts will be performed with knowledge of the '017 patent and with intent to encourage infringement prior to patent expiry.

176. On information and belief, Defendants were aware of the existence of the '017 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '017 patent in the Norwich Notice Letter.

177. On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '017 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

178.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XIV
### Infringement of the '452 Patent

179.     Plaintiffs incorporate each of the preceding paragraphs 1 to 178 as if fully set forth herein.

180.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '452 patent, Defendants committed an act of infringement of the '452 patent under 35 U.S.C. § 271(e)(2)(A).

181.     The '452 patent claims, *inter alia*, crystalline forms of rifaximin and pharmaceutical compositions comprising crystalline forms of rifaximin.

182.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '452 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '452 patent under 35 U.S.C. § 271(a).

183.     On information and belief, Defendants were aware of the existence of the '452 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '452 patent in the Norwich Notice Letter.

184.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '452 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

185.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XV
## Infringement of the '231 Patent

186.    Plaintiffs incorporate each of the preceding paragraphs 1 to 185 as if fully set forth herein.

187.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '231 patent, Defendants committed an act of infringement of the '231 patent under 35 U.S.C. § 271(e)(2)(A).

188.    The '231 patent claims, *inter alia*, pharmaceutical compositions comprising crystalline forms of rifaximin.

189.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '231 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '231 patent under 35 U.S.C. § 271(a).

190.    On information and belief, Defendants were aware of the existence of the '231 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '231 patent in the Norwich Notice Letter.

191.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '231 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

192.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XVI
## Infringement of the '252 Patent

193.     Plaintiffs incorporate each of the preceding paragraphs 1 to 192 as if fully set forth herein.

194.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '252 patent, Defendants committed an act of infringement of the '252 patent under 35 U.S.C. § 271(e)(2)(A).

195.     The '252 patent claims, *inter alia*, methods of reducing the risk of overt hepatic encephalopathy recurrence in subjects with rifaximin.

196.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '252 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '252 patent under 35 U.S.C. §§ 271(b) and/or (c).

197.     On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '252 patent.

198.     On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

199.     On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '252 patent.

200.     On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '252 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

201.     On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '252 patent.

202.     On information and belief, Defendants' acts will be performed with knowledge of the '252 patent and with intent to encourage infringement prior to patent expiry.

203.     On information and belief, Defendants were aware of the existence of the '252 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '252 patent in the Norwich Notice Letter.

204.     On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '252 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

205.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

<u>COUNT XVII</u>
**Infringement of the '398 Patent**

206.     Plaintiffs incorporate each of the preceding paragraphs 1 to 205 as if fully set forth herein.

207.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '398 patent, Defendants committed an act of infringement of the '398 patent under 35 U.S.C. § 271(e)(2)(A).

208.     The '398 patent claims, *inter alia*, methods of decreasing the risk of a hepatic encephalopathy breakthrough episode with rifaximin.

209.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '398 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '398 patent under 35 U.S.C. §§ 271(b) and/or (c).

210.     On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '398 patent.

211.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

212.    On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '398 patent.

213.    On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '398 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

214.    On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '398 patent.

215.    On information and belief, Defendants' acts will be performed with knowledge of the '398 patent and with intent to encourage infringement prior to patent expiry.

216.    On information and belief, Defendants were aware of the existence of the '398 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '398 patent in the Norwich Notice Letter.

217.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '398 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

218.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XVIII
### Infringement of the '968 Patent

219.    Plaintiffs incorporate each of the preceding paragraphs 1 to 218 as if fully set forth herein.

220.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '968 patent, Defendants committed an act of infringement of the '968 patent under 35 U.S.C. § 271(e)(2)(A).

221.    The '968 patent claims, *inter alia*, pharmaceutical compositions comprising crystalline forms of rifaximin.

222.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '968 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '968 patent under 35 U.S.C. § 271(a).

223.    On information and belief, Defendants were aware of the existence of the '968 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '968 patent in the Norwich Notice Letter.

224.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '968 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

225.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XIX
### Infringement of the '195 Patent

226.     Plaintiffs incorporate each of the preceding paragraphs 1 to 225 as if fully set forth herein.

227.     By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '195 patent, Defendants committed an act of infringement of the '195 patent under 35 U.S.C. § 271(e)(2)(A).

228.     The '195 patent claims, *inter alia*, methods of reducing the risk of hepatic encephalopathy recurrence with rifaximin.

229.     Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '195 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '195 patent under 35 U.S.C. §§ 271(b) and/or (c).

230.     On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '195 patent.

231.   On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

232.   On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '195 patent.

233.   On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '195 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

234.   On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '195 patent.

235.   On information and belief, Defendants' acts will be performed with knowledge of the '195 patent and with intent to encourage infringement prior to patent expiry.

236.   On information and belief, Defendants were aware of the existence of the '195 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '195 patent in the Norwich Notice Letter.

237.   On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '195 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

238.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XX
### Infringement of the '9,828 Patent

239.    Plaintiffs incorporate each of the preceding paragraphs 1 to 238 as if fully set forth herein.

240.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '9,828 patent, Defendants committed an act of infringement of the '9,828 patent under 35 U.S.C. § 271(e)(2)(A).

241.    The '9,828 patent claims, *inter alia*, methods of reducing the risk of overt hepatic encephalopathy recurrence with rifaximin.

242.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '9,828 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '9,828 patent under 35 U.S.C. §§ 271(b) and/or (c).

243.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '9,828 patent.

244.   On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

245.   On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '9,828 patent.

246.   On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '9,828 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

247.   On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '9,828 patent.

248.   On information and belief, Defendants' acts will be performed with knowledge of the '9,828 patent and with intent to encourage infringement prior to patent expiry.

249.   On information and belief, Defendants were aware of the existence of the '9,828 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '9,828 patent in the Norwich Notice Letter.

250.   On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '9,828 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

251.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XXI
### Infringement of the '4,828 Patent

252.    Plaintiffs incorporate each of the preceding paragraphs 1 to 251 as if fully set forth herein.

253.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '4,828 patent, Defendants committed an act of infringement of the '4,828 patent under 35 U.S.C. § 271(e)(2)(A).

254.    The '4,828 patent claims, *inter alia*, methods of maintaining remission of hepatic encephalopathy with rifaximin.

255.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '4,828 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '4,828 patent under 35 U.S.C. §§ 271(b) and/or (c).

256.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '4,828 patent.

257.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

258.    On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '4,828 patent.

259.    On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '4,828 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

260.    On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '4,828 patent.

261.    On information and belief, Defendants' acts will be performed with knowledge of the 4'828 patent and with intent to encourage infringement prior to patent expiry.

262.    On information and belief, Defendants were aware of the existence of the '4,828 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '4,828 patent in the Norwich Notice Letter.

263.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '4,828 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

264.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XXII
### Infringement of the '397 Patent

265.    Plaintiffs incorporate each of the preceding paragraphs 1 to 264 as if fully set forth herein.

266.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '397 patent, Defendants committed an act of infringement of the '397 patent under 35 U.S.C. § 271(e)(2)(A).

267.    The '397 patent claims, *inter alia*, methods of reducing the risk of experiencing a breakthrough overt hepatic encephalopathy episode with rifaximin.

268.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '397 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '397 patent under 35 U.S.C. §§ 271(b) and/or (c).

269.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '397 patent.

270.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

271.    On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '397 patent.

272.    On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '397 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

273.    On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '397 patent.

274.    On information and belief, Defendants' acts will be performed with knowledge of the '397 patent and with intent to encourage infringement prior to patent expiry.

275.    On information and belief, Defendants were aware of the existence of the '397 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '397 patent in the Norwich Notice Letter.

276.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '397 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

277.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XXIII
### Infringement of the '384 Patent

278.    Plaintiffs incorporate each of the preceding paragraphs 1 to 277 as if fully set forth herein.

279.    By submitting ANDA No. 214369 to the FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product throughout the United States, including Delaware, prior to expiration of the '384 patent, Defendants committed an act of infringement of the '384 patent under 35 U.S.C. § 271(e)(2)(A).

280.    The '384 patent claims, *inter alia*, methods of treating symptoms of irritable bowel syndrome in subjects 65 years of age or older with rifaximin.

281.    Defendants' manufacture, use, sale, offer for sale, or importation into the United States of Norwich's ANDA Product prior to the expiration of the '384 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '384 patent under 35 U.S.C. §§ 271(b) and/or (c).

282.    On information and belief, Norwich's ANDA Product, if approved by the FDA, will be prescribed and administered to human patients to reduce the risk of overt hepatic encephalopathy recurrence and/or to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of claims of the '384 patent.

283.    On information and belief, these directly infringing uses will occur with Defendants' specific intent and encouragement, and will be uses that Defendants know or should know will occur.

284.    On information and belief, Defendants will actively, induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '384 patent.

285.    On information and belief, Defendants know or should know Norwich's ANDA Product will be especially made or especially adapted for use in infringing the '384 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

286.    On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '384 patent.

287.    On information and belief, Defendants' acts will be performed with knowledge of the '384 patent and with intent to encourage infringement prior to patent expiry.

288.    On information and belief, Defendants were aware of the existence of the '384 patent and its listing in the Orange Book as demonstrated by Defendants' reference to the '384 patent in the Norwich Notice Letter.

289.    On information and belief, Defendants' statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '384 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

290.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment that Defendants have infringed one or more claims of United States Patent Nos. 7,045,620;  7,612,199;  7,902,206;  7,906,542;  7,915,275;  8,158,644;  8,158,781; 8,193,196;  8,309,569;  8,518,949;  8,642,573;  8,741,904;  8,829,017;  8,835,452;  8,853,231; 8,946,252; 8,969,398; 9,271,968; 9,421,195; 9,629,828; 10,314,828; 10,335,397; and 10,456,384 by submitting ANDA No. 214369 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Norwich's ANDA Product before the expiration of the Xifaxan® patents, inclusive of any exclusivities and extensions, under 35 U.S.C. § 271(e)(2)(A);

B.    A judgment that Defendants' commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Norwich's ANDA Product will infringe one or more claims of United States Patent Nos. 7,045,620;  7,612,199;  7,902,206;  7,906,542;  7,915,275; 8,158,644;  8,158,781;  8,193,196;  8,309,569;  8,518,949;  8,642,573;  8,741,904;  8,829,017; 8,835,452;  8,853,231;  8,946,252;  8,969,398;  9,271,968;  9,421,195;  9,629,828;  10,314,828; 10,335,397; and 10,456,384 under 35 U.S.C. §§ 271(a), (b), (c), and/or (g);

C.    A judgment that United States Patent Nos. 7,045,620;  7,612,199;  7,902,206; 7,906,542;  7,915,275;  8,158,644;  8,158,781;  8,193,196;  8,309,569;  8,518,949;  8,642,573; 8,741,904;  8,829,017;  8,835,452;  8,853,231;  8,946,252;  8,969,398;  9,271,968;  9,421,195; 9,629,828; 10,314,828; 10,335,397; and 10,456,384 remain valid and enforceable;

D.     A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Defendants, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Norwich's ANDA Product prior to the expiration date of United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 7,915,275; 8,158,644; 8,158,781; 8,193,196; 8,309,569; 8,518,949; 8,642,573; 8,741,904; 8,829,017; 8,835,452; 8,853,231; 8,946,252; 8,969,398; 9,271,968; 9,421,195; 9,629,828; 10,314,828; 10,335,397; and 10,456,384, inclusive of any exclusivities and extensions;

E.     An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 214369 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 7,915,275; 8,158,644; 8,158,781; 8,193,196; 8,309,569; 8,518,949; 8,642,573; 8,741,904; 8,829,017; 8,835,452; 8,853,231; 8,946,252; 8,969,398; 9,271,968; 9,421,195; 9,629,828; 10,314,828; 10,335,397; and 10,456,384, inclusive of any exclusivities and extensions;

F.     A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorneys' fees;

G.     Costs and expenses in this action; and

H.     Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
cclark@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Shannon K. Clark
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

March 26, 2020