IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SALIX PHARMACEUTICALS, LTD.; SALIX )
PHARMACEUTICALS, INC.; BAUSCH )
HEALTH IRELAND LTD.; ALFASIGMA )
S.P.A., )
                )
            Plaintiffs, )
                )
     v. )    C.A. No. 20-430 (RGA)
                )
NORWICH PHARMACETICALS, INC.; )
ALVOGEN PB RESEARCH AND )
DEVELOPMENT LLC, )
                )
           Defendants. )

**[PROPOSED] SCHEDULING ORDER**

This 15 day of June 2020, the Court having ~~conducted~~ WAIVED an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      <u>Rule 26(a)(1) Initial Disclosures</u>.  The parties will serve their Rule 26(a)(1) Initial Disclosures on June 30, 2020.

2.      <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 12, 2021.

3.      <u>Discovery</u>.

      a.      <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before June 25, 2021.

b.     Document Production.   Document production shall be substantially complete by February 12, 2021.

c.     Requests for Admission.  A maximum of 50 requests for admission are permitted for each side.  These limitations do not apply to requests for admission directed to the authentication of documents under Federal Rule of Evidence 901 or the business record exception under Federal Rule of Evidence 803(6), subject to objections to undue burden.

d.     Interrogatories.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

e.     Depositions.

i.     Limitation on Hours for Deposition Discovery. Each side is limited to a total of 80 hours of taking testimony by fact deposition upon oral examination.  If a deponent wholly or substantially testifies through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through an interpreter.  For clarity, the hour limitations described in this paragraph do not apply to expert witnesses.

ii.     Location of Depositions. The parties shall meet and confer regarding the location of depositions, taking into account convenience for the deponent.

f.     Discovery Matters and Disputes Relating to Protective Orders.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its

position on those issues.  By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g.    Miscellaneous Discovery Matters.

i.    Production of File Histories.  Plaintiffs shall produce to Defendants the file histories for the presently asserted patents by June 30, 2020.

ii.    Core Technical Information.  Defendant Norwich Pharmaceuticals, Inc. ("Norwich") shall produce a copy of Norwich's ANDA No. 214639 pursuant to Local Rule 26.2 (or a protective order entered in this matter before June 30, 2020) by June 30, 2020.

Norwich shall produce a copy of DMFs (to the extent Defendants have custody, possession or control over the DMF).  For clarity, if Norwich is not in possession, custody, or control of the DMF, Norwich shall inform Plaintiffs of that fact and identify the DMF holder and/or supplier at the same time they produce their core technical information on June 30, 2020.

Plaintiffs shall promptly serve on Norwich requests for production of samples of Norwich's ANDA Product, and the API used in Norwich's ANDA Product, and Norwich shall,

3

subject to its objections (to the extent Norwich has custody, possession or control over such), produce reasonable quantities of samples of the ANDA product and API by the earlier of September 28 or 5 months prior to the expiration date(s) of the samples.

Plaintiffs shall produce copies of each Investigational New Drug Application ("IND") and New Drug Application ("NDA") submitted or relied on in connection with the regulatory approval of Xifaxan, 550 mg tablets, pursuant to Local Rule 26.2 (or a protective order entered in this matter before June 30, 2020) by August 18, 2020.

iii.      <u>Delaware Default Standard for Discovery Disclosures</u>.    The parties will serve their disclosures pursuant to paragraph 3 of the Delaware Default Standard  for Discovery on July 30, 2020.

iv.      <u>Reduction of Asserted Patent Clams and Prior Art Used for Anticipation or Obviousness Combinations</u>.

Plaintiffs' initial infringement contentions shall assert no more than 80 claims. Defendants' initial invalidity contentions shall assert no more than a total of 90 prior art references[1] and no more than four prior art based invalidity positions per claim. Each obviousness combination of prior art references counts as one prior art based invalidity position.

Plaintiffs' final infringement contentions shall assert no more than 40 claims. Defendants' final invalidity contentions shall assert no more than a total of 60 prior art references and no more than three prior art based invalidity positions per claim. Each obviousness combination of prior art references counts as one prior art based invalidity position.

---

[1]      A prior art reference shall mean a reference alleged to disclose one or more limitations of an asserted patent claim, and does not include documents asserted to demonstrate the scope and content of the prior art, rationales for combining references or common knowledge, or use to rebut  an alleged secondary consideration of nonobviousness.

Plaintiffs shall identify no more than 20 asserted patent claims that Plaintiffs shall present at trial by December 17, 2021. Defendants shall identify no more than 40 prior art references and no more than two prior art based invalidity positions per claim by January 5, 2022. Each obviousness combination of prior art references counts as one prior art based invalidity argument. Defendants shall also identify any additional non-prior art based invalidity positions that they will present at trial by January 5, 2022.

v.      Initial Infringement Chart. Plaintiffs shall produce to Defendants an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by September 7, 2020.

vi.      Initial Invalidity Contentions. Defendants shall produce to Plaintiffs their initial invalidity contentions for each asserted claim, as well as copies of the documents or references relied upon by October 26, 2020.

vii.      Final Infringement and Invalidity Contentions. Plaintiffs shall produce their final infringement contentions for each asserted claim by June 4, 2021. Defendants shall produce their final invalidity contentions for each asserted claim by June 18, 2021. The parties may supplement their final contentions upon good cause shown or the Court's claim construction order.

viii.      Other Litigations. There are two completed litigations that involved one or more of the patents-in-suit: *Salix Pharm., Ltd., et al. v. Actavis Labs., FL, Inc.*, C.A. No. 16-188-GMS (D. Del.) and *Salix Pharm., Ltd. et al. v. Sandoz Inc.*, C.A. No. 19-18566-MDG (D.N.J.). There is one pending litigation that involves one or more of the patents-in-suit, but which has been stayed through at least November 23, 2020: *Salix Pharm., Ltd., et al. v. Sun Pharm. Indust., Ltd.*, C.A. No. 19-734-RGA (D. Del.). Plaintiffs do not expect to institute any

further litigation involving one or more of the patents-in-suit in this or other Districts within the next year.

Defendants do not currently intend to file a petition for *inter partes* review ("IPR") of any claim of any asserted patent. Defendants reserve, however, the right to file an IPR petition at a later time.

4.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by July 10, 2020. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.  Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7.        Claim Construction Issue Identification.  On or before November 24, 2020  the parties shall exchange lists of those claim term(s)/phrase(s) that they believe need construction. The parties shall exchange their proposed constructions of those term(s)/phrase(s) with citations to intrinsic evidence no later than December 8, 2020.  These documents will not be filed with the Court. Subsequent to exchanging proposed constructions with intrinsic evidence, the parties will meet and confer no later than December 15, 2020 to prepare a Joint Claim Construction Chart to be filed no later than December 21, 2020.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

8.        Claim Construction Briefing.[2] Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on January 14, 2020.  Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on February 11, 2021.  Plaintiffs shall serve, but not

---

[2]        As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so.  The representative claims and the agreed-upon claim constructions do not count against the word limits.

file, their reply brief, not to exceed 5,000 words, on March 4, 2021. Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,500 words, on March 25, 2021. No later than March 30, 2021, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

   A.     [TERM 1][3]

      1.      Plaintiffs' Opening Position
      2.      Defendants' Answering Position
      3.      Plaintiffs' Reply Position
      4.      Defendants' Sur-Reply Position

   B.     [TERM 2]

      1.      Plaintiffs' Opening Position
      2.      Defendants' Answering Position
      3.      Plaintiffs' Reply Position
      4.      Defendants' Sur-Reply Position

Etc.   The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9.      <u>Hearing on Claim Construction</u>. Beginning at ___9___ a.m. on April _22_, 2021 the Court will hear argument on claim construction. Absent prior approval of the Court (which,

---

[3]     For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

8

if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

10.    <u>Disclosure of Expert Testimony</u>:

a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before July 22, 2021. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before September 16, 2021. Reply expert reports from the party with the initial burden of proof are due on or before October 7, 2021. To the extent objective indicia of nonobviousness are at issue in this case, Plaintiffs shall serve their expert reports on objective indicia of nonobviousness on the date responsive expert reports are due and Defendants shall provide their expert report on objective indicia of nonobviousness on the date reply reports are due. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any disputes and, when they cannot reasonably be resolved, use the Court's Discovery Dispute procedure or the complaint will be waived.

9

Along with the service of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for depositions.  Depositions of experts shall be completed on or before December 3, 2021.

  b.  Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion on January 11, 2022.  Answering briefs will be due on February 1, 2022.   Reply briefs will be due on February 16, 2022.  Briefing on such motions is subject to the page limits set out in Local Rule 7.1.3(a)(4).

11.  Case Dispositive Motions.  No case dispositive motion under Rule 56 may be filed without leave of the Court.

12.  Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.  Pretrial Conference. On [February / March] 4 , 2022, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  Thirty days prior to the date of filing of the joint proposed final pretrial order, Plaintiffs shall provide a draft pretrial order to Defendants including proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to issues on which Plaintiffs bear the burden of proof, and

Defendants shall provide to Plaintiffs the sections relating to issues on which Defendants bear the burden of proof.  Fifteen days prior to the date of filing of the joint proposed final pretrial order, the parties shall provide their responses to the sections  of the draft pretrial order  previously exchanged.  The parties shall thereafter meet and confer in good faith such  that Plaintiffs may file the pretrial order in conformity with the Local Rules.

14.    _Motions in Limine_.  Motions _in limine_ shall be separately filed, with each motion containing all the argument described below in one filing for each motion no later than the deadline to file the proposed pretrial order. Any supporting documents in connection with a motion _in limine_ shall be filed in one filing separate from the motion _in limine_.  Each party shall be limited to three _in limine_ requests, unless otherwise permitted by the Court.  The _in limine_ request and any response shall contain the authorities relied upon; each _in limine_ request may be supported by a maximum of three pages of argument served no later than thirty days before the deadline to file the proposed pretrial order.  Each _in limine_ request be opposed by a maximum of three pages of argument served no later than fifteen days before the deadline to file the proposed pretrial order.  The party making the _in limine_ request may add a maximum of one additional page in reply in support of its request served no later than eight days before the deadline to file the proposed pretrial order.  If more than one party is supporting or opposing an _in limine_ request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on _in limine_ requests unless otherwise permitted by the Court.

15.    Trial.    3 - day

This matter is scheduled for a bench trial beginning at 8:30 a.m. on March 21, 2022, with subsequent trial days beginning at 8:30 am and ending at 5:00 pm.  The trial will be timed,

and counsel will be allocated a total number of hours in which to present their respective cases. ~~The Court will hold a status conference with counsel on January ___, 2022 to discuss the length and format of the trial. No later than 48 hours before that status~~ conference, the parties shall ~~submit a joint letter reflecting their~~ joint or competing proposals with respect to the length and format of the trial.

16.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE

12