IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACETICALS, INC.; ALVOGEN PB RESEARCH AND DEVELOPMENT LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 20-430 (RGA) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATION AND [PROPOSED] ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT ALVOGEN PB RESEARCH AND DEVELOPMENT LLC**

This stipulation is made by and between Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.P.A. (collectively, "Plaintiffs") and Defendants Alvogen PB Research and Development LLC ("Alvogen PB R&D") and Norwich Pharmaceuticals, Inc. ("Norwich") (collectively, "Defendants").

WHEREAS, Plaintiffs filed suit against Defendants in the above-captioned case ("the Action");

WHEREAS, Alvogen PB R&D maintains that it is not a proper defendant in the Action;

WHEREAS, Plaintiffs disagree with Alvogen PB R&D's stated position;

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that the parties wish to avoid by entering into this Stipulation;

WHEREAS, Plaintiffs are willing to dismiss its claims in the Action against Alvogen PB R&D, without prejudice, so long as Alvogen PB R&D agrees to be bound by any judgment, order, injunction, or decision entered in the Action concerning Norwich's Abbreviated New

Drug Application No. 214369 ("Norwich ANDA") and commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of the rifaximin 550 mg tablets described therein, and participates in certain discovery activities without the need to serve a third party subpoena;

WHEREAS, Defendants are agreeable to these conditions as specifically set forth below.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, subject to the approval of the Court, as follows:

1. Alvogen PB R&D agrees to be bound by any judgment, order, injunction, or decision rendered as to Norwich in the Action (including appeals). Nothing in this Stipulation shall prevent, however, Alvogen PB R&D from raising a noninfringement, invalidity, or unenforceability defense to any claim of any asserted patent in connection with any product that is not described in the Norwich ANDA.

2. Alvogen PB R&D agrees that, subject to the terms of Paragraph 1 of this Stipulation, it will not contest personal jurisdiction in this Court for the limited purposes of enforcing any such judgment, order, injunction, or decision entered in the Action or the terms of this Stipulation.

3. Alvogen PB R&D agrees that, to the extent it has in its possession, custody, or control information or materials that (i) are not in the possession, custody, or control of Defendant Norwich, and (ii) would be properly discoverable were it to remain a party to the Action ("Discovery"), Alvogen PB R&D will search for and produce such Discovery in response to discovery requests propounded on Norwich without the need to serve a third party subpoena, subject to any objections and/or defenses that Alvogen PB R&D may have had if it had remained a party to the Action.

4. Plaintiffs may depose employees of Alvogen PB R&D by serving deposition notices on Norwich to the same extent as if Alvogen PB R&D had remained a party to the Action, without need for (a) service of subpoenas or (b) if located outside the United States, adherence to the procedures of the Hague Convention or other methods of foreign service. Alvogen PB R&D reserves the right to object to such depositions to the same extent as if it had remained a party to the Action. For avoidance of doubt, any deposition of an employee of Alvogen PB R&D shall count against any limits on depositions or deposition time entered by the Court or otherwise stipulated to by the parties, as if Alvogen PB R&D had remained a party to the Action.

5. Norwich will also accept Rule 30(b)(6) deposition notices containing topics directed to information about the Norwich ANDA and the rifaximin 550 mg tablets described therein that may be held by Alvogen PB R&D, and Norwich shall reasonably investigate such information as necessary and consistent with Rule 30(b)(6).

6. Alvogen PB R&D, Norwich, and Plaintiffs submit and consent to the jurisdiction of this Court for the limited purposes of enforcing this Stipulation, and to adjudicate or resolve any disputes regarding its interpretation, application, or requirements.

7. The terms of this Stipulation are made without prejudice to the respective positions of the parties with respect to whether Alvogen PB R&D is a proper defendant in the Action.

8. This Stipulation does not constitute a waiver of any objection or defense, or any privilege or immunity from the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other

applicable authority, except that Alvogen PB R&D shall not object to requests for Discovery on the basis that such requests impose undue burden or expense for a nonparty.

9. Subject to the foregoing, the parties hereby agree to dismissal without prejudice of all claims against Alvogen PB R&D pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

10. The caption of the Action should be amended as follows to remove Alvogen PB R&D:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., BAUSCH HEALTH IRELAND LTD., ALFASIGMA S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 20-430 (RGA) |

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Cameron Clark* | */s/ Karen E. Keller* |
| Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Cameron Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>kjacobs@mnat.com<br>cclark@mnat.com | Karen E. Keller (#4489)<br>David M. Fry (#5486)<br>1105 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0702<br>kkeller@shawkeller.com<br>dfry@shawkeller.com |
| OF COUNSEL:<br><br>Scott K. Reed<br>Steven C. Kline<br>Shannon K. Clark<br>VENABLE LLP<br>1290 Avenue of the Americas<br>New York, NY 10104-3800<br>(212) 218-2100 | OF COUNSEL:<br><br>Matthew J. Becker<br>Matthew S. Murphy<br>AXINN, VELTROP & HARKRIDER LLP<br>90 State House Square<br>Hartford, CT 06103<br>(860) 275-8100<br><br>*Attorneys for Defendants Norwich Pharmaceuticals, Inc. and Alvogen PB Research and Development LLC* |
| *Attorneys for Plaintiff Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.P.A.* | |

July 7, 2020

    SO ORDERED this _____ day of July, 2020.

 

                                                      United States District Judge