IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 20-430 (RGA) |
| NORWICH PHARMACEUTICALS, INC., | ) ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) | |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM
KAREN JACOBS IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

Becky E. Steephenson
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5598

Original Filing Date: August 27, 2021
Redacted Filing Date: September 17, 2021

Dear Judge Andrews,

We write on behalf of Plaintiffs in opposition to Defendant Norwich Pharmaceuticals, Inc.'s ("Norwich") August 25, 2021 letter seeking to strike paragraphs 41, 46-62, and 74 of Dr. Taft's opening expert report (the "Taft Report"), and his opinions related thereto.

Norwich's motion should be denied for two reasons.  First, Plaintiffs' '542 patent infringement theory is not new or untimely; the Taft Report expands on Plaintiffs' previously-disclosed theory (*see* **Norwich Ex. 1**, at ¶¶ 63-75; **Norwich Ex. 3**, at 22), making this situation different than the cases on which Norwich relies (*TQ Delta, LLC v. Adtran, Inc.*, 2020 WL4529865, at *1-3 (D. Del. Jul. 31, 2020) (striking doctrine of equivalents arguments first raised in reply expert report); *ViaTech Techs., Inc. v. Microsoft Corp.*, 2021 WL 663057, at *1-5 (D. Del. Feb. 19, 2021) (striking doctrine of equivalents arguments first raised in opening expert report; striking infringement claim based on third-party documents not cited in the infringement contentions)).  Plaintiffs' '542 patent infringement theory is and always has been based on the ██████████████████████████████████████████████████████████████ (*e.g.*, NPI_RIFAX_00000015-16, 230-32 (**Ex. A**)).  These studies are ████████████████ ████████████████████████████████.  Current FDA guidance allows a generic manufacturer of rifaximin 550 mg tablets to establish bioequivalence to the reference listed drug (Xifaxan® 550 mg) based on the bioequivalence studies of its 200 mg tablet. (**Ex. B**, at 1-2). And these ███████████████████████████████████████████████████ will result in (i) a ████ and (ii) a ████████████████ of less than about 1.1 ng/mL. (**Norwich Ex. 3**, at 22).

Plaintiffs' infringement theory explained above has always been based on the understanding that the results of Norwich's ███████████████████████████████████████████████████████████████████ since establishing bioequivalence of Norwich's 550 mg ANDA Product to Plaintiffs' Xifaxan® 550 mg product is necessary for FDA approval of Norwich's 550 mg ANDA Product. (**Ex. A**).  And Norwich did not dispute this theory in response to Interrogatory No. 9 asking for Norwich's non-infringement contentions (**Ex. C**, at 2), in either its November 6, 2020 original response (**Ex. D**, at 20-21) or its June 25, 2021 supplemental response (**Ex. E**, at 38-39).  Indeed, Plaintiffs only learned for the first time during the testimony of Norwich's 30(b)(6) witness, Dr. Fackler, on June 22, 2021 (after Final Infringement Contentions were served and a month before expert reports were then due) that Norwich contended the ████████████████████████████████████████████████ (*see* **Ex. F**, at 96:9-24; 139:19 – 140:18).  Furthermore, Norwich did not produce these studies in full until June 15, 2021, eleven days *after* Plaintiffs served their final contentions.  It was these late disclosures that necessitated Plaintiffs to explain, through Dr. Taft's expert report, why these ██████████████████████████████

This is not a new theory, but an elaboration on Plaintiffs' already-disclosed reliance on that study. *E.g.*, *TQ Delta, LLC v. ADTRAN, Inc.*, 2021 WL 3633637, at *2-3 (D. Del. Aug. 17, 2021) ("*ADTRAN I*") (permitting expansion in expert reports on a theory "not completely fleshed out" in contentions and discovery responses); *Acceleration Bay LLC et al. v. Activision Blizzard, Inc. et al.*, 2017 WL 11517421, at *2-3 (D. Del. Nov. 7, 2017) (permitting support in expert reports of "broad theories" disclosed in contentions). *See also TQ Delta, LLC v. ADTRAN, Inc.*, 2021 WL

The Honorable Richard G. Andrews                                                                 Page 2
August 27, 2021

3728919, at *3-4 (D. Del. Aug. 23, 2021) ("*ADTRAN II")* (permitting expansion in expert reports on a theory in contentions that "could have been more specifically detailed").

Second, even if the Court were to find that the infringement theory was new, the *Pennypack* factors weigh against exclusion. *See, e.g., ADTRAN I,* at *1-3 (denying motion to strike new infringement theories); *ADTRAN II*, at *1-4 (denying motion to strike new contentions); *TQ Delta, LLC v. 2Wire, Inc.*, 2021 WL 3525234, at *1-3 (D. Del. Aug. 11, 2021) ("*2Wire*") (declining to exclude plaintiff's late-served surreply expert report).

## Factor 1 – the prejudice or surprise to the party against whom the evidence is offered

There is no unfair surprise or prejudice to Norwich. First and foremost, Plaintiffs disclosed their infringement theory pursuant to this Court's Scheduling Order (D.I. 23). Second, as explained above, Norwich did not reveal until after final contentions were served its surprising new non-infringement position. So Norwich should not be surprised that Plaintiffs would need to explain that the pharmacokinetic studies of Norwich's ████████████████████████████████ ████████████████████████████████████████

Third, Norwich is not prejudiced because Plaintiffs produced with the Taft Report the copy of the 2020 Xifaxan Citizen Petition upon which Dr. Taft relies (and which discusses the results of the RFPK1013 study that Norwich alleges it was prejudiced by not receiving). In addition, Plaintiffs understand that Norwich already obtained a copy of the same through a Freedom of Information Act (FOIA) request. Thus, Norwich's position that "Plaintiffs' new theory is based on information that only Plaintiffs possessed" is simply incorrect. Further, Norwich's request to strike is overly broad given that paragraphs 46-60 contain information (*i.e.*, information regarding other pharmacokinetic studies of Xifaxan®) that was produced to Norwich in August 2020.

## Factors 2 & 3 – the possibility of curing the prejudice and the potential disruption of an orderly and efficient trial

Any prejudice Norwich purports to have suffered is curable without disrupting or delaying the trial schedule. Norwich has the opportunities to (1) respond to the facts and opinions expressed in the Taft Report in its own rebuttal expert reports and (2) depose Dr. Taft about his opinions, both without disrupting the case schedule (trial is on March 21-23, 2022, seven months from now). *See, e.g.*, *2Wire*, at *2; *Acceleration Bay v. Activision Blizzard Inc.*, 2019 WL 4194060, at *8 (D. Del. Sept. 4, 2019). Norwich received the Taft Report on August 2, 2021 pursuant to the Scheduling Order, a deadline which, on Norwich's request, was extended by eleven days (D.I. 113). Rebuttal expert reports are not due until September 27, 2021 and the expert deposition deadline is not until December 3, 2021, *four months* after Norwich received the Taft Report.

Norwich already has all the information it needs to provide a response to the opinions expressed in Dr. Taft's report. Plaintiffs have produced a copy of the 2020 Citizen Petition on which Dr. Taft relied, and which Plaintiffs understand Norwich already obtained through a FOIA request. And Plaintiffs offered to discuss production of an unredacted copy of the 2020 Citizen Petition on an outside counsel/attorneys' eyes only basis (**Norwich Ex. 2**, at 5-6), to which Norwich has not responded (or even acknowledged). In an effort to resolve this dispute, Plaintiffs also produced on August 13, 2021 the full clinical study report for RFPK1013, which Dr. Taft

The Honorable Richard G. Andrews                                                                  Page 3
August 27, 2021

himself has neither received nor relied on for his opinions. Further, in response to Norwich's
request during the August 16, 2021 meet and confer that Plaintiffs confirm all pharmacokinetic
studies of Xifaxan® have been produced, Plaintiffs searched for and produced on August 19, 2021
documents related to RFPK1013 ███████████████████████ (again, none of which
Dr. Taft has received or relied upon). (**Norwich Ex. 2**, at 2, 3-4).

Norwich's laundry list of discovery it alleges it "would have taken" ignores that Norwich
not only has what Dr. Taft relied upon, but far more in light of Plaintiffs' good faith attempts to
address Norwich's concerns. Notably, Norwich speaks in generalities and does not explain how
any discovery it claims not to have would actually be relevant to either its non-infringement or
invalidity positions. Rather, Norwich seems to be using this dispute to raise questions generally
about whether Plaintiffs met their discovery obligations or obstructed Norwich's attempts to take
discovery. The Xifaxan® ███████████████████████████████████████████
have been in Norwich's possession since August 2020. And Plaintiffs did not "block" Norwich's
discovery into the polymorphic profile of Xifaxan® nor did Norwich's counsel ask follow-up
questions to get information on the topic, all of which is plain from the Rule 30(b)(6) testimony
Norwich cites. (**Norwich Ex. 4**, at 200:9-201:15). Regardless, Norwich's tangent from the
question of whether any prejudice has been or can be cured is improper at this stage in the
litigation. *See, e.g., S-Line, LLC v. B2B Supply and Jerrell P. Squyres*, Case No. 3:14-cv-2294-
M, D.I. 122, at *1-8 (N.D. Tex. Dec. 4, 2015).

**Factor 4** – the presence of bad faith or willfulness in failing to disclose the evidence

Plaintiffs did not act willfully or in bad faith. First, Plaintiffs produced copies of each
Investigational New Drug ("IND") Application and New Drug Application *submitted or relied on
in connection with the regulatory approval* of Xifaxan® 550 mg tablets by August 18, 2020
pursuant to the Scheduling Order. The RFPK1013 study occurred years after approval of Xifaxan®
550 mg tablets as part of a *post-approval* process. Second, as explained above, the importance of
the 2020 Citizen Petition and the portions of RFPK1013 discussed therein did not become apparent
until Plaintiffs reviewed Norwich's bioequivalence studies and Dr. Fackler's testimony regarding
these studies with Dr. Taft. It is not bad faith to respond to a belated non-infringement theory in
an opening expert report.

**Factor 5** – the importance of the information withheld

The facts and opinions expressed in paragraphs 41, 46-62, and 74 of the Taft Report
provide important evidence in support of Plaintiff's infringement theory, should Norwich be
permitted to advance its new non-infringement theory. "[E]xclusion of [this] critical evidence is
an 'extreme' sanction" that is not warranted in this situation where the importance of the
information discussed in Plaintiffs' *opening* expert's report only became apparent when an
undisclosed non-infringement position came to light in deposition testimony. *See, e.g.*, *2Wire*, at
*1, 3 (internal citation omitted); *ADTRAN I*, at *1; *ADTRAN II*, at *1, 4. *Cf.* Norwich's cited case
*Intellectual Ventures I LLC v. AT&T Mobility LLC*, 2017 WL 658469, at *2 (D. Del. Feb. 14,
2017) (striking contentions that failed to apply court's claim construction; striking contentions that
introduced doctrine of equivalents theories; striking portions of expert report discussing an
infringement theory that was previously introduced but with respect to another claim or claim
limitation).

The Honorable Richard G. Andrews                                                    Page 4
August 27, 2021

Respectfully submitted,

/s/ Karen Jacobs

Karen Jacobs (#2881)

KJ/cmk
cc:      Counsel of Record (by CM/ECF and email)