IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SALIX PHARMACEUTICALS, LTD.; SALIX          )
PHARMACEUTICALS, INC.; BAUSCH               )
HEALTH IRELAND LTD.; ALFASIGMA S.P.A.,      )
                                            )
                  Plaintiffs,               )
                                            )
           v.                               )
                                            )     C.A. No. 20-430 (RGA)
NORWICH PHARMACEUTICALS, INC.,              )
                                            )
                  Defendant.                )
                                            )

**[PROPOSED] JOINT PRETRIAL ORDER**

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
SReed@venable.com
SCKline@venable.com
SKClark@venable.com
DApgar@venable.com
AMMcjoynt@venable.com

Damien N. Dombrowski
Becky E. Steephenson
VENABLE  LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500
DDombrowski@venable.com
BESteephenson@venable.com

*Attorneys for Plaintiffs*
*Salix Pharmaceuticals, Ltd.,*
*Salix Pharmaceuticals, Inc.,*
*Bausch Health Ireland Ltd., and*
*Alfasigma S.p.A.*

March 8, 2022

Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
SHAW KELLER LLP
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
kkeller@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:

Matthew J. Becker
Chad A. Landmon
Stacie L. Ropka
Matthew S. Murphy
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 275-8100
mbecker@axinn.com
clandmon@axinn.com
sropka@axinn.com
mmurphy@axinn.com
rclegg@axinn.com

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 469-3503
aburgy@axinn.com

*Attorneys for Defendants Norwich*
*Pharmaceuticals, Inc.*

# TABLE OF CONTENTS

I.      NATURE OF THE ACTION AND PLEADINGS ................................................1

II.     JURISDICTION, VENUE, AND STANDING...................................................7

III.    STIPULATED FACTS ..................................................................................7

IV.     ISSUES OF FACT THAT REMAIN TO BE LITIGATED................................7

V.      ISSUES OF LAW THAT REMAIN TO BE LITIGATED ................................8

VI.     TRIAL EXHIBITS......................................................................................8

VII.    WITNESSES..............................................................................................11

VIII.   TRIAL DISCLOSURES ..............................................................................13

IX.     BRIEF STATEMENT OF INTENDED PROOFS ...........................................19

X.      CERTIFICATION OF SETTLEMENT DISCUSSIONS...................................19

XI.     MISCELLANEOUS ISSUES .......................................................................19

        A.      Amendments of the Pleadings ...........................................................19

        B.      Damages........................................................................................19

        C.      Expected Duration and Scope of Trial................................................19

        D.      Type of Trial ..................................................................................20

        E.      Order of Proofs ..............................................................................20

        F.      Additional Matters ..........................................................................21

                1.      Procedures Related to Order of Proofs .....................................21

                2.      COVID-19/Health Protocols...................................................22

XII.    LIST OF ASSERTED CLAIMS AND ASSERTED DEFENSES ...................22

XIII.   ORDER TO CONTROL COURSE OF ACTION............................................23

I.      **NATURE OF THE ACTION AND PLEADINGS**

1.      This is a patent infringement case arising under the patent laws of the United States, Title 35, Section 271, based on Defendant Norwich Pharmaceuticals, Inc.'s ("Norwich") filing of an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration ("FDA") seeking to commercially manufacture, use, and sell in the United States generic rifaximin 550 mg tablets indicated to (i) reduce the risk of overt hepatic encephalopathy ("HE") recurrence in adults and (ii) treat irritable bowel syndrome with diarrhea ("IBS-D") in adults, as detailed below (the "Action").

2.      Plaintiffs are Salix Pharmaceuticals, Ltd. and Salix Pharmaceuticals, Inc. (collectively, "Salix"), Bausch Health Ireland Ltd. ("Bausch"), and Alfasigma S.p.A. ("Alfasigma") (collectively, "Plaintiffs").  Plaintiffs are represented by Scott K. Reed, Steven C. Kline, Shannon K. Clark, Damien N. Dombrowski, Daniel A. Apgar, Alexis M. McJoynt, and Becky E. Steephenson of Venable LLP, and Jack B. Blumenfeld, Karen Jacobs, and Cameron P. Clark of Morris, Nichols, Arsht, & Tunnel LLP.

3.      Defendant Norwich is represented by Matthew J. Becker, Chad A. Landmon, Stacie L. Ropka, Aziz Burgy, Matthew S. Murphy, and Rebecca L. Clegg of Axinn, Veltrop & Harkrider LLP and Karen E. Keller of Shaw Keller LLP.

4.      Salix Pharmaceuticals, Inc. holds approved NDA No. 021361 for Xifaxan® (rifaximin) tablets for oral administration (200 mg and 550 mg dosage strengths), which contain the active ingredient rifaximin ($2S,16Z,18E,20S,21S,22R,23R,24R,25S,26S,27S,28E$)-5,6,21,23,25-pentahydroxy-27-methoxy-2,4,11,16,20,22,24,26-octamethyl-2,7-(epoxypentadeca-[1,11,13]trienimino)benzofuro[4,5-e]pyrido[1,2-á]-benzimidazole-1,15($2H$)-dione,25-acetate). Xifaxan® (rifaximin) 200 mg tablets were approved by the FDA on May 25, 2004 for the treatment of travelers' diarrhea in adults and pediatric patients 12 years of age and older caused by

noninvasive strains of *Escherichia coli*. Xifaxan® (rifaximin) 550 mg tablets were approved by the FDA on March 24, 2010 for the reduction in risk of overt HE recurrence in adults and on May 27, 2015 for the treatment of IBS-D in adults.

5.     United States Patent Nos. 7,045,620 (the "'620 Patent"); 7,612,199 (the "'199 Patent"); 7,902,206 (the "'206 Patent"); 7,906,542 (the "'542 Patent"); 7,915,275 (the "'275 Patent"); 8,158,644 (the "'644 Patent"); 8,158,781 (the "'781 Patent"); 8,193,196 (the "'196 Patent"); 8,309,569 (the "'569 Patent"); 8,518,949 (the "'949 Patent"); 8,642,573 (the "'573 Patent"); 8,741,904 (the "'904 Patent"); 8,829,017 (the "'017 Patent"); 8,835,452 (the "'452 Patent"); 8,853,231 (the "'231 Patent"); 8,946,252 (the "'252 Patent"); 8,969,398 (the "'398 Patent"); 9,271,968 (the "'968 Patent"); 9,421,195 (the "'195 Patent"); 9,629,828 (the "'9,828 Patent"); 10,314,828 (the "'4,828 Patent"); 10,335,397 (the "'397 Patent"); 10,456,384 (the "'384 Patent"); 10,703,763 (the "'763 Patent"); 10,709,694 (the "'694 Patent"); and 10,765,667 (the "'667 Patent") (collectively, the "Xifaxan® Patents") are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Xifaxan® (rifaximin) 550 mg tablets.

6.     Pursuant to paragraph 3(g)(iv) of the Court's Scheduling Order (D.I. 23), only certain claims of the '620, '199, and '206 Patents (collectively, the "Polymorph Patents"); the '569 and '667 Patents (collectively, the "IBS-D Patents"); and the '573, '195, and '397 Patents (collectively, the "HE Patents")[1] remain asserted against Norwich.[2]

---

[1] Collectively, the Polymorph Patents, the IBS-D Patents, and the HE Patents make up the "Asserted Patents."

[2] *See* Section XII of this Order for a complete list of the claims ("Asserted Claims") and defenses that remain asserted in this Action.

7.      Plaintiff Alfasigma is the owner of the '620 Patent, which issued on May 16, 2006 and claims, *inter alia*, "purified" crystalline forms of rifaximin.

8.      Plaintiff Alfasigma is also the owner of the '199 Patent, which issued on November 3, 2009 and claims, *inter alia*, crystalline forms of rifaximin.

9.      Plaintiff Alfasigma is also the owner of the '206 Patent, which issued on March 8, 2011 and claims, *inter alia*, solid pharmaceutical compositions comprising crystalline forms of rifaximin.

10.     Plaintiff Salix Pharmaceuticals, Inc. is the owner of the '569 Patent, which issued on November 13, 2012 and claims, *inter alia*, a method of providing acute treatment for IBS-D by administering rifaximin that results in a durability of response comprising about 12 weeks of adequate relief of symptoms after removal from treatment.

11.     Plaintiff Salix Pharmaceuticals, Inc. is also the owner of the '573 Patent, which issued on February 4, 2014 and claims, *inter alia*, methods of maintaining remission of HE with rifaximin.

12.     Plaintiff Salix Pharmaceuticals, Inc. is also the owner of the '195 Patent, which issued on August 23, 2016 and claims, *inter alia*, methods of reducing the risk of HE recurrence with rifaximin.

13.     Plaintiff Salix Pharmaceuticals, Inc. is also the owner of the '397 Patent, which issued on July 2, 2019 and claims, *inter alia*, methods of reducing the risk of experiencing a breakthrough overt HE episode with rifaximin.

14.     Plaintiff Salix Pharmaceuticals, Inc., is also the owner of the '667 Patent, which issued on September 8, 2020 and claims, *inter alia*, a method of treating symptoms of IBS-D with rifaximin in subjects 65 years of age or older.

15.     Plaintiff Bausch is the exclusive licensee in the United States to the Xifaxan®
Patents and has the right to sue for infringement of the Xifaxan® Patents in the United States.

16.     Plaintiff Salix Pharmaceuticals, Inc. is the sole distributor in the United States of
Xifaxan® (rifaximin) tablets.

17.     On December 20, 2019, Norwich filed ANDA No. 214369 (the "Norwich ANDA")
with the FDA seeking approval to engage in the commercial manufacture, use and sale in the
United States of 550 mg rifaximin tablets ("Norwich's ANDA Product").  Norwich seeks final
approval for the indications of (i) reduction in risk of overt HE recurrence in adults and (ii)
treatment of IBS-D in adults.

18.     Plaintiffs received a letter dated February 14, 2020 from Alvogen PB Research and
Development LLC ("Alvogen"), acting as the regulatory agent for Norwich, notifying Plaintiffs
that Norwich had submitted the Norwich ANDA seeking approval to commercially manufacture,
use, and/or sell in the United States Norwich's ANDA Product, and advising Plaintiffs that the
ANDA included Paragraph IV certifications for the '620, '199, '206, '542, '275, '644, '781, '196,
'569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384
Patents.

19.     On March 26, 2020, Plaintiffs filed a Complaint against Norwich and Alvogen
alleging: that the filing of the Norwich ANDA seeking approval to commercially manufacture,
use, and/or sell in the United States Norwich's ANDA Product prior to the expiration of the '620,
'199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968,
'195, '9,828, '4,828, '397, and '384 Patents constitutes an act of infringement; that the commercial
manufacture, use, offer for sale, sale in the United States, and/or importation into the United States
of Norwich's ANDA Product prior to the expiration of the '620, '199, '206, '542, '275, '644, '781,

'196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents constitutes an act of infringement; and that the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents remain valid and enforceable.  (D.I. 1).  As mentioned in Paragraph 23 below, Alvogen has since been dismissed without prejudice as a party in this proceeding.

20.     On June 1, 2020, Alvogen filed its Answer, denying infringement of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents and alleging that the claims of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents are invalid.  Alvogen did not assert counterclaims.  (D.I. 12).

21.     On June 1, 2020, Norwich filed its Answer, denying infringement of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents and alleging that the claims of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents are invalid.  Norwich asserted counterclaims seeking declaratory judgments that the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents are invalid and that the claims of the '620, '199, '206, '542, '275, '644, '781, '196, '569, '949, '573, '904, '017, '452, '231, '252, '398, '968, '195, '9,828, '4,828, '397, and '384 Patents would not be infringed by the commercial manufacture, use, offer for sale, sale in the United States, or importation into the United States of Norwich's ANDA Product.  (D.I. 14).

22.     On June 22, 2020, Plaintiffs filed their Answer to Norwich's Counterclaims.  (D.I. 25).

23.     On July 7, 2020, Plaintiffs, Norwich, and Alvogen filed a stipulation to dismiss Alvogen without prejudice in this Action, wherein Alvogen agreed to be bound by any judgment, order, injunction, or decision rendered as to Norwich in this Action (including appeals), (D.I. 31), which the Court ordered on July 8, 2020, (D.I. 32).

24.     Salix listed the '763 patent in the Orange Book on July 14, 2020.

25.     Salix listed the '694 patent in the Orange Book on July 23, 2020.

26.     Plaintiffs received a letter dated October 6, 2020 from Alvogen notifying Plaintiffs that Norwich had amended its ANDA to include a Paragraph IV certification for the '763 and '694 Patents.

27.     Salix listed the '667 patent in the Orange Book on October 19, 2020.

28.     Plaintiffs received a letter dated November 16, 2020 from Alvogen notifying Plaintiffs that Norwich had amended its ANDA to include a Paragraph IV certification for the '667 Patent.

29.     On November 13, 2020, Plaintiffs filed an Amended Complaint, adding counts of infringement of the '763, '694, and '667 Patents against Norwich, alleging: that the filing of its ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale in the United States of Norwich's ANDA Product prior to the expiration of the '763, '694, and '667 Patents constitutes an act of infringement; that the commercial manufacture, use, offer for sale, sale in the United States, and/or importation into the United States of Norwich's ANDA Product prior to the expiration of the '763, '694, and '667 Patents constitutes an act of infringement; and that the '763, '694, and '667 Patents remain valid and enforceable.  (D.I. 59).

30.     On November 30, 2020, Norwich filed its Answer to Plaintiffs' First Amended Complaint denying infringement of the '763, '694, and '667 Patents and alleging that the claims

of the '763, '694, and '667 Patents are invalid.   Norwich asserted counterclaims seeking declaratory judgments that the '763, '694, and '667 Patents are invalid and that the claims of the '763, '694, and '667 Patents would not be infringed by the commercial manufacture, use, offer for sale, sale in the United States, or importation into the United States of Norwich's ANDA Product. (D.I. 65).

31.     On December 21, 2020, Plaintiffs filed their Answer to Norwich's Counterclaims in response to Plaintiffs' First Amended Complaint. (D.I. 68).

## II.    JURISDICTION, VENUE, AND STANDING

32.     This Action arises under the patent laws of the United States of America.   This Court has jurisdiction over the subject matter of this Action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

33.     For the purposes of this Action, no party contests personal jurisdiction in this Court.

34.     For the purposes of this Action, no party contests venue in this Court.

35.     For the purposes of this Action, no party contests the other party's standing to pursue their claims or counterclaims in this Action.

## III.   STIPULATED FACTS

36.     The parties stipulate to the facts listed in the joint statement of uncontested facts attached as **Exhibit 1**.   These stipulated facts require no proof at trial and will become part of the evidentiary record in this Action.

## IV.   ISSUES OF FACT THAT REMAIN TO BE LITIGATED

37.     Plaintiffs' statement of issues of fact that remain to be litigated is attached as **Exhibit 2**.

38.     Norwich's statement of issues of fact that remain to be litigated is attached as **Exhibit 3**.

39.     If any statement in a party's statement of issues of fact that remain to be litigated should properly be considered an issue of law, then such statement shall be so considered as an issue of law.

## V.     ISSUES OF LAW THAT REMAIN TO BE LITIGATED

40.     Plaintiffs' statement of issues of law that remain to be litigated is attached as **Exhibit 4**.

41.     Norwich's statement of issues of law that remain to be litigated is attached as **Exhibit 5**.

42.     If any statement in a party's statement of issues of law that remain to be litigated should properly be considered an issue of fact, then such statement shall be so considered as an issue of fact.

## VI.     TRIAL EXHIBITS

43.     The list of pre-marked trial exhibits that may be offered by Plaintiffs, including Norwich's objections thereto, is attached as **Exhibit 6**.  Plaintiffs' trial exhibits will be identified with PTX numbers.

44.     The list of pre-marked trial exhibits that may be offered by Norwich, including Plaintiffs' objections thereto, is attached as **Exhibit 7**.  Norwich's trial exhibits will be identified with DTX numbers.

45.     The joint list of pre-marked trial exhibits that may be offered by any party is attached as **Exhibit 8**.  The parties' joint trial exhibits will be identified by JTX numbers.

46.     Plaintiffs and Norwich reserve the right to offer exhibits set forth on the other

party's exhibit list, even if not set forth on their own exhibit list, except that the offering party reserves the right to raise objections to the use of the exhibit by the opposing party.  All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the objecting party's exhibit list.  The parties shall not remove a document once it has been added to the party's exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

47.     The parties' trial exhibit lists comprise the entire universe of exhibits that may be admitted into evidence at trial, absent agreement of the parties or for good cause shown. Notwithstanding the foregoing, each party reserves the right to amend or supplement their list with a reasonable number of exhibits prior to the Pretrial Conference, provided such exhibits are promptly identified.  Exhibits to be used solely for impeachment need not be included on the lists of trial exhibits.

48.     Demonstrative exhibits need not be included in the parties' exhibit lists but shall identify the trial exhibit numbers of the exhibits referenced therein.  Plaintiffs' demonstrative exhibits will be identified with PDX numbers.  Norwich's demonstrative exhibits will be identified with DDX numbers.

49.     Except as otherwise set forth herein, all documents including Rule 1006 exhibits must be included on a trial exhibit list to be admitted into evidence.

50.     Absent agreement of the parties or order of the Court, no exhibit will be admitted unless offered into evidence through a witness, including through deposition, who must at least be shown the exhibit or have summarized the exhibit(s) in a demonstrative exhibit.

51.     Exhibits to which no objection has been made that are offered into evidence at trial are thereby received into evidence by operation of this Joint Pretrial Order, without any need for

further foundation testimony, provided they are used with a witness whether appearing live or by deposition.  Any exhibit, once admitted, may be used equally by each party for any proper purpose, subject to objections made, in accordance with the Federal Rules of Evidence.

52.     Any trial exhibit that was produced in discovery in this Action by a party or non-party and that on its face appears to have been authored by an employee, officer, or agent of the party or non-party that produced such document in this Action, will be deemed to be a true and correct copy of a document maintained in that producing party's/non-party's files as of the date of the party's/non-party's document collection under Federal Rule of Evidence 901, and will be deemed a business record within the meaning of Federal Rule of Evidence 803(6).  No foundation need be laid for the authenticity or business record status of such documents at trial.  For clarity, this provision does not obviate the need to otherwise lay the proper foundation for admissibility of a document or of testimony about that document (*e.g.*, relevance or personal knowledge of a fact witness).  This provision also does not obviate the need to establish the date of any document and does not obviate Norwich's burden to establish that any asserted document or reference qualifies as prior art under 35 U.S.C. § 102.  The parties reserve the right to object to the introduction into evidence of the documents and files referenced in this provision (in whole or in part) on all other grounds.

53.     Legible copies of documents may be offered and received in evidence to the same extent as an original.  The parties may substitute pre-marked exhibits identified in Exhibits 6-8 with color copies and/or more legible versions provided that the content and text is identical to that which was previously identified in Exhibits 6-8 and previously exchanged among the parties in preparing this Joint Pretrial Order.  For particularly voluminous documents (*e.g*., patent application file histories, New Drug Applications, Abbreviated New Drug Applications, and Drug Master

Files), the parties may use excerpts of documents identified on their exhibit lists, provided: (i) such excerpts are disclosed in accordance with the procedures set forth below, in Section VIII; and (ii) the other party is permitted to add a reasonable number of pages to the intended excerpt necessary to provide adequate context for the intended excerpt or for purposes of completeness.

54.      Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with two copies of binders containing all exhibits and demonstrative exhibits that they intend to use with that witness on direct examination and will provide all required copies to the Court.  The parties agree that this provision does not require the advanced disclosure of exhibits to be used on cross-examination of any witness; however, the party conducting the cross-examination will provide the other party with two copies of all exhibits used with a witness on cross-examination and will provide all required copies to the Court.

## VII.    WITNESSES

55.      Plaintiffs' list of witnesses they may call live at trial or by deposition, along with Norwich's objections thereto, is attached as **Exhibit 9**, and **Exhibit 17** provides Plaintiffs' experts' CVs.

56.      Norwich's list of witnesses it may call live at trial or by deposition, along with Plaintiffs' objections thereto, is attached as **Exhibit 10**, and **Exhibit 18** provides Norwich's experts' CVs.

57.      Any witness not listed in Exhibits 9 and 10 above will be precluded from testifying at trial absent good cause shown.  Such good cause shall include testimony required to authenticate or lay a foundation for any documents subject to an objection.

58.      Plaintiffs' list of deposition designations, along with Norwich's objections thereto

and counter-designations and Plaintiffs' objections to Norwich's counter-designations, are attached as **Exhibit 11**.

59. Norwich's list of deposition designations, along with Plaintiffs' objections thereto and counter-designations and Norwich's objections to Plaintiffs' counter-designations, are attached as **Exhibit 12**.

60. Pursuant to a joint stipulation (D.I. 115) ordered by the Court on July 29, 2021 (D.I. 117), for purposes of this Action, Norwich will not proffer a fact witness to testify regarding: (i) Norwich's knowledge, understanding, and/or belief of the potential or contemplated uses for which Norwich's ANDA Product, if approved, will be prescribed, administered, and/or used; (ii) Norwich's knowledge, understanding, and/or belief relating to the safety and efficacy of rifaximin for the reduction in risk of overt HE recurrence in adults; or (iii) Norwich's knowledge, understanding, and/or belief relating to the safety and efficacy of rifaximin for the treatment of IBS-D in adults. Norwich reserves its rights to defend against Plaintiffs' allegations on any other ground, including, but not limited to, asserting the defenses of noninfringement and/or invalidity (except to the extent addressed herein). *Id.*

61. Fact witnesses appearing in person shall be sequestered, other than corporate representatives. Expert witnesses need not be sequestered. D. Del. LR 43.1 shall control expert witnesses conferring with counsel during testimony.

62. To the extent that deposition designations or counter-designations are admitted into evidence, they must be either played by video or read in open court. If a party opts to introduce deposition testimony, any counter-designation of that same witness's testimony must be admitted in the same medium, and the testimony designated by both sides will be played or read consecutively in the sequence in which the testimony was originally given at deposition. To the

extent deposition designations are read or played in open court, each side will be charged the time taken to read or play its designations (or counter-designations), as measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony read or played.   All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is played or read at trial.

63.     Plaintiffs and Norwich each reserve the right to offer any designated deposition testimony (whether as a designation or counter-designation) even if not separately listed on their own deposition designation list, subject to any evidentiary objections.

64.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video of a witness used for impeachment or cross-examination of that witness or deposition testimony relied upon by an expert in an expert report.   Any deposition testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a party specifically identified that testimony on its list of deposition designations.

## VIII.   TRIAL DISCLOSURES

65.     **Opening Argument**: The parties shall exchange by electronic mail and/or electronic media (for large exhibits and any videos or animations to be offered) lists of any exhibits and copies of any demonstrative exhibits (except for demonstrative exhibits that will be created live in the courtroom) that each party intends to use in its opening argument by 12:00 p.m. on the calendar day before the opening argument at trial.   The parties shall exchange any objections to opening argument demonstratives by 3:00 p.m. that evening.   The parties shall meet and confer at 5:00 p.m. the evening before opening argument to resolve any objections.   Any remaining disputes may be raised with the Court at the Court's convenience.

66.   **Witnesses**: The parties shall disclose by electronic mail and/or electronic media a list of the witnesses they intend to call live or by deposition testimony and the order of the presentation of those witnesses as follows:

    a.   HE Patents

        i.   Plaintiffs will disclose the witnesses they intend to call live or by deposition testimony concerning infringement of the asserted claims of the HE Patents by 3:00 p.m. on March 18, 2022;

        ii.   Norwich will disclose witnesses they intend to call live or by deposition testimony concerning invalidity of the asserted claims of the HE Patents by 7:00 p.m. on March 18, 2022;

        iii.   Norwich will disclose witnesses it may call in rebuttal of Plaintiffs case-in-chief regarding infringement of the asserted claims of the HE Patents by 3:00 p.m. on March 19, 2022.

        iv.   Plaintiffs will disclose witnesses they may call in rebuttal of Norwich's case-in-chief concerning the invalidity of the asserted claims of the HE Patents by 7:00 p.m. on March 19, 2022.

    b.   IBS-D Patents

        i.   Plaintiffs will disclose the witnesses they intend to call live or by deposition testimony concerning infringement of the asserted claims of the IBS-D Patents by 3:00 p.m. on March 19, 2022;

        ii.   Norwich will the disclose witnesses they intend to call live or by deposition testimony concerning invalidity of the asserted claims of the IBS-D Patents by 7:00 p.m. on March 19, 2022;

iii. Norwich will disclose the witnesses it may call in rebuttal of Plaintiffs case-in-chief regarding infringement of the asserted claims of the IBS-D Patents by 3:00 p.m. on March 20, 2022.

iv. Plaintiffs will disclose the witnesses they may call in rebuttal of Norwich's case-in-chief concerning the invalidity of the asserted claims of the IBS-D Patents by 7:00 p.m. on March 20, 2022.

c. Objective Indicia of Nonobviousness

i. Plaintiffs will disclose the witnesses they intend to call regarding alleged objective evidence of non-obviousness concerning the asserted claims of the HE or IBS-D Patents by 3:00 p.m. on March 19, 2022.

ii. Norwich will disclose the witnesses it may call in rebuttal of any alleged objective evidence of non-obviousness concerning the asserted claims of the HE or IBS-D Patents by 7:00 p.m. on March 19, 2022.

d. Polymorph Patents

i. Plaintiffs will disclose the witnesses they intend to call live or by deposition testimony concerning infringement of the asserted claims of the Polymorph Patents by 3:00 p.m. on March 20, 2022;

ii. Norwich will disclose witnesses they intend to call live or by deposition testimony concerning invalidity of the asserted claims of the Polymorph Patents by 7:00 p.m. on March 20, 2022;

      iii.  Norwich will disclose witnesses it may call in rebuttal of Plaintiffs case-in-chief regarding infringement of the asserted claims of the Polymorph Patents by 3:00 p.m. on March 21, 2022.

      iv.  Plaintiffs will disclose witnesses they may call in rebuttal of Norwich's case-in-chief concerning the invalidity of the asserted claims of the Polymorph Patents by 7:00 p.m. on March 21, 2022.

67.    The opposing party shall identify any objection to a witness's participation, as preserved in Exhibits 9-10, by 7:00 p.m. the next calendar day, and the parties shall meet and confer regarding such objection(s) at 8:00 p.m. that day.  Any objections that cannot be resolved may be raised with the Court at the Court's convenience.

68.    If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other party as soon as possible.  Witnesses may not be added to a party's witness list after the times provided herein absent agreement of the parties or for good cause shown.

69.    **Deposition Designations**: For witnesses the parties intend to call by deposition, the parties shall disclose by electronic mail and/or electronic media a list of the designated deposition testimony by page and line number and any exhibits that will be admitted through the testimony. Deposition designations and a list of any exhibits that will be admitted through the testimony shall be produced to the opposing party by 7:00 p.m. three calendar days before such materials are to be used at trial. The opposing party shall identify any objections and counter-designations by 7:00 p.m. two calendar days before such materials are to be used at trial.  The party playing the designated testimony shall serve the opposing party with media including video clips of the designations and counter designations by 6:00 p.m. the calendar day before the expected use and

the parties shall meet and confer at 8:00 p.m. the evening before use to resolve any objections.

70.    If a party decides to play some but less than all of the designated testimony for a witness at trial, or to include some but less than all of its counter-designations, the opposing party may use such dropped testimony as counter-designations to the extent the usage of such testimony in such manner is otherwise consistent with Federal Rule of Evidence 106, Federal Rule of Civil Procedure 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure. Similarly, if a party decides to play some but less than all of the designated testimony for a witness at trial, a party may present its counter-designation testimony and associated exhibits in response to other specified affirmative testimony by the opposing party, or re-designate its counter-designated testimony affirmatively, or designate testimony identified as affirmative testimony in this Joint Pretrial Order as a counter-designation to the extent the usage of such testimony in such manner is otherwise consistent with Federal Rule of Evidence 106, Federal Rule of Civil Procedure 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.  Plaintiffs and Norwich each reserve the right to offer deposition testimony and associated exhibits designated by the other side (whether as a designation or counter-designation) even if not separately listed on their own deposition designation list, subject to any evidentiary objections.

71.    If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

72.    Any objections that cannot be resolved may be raised with the Court at the Court's convenience.

73.    **Exhibits for Direct Examination**: The parties shall disclose by electronic mail and/or electronic media a list of any exhibits, including any physical exhibits, they intend to use

during the direct examination of a witness, by witness and exhibit number at the same time the party discloses it intends to call that witness as forth in Paragraph 66. The opposing party shall identify any objections to the admissibility of those exhibits by 7:00 p.m. the next calendar day, and the parties shall meet and confer at 8:00 p.m. that day to resolve any objections.

74.     Any objections that cannot be resolved may be raised with the Court at the Court's convenience.

75.     **Exhibits for Cross-Examination**: Exhibits to be used on cross-examination (properly identified on a party's exhibit list) or for purposes of impeachment need not be disclosed in advance of use at trial. Exhibits used for cross-examination may only be admitted into evidence subject to the Federal Rules of Evidence or other applicable principles of law.

76.     **Demonstrative Exhibits**: The parties shall disclose by electronic mail and/or electronic media any demonstrative exhibits that they intend to use during the direct examination of a witness (in color if in color, and with animations, if applicable), by witness at the same time the party discloses it intends to call that witness as forth in Paragraph 66. The opposing party shall identify any objections to those demonstrative exhibits by 7:00 p.m. the next calendar day, and the parties shall meet and confer at 8:00 p.m. that day to resolve any objections.

77.     Any objections that cannot be resolved may be raised with the Court at the Court's convenience.

78.     All demonstrative exhibits to be used during the direct examination of a witness (except those that will be created live in the courtroom, including blowouts or highlighting of portions of trial exhibits done in the courtroom) must be disclosed, as provided herein. Demonstrative exhibits to be used on cross-examination are not required to be provided to the other side in advance of cross-examination.

18

## IX.    BRIEF STATEMENT OF INTENDED PROOFS

79.    In support of their claims and defenses and in addition to its statement of issues of fact that remain to be litigated, Plaintiffs expect to offer the proofs set forth in **Exhibit 13**.

80.    In support of its claims and defenses and in addition to its statement of issues of fact that remain to be litigated, Norwich expects to offer the proofs set forth in **Exhibit 14**.

## X.    CERTIFICATION OF SETTLEMENT DISCUSSIONS

81.    The parties have engaged in good-faith efforts to explore resolution of this Action by settlement.  To date, no agreement has been reached by the parties.

## XI.    MISCELLANEOUS ISSUES

### A.    Amendments of the Pleadings

82.    There are no proposed amendments of the pleadings.

### B.    Damages

83.    The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.  Plaintiffs reserve the right to seek damages if Norwich commercially manufactures, uses, sells, offers to sell, and/or imports into the United States its accused ANDA Product prior to the expiration of the Xifaxan® Patents.

### C.    Expected Duration and Scope of Trial

84.    Trial is scheduled to begin on March 21, 2022 at 8:30 a.m. and to last four days. The parties request that 14 hours be allotted to Plaintiffs and 14 hours be allotted to Norwich. Time that a party is presenting opening statements, objecting to evidence in open court, examining or cross-examining witnesses, presenting deposition designations that are read or played into evidence, or otherwise speaking or arguing on behalf of a party will be counted as the time of that

party.  Closing statements are currently scheduled to begin on March 25, 2022 at 9:00 am and shall be limited to 45 minutes for each side.

### D.   Type of Trial

85.   This is a non-jury trial.

### E.   Order of Proofs

86.   The following order of proof will apply to trial.  For the sake of efficiency, however, the parties agree that any expert that is testifying on validity may also testify on related secondary considerations in order to reduce the need to call the same expert to the stand on two separate occasions.

a.   Opening arguments shall be delivered by Plaintiffs, followed by Norwich.

b.   Plaintiffs shall present their case-in-chief on infringement of the HE Patents.

c.   Norwich shall present its rebuttal case on non-infringement and its case-in-chief on invalidity of the HE Patents.

d.   Plaintiffs shall present their rebuttal case on validity of the HE Patents.

e.   Plaintiffs shall present their case-in-chief on infringement of the IBS-D Patents.

f.   Norwich shall present its rebuttal case on non-infringement and its case-in-chief on invalidity of the IBS-D Patents.

g.   Plaintiffs shall present their rebuttal case on validity of the IBS-D Patents.

h.   Plaintiffs shall present their case on the commercial success of the HE and IBS-D Patents.

i.   Norwich shall present its rebuttal case on the commercial success of the HE and IBS-D Patents.

20

j.      Plaintiffs shall present their case-in-chief on infringement of the Polymorph Patents.

k.      Norwich shall present its rebuttal case on non-infringement and its case-in-chief on invalidity of the Polymorph Patents.

l.      Plaintiffs shall present their rebuttal case on validity of the Polymorph Patents.

## F.    Additional Matters

### 1.    Procedures Related to Order of Proofs

87.    Pursuant to paragraph 3(g)(iv) of the Court's Scheduling Order (D.I. 23), only certain claims remain to be litigated.  However, the three asserted patent families differ in underlying technology, requiring different witnesses for each set of patents, and the parties do not expect that further narrowing the claims or defenses would reduce the number of witnesses the parties intend to call.

88.    The parties agree that motion(s) under Federal Rule of Civil Procedure 52(c) are preserved and may be presented at the close of all evidence.

89.    To the extent any party must deviate from the order set forth in Paragraph 86 because of witness availability, the parties will make a good faith effort to resolve any dispute and seek the Court's permission to amend the order at the pretrial conference or at trial.  If the parties are not able to resolve the dispute, the parties will present the dispute at the pretrial conference or during trial for resolution by the Court.

90.    The parties agree that, to the extent called, Norwich will call Dr. Gary Schoolnik once and during Norwich's case-in-chief on invalidity of the HE Patents.  Plaintiffs will call Dr. Herbert DuPont once and during Plaintiffs' rebuttal case on validity of the HE patents.  This agreement will not operate to limit the scope of the witnesses' testimony.

21

### 2.    COVID-19/Health Protocols

91.    **Vaccinations**: The parties agree that any individual under their respective control (including, but not limited to, attorneys, paralegals, in-house counsel, witnesses, and vendors) shall be fully vaccinated[3] as of the first day of trial, to attend the trial in person.

92.    **Distancing**: The parties shall endeavor to maintain social distancing to the extent possible.

93.    To the extent necessary due to COVID-19 or other health-related travel restrictions and/or guidelines, the parties will meet and confer in good faith to address any accommodations necessary to facilitate witness and attorney participation at trial, including any adjustments to whether certain testimony will be presented and/or taken in-person or via remote means.  Any requests for accommodations pursuant to this Paragraph shall be served in writing to the other party as soon as reasonably possible.

## XII.    LIST OF ASSERTED CLAIMS AND ASSERTED DEFENSES

94.    The table below provides the complete list of asserted claims and asserted defenses in this Action:

| U.S. Patent No. | Asserted Claim | Asserted Defenses |
|---|---|---|
| 7,045,620 | 3 | Noninfringement<br>Anticipation<br>Obviousness<br>Written Description<br>Enablement |
| 7,612,199 | 4 | Anticipation<br>Obviousness<br>Written Description |
| 7,902,206 | 36 | Obviousness<br>Written Description |

---

[3] "Fully vaccinated" shall mean two weeks past the final dose, including any boosters, recommended by the Centers for Disease Control and Prevention for each person's age group.

| U.S. Patent No. | Asserted Claim | Asserted Defenses |
|---|---|---|
| 8,309,569 | 2 | Noninfringement<br>Obviousness<br>Written Description<br>Indefiniteness |
| 8,642,573 | 8 | Noninfringement<br>Obviousness<br>Written Description |
| 9,421,195 | 6 | Noninfringement<br>Obviousness<br>Written Description |
| 10,335,397 | 11 | Noninfringement<br>Obviousness<br>Written Description |
| | 12 | Noninfringement<br>Obviousness |
| 10,765,667 | 3 | Noninfringement<br>Obviousness |

## XIII.   ORDER TO CONTROL COURSE OF ACTION

95.    This order shall control the subsequent course of the Action, unless modified by the Court to prevent manifest injustice.

**List of Exhibits to the Proposed Joint Pretrial Order**

| | |
|---|---|
| Exhibit 1 | Joint Statement of Uncontested Facts |
| Exhibit 2 | Plaintiffs' Statement of Issues of Fact that Remain to be Litigated |
| Exhibit 3 | Defendant's Statement of Issues of Fact that Remain to be Litigated |
| Exhibit 4 | Plaintiffs' Statement of Issues of Law that Remain to be Litigated |
| Exhibit 5 | Defendant's Statement of Contested Issues of Law that Remain to be Litigated |
| Exhibit 6 | Plaintiffs' Trials Exhibit List (PTX) (including Defendant's objections) |
| Exhibit 7 | Defendant's Trial Exhibit List (DTX) (including Plaintiffs' objections) |
| Exhibit 8 | Joint Trial Exhibit List (JTX) |
| Exhibit 9 | Plaintiffs' Witness List (including Defendant's objections) |
| Exhibit 10 | Defendant's Witness List (including Plaintiffs' objections) |
| Exhibit 11 | Plaintiffs' List of Deposition Designations (including Defendant's objections and counter-designations and Plaintiffs' objections to Defendant's counter-designations) |
| Exhibit 12 | Defendant's List of Deposition Designations (including Plaintiffs' objections and counter-designations and Defendant's objections to Plaintiffs' counter-designations) |
| Exhibit 13 | Plaintiffs' Brief Statement of Intended Proofs |
| Exhibit 14 | Defendant's Brief Statement of Intended Proofs |
| Exhibit 15 | Plaintiffs' Statement of Additional Matters |
| Exhibit 16 | Defendant's Statement of Additional Matters |
| Exhibit 17 | Plaintiffs' Experts' CVs |
| Exhibit 18 | Defendant's Experts' CVs |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com

OF COUNSEL:
Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
SReed@venable.com
SCKline@venable.com
SKClark@venable.com
DApgar@venable.com
AMMcjoynt@venable.com

Damien N. Dombrowski
Becky E. Steephenson
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500
DDombrowski@venable.com
BESteephenson@venable.com

*Attorneys for Plaintiffs Salix Pharmaceuticals,*
*Ltd., Salix Pharmaceuticals, Inc., Bausch*
*Health Ireland Ltd., and Alfasigma S.p.A.*

March 8, 2022

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*

_____

Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:
Matthew S. Murphy
Chad A. Landmon
Matthew J. Becker
Stacie L. Ropka
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
mmurphy@axinn.com clandmon@axinn.com
mbecker@axinn.com
sropka@axinn.com
rclegg@axinn.com

*Attorneys for Defendant Norwich*
*Pharmaceuticals, Inc.*

25

**SO ORDERED:**

Date: _____          _____
                                          Hon. Richard G. Andrews
                                          United States District Judge