IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., BAUSCH HEALTH IRELAND LTD., and ALFASIGMA S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. 20-430-RGA ) ) ) ) ) |

**DEFENDANT NORWICH PHARMACEUTICALS, INC.'S PROPOSED FINDINGS OF FACT ON NON-INFRINGEMENT AND SECONDARY CONSIDERATIONS**

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated: June 2, 2022

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | SALIX HAS NOT PROVEN DIRECT INFRINGEMENT OF ANY ASSERTED HE OR IBS-D CLAIM BY PHYSICIANS AND PATIENTS JOINTLY................................. | 1 |
| II. | SALIX HAS NOT PROVEN THAT NORWICH HAS SPECIFIC INTENT TO INDUCE INFRINGEMENT OF ANY ASSERTED HE OR IBS-D CLAIM ................... | 1 |
| III. | SALIX HAS NOT PROVEN THAT NORWICH'S LABEL WOULD INDUCE INFRINGEMENT OF ANY ASSERTED HE CLAIM ..................... | 3 |
| | A. "12 months or longer" (all Asserted HE Claims) ...................................... | 3 |
| | B. "maintain remission" ('573 patent, claim 8)............................................ | 4 |
| | C. "Conn score of 0 or 1" ('397 patent, claims 11 and 12) ......................... | 5 |
| | D. "lactulose" ('397 patent, claim 12) ........................................................ | 5 |
| | E. Substantial Non-Infringing Uses of Norwich's ANDA Product Preclude A Finding of Inducement of the Asserted HE Claims. ................................ | 6 |
| IV. | SALIX HAS NOT PROVEN THAT NORWICH'S LABEL WOULD INDUCE INFRINGEMENT OF ANY ASSERTED IBS-D CLAIM ................ | 6 |
| | A. "durability of response comprises about 12 weeks of adequate relief of symptoms" ('569 patent, claim 2)............................................................. | 7 |
| | B. "a subject 65 years of age or older" ('667 patent, claim 3) ................... | 10 |
| V. | SALIX'S ALLEGED EVIDENCE OF SKEPTICISM DOES NOT DEFEAT THE PRIMA FACIE OBVIOUSNESS OF THE ASSERTED HE AND IBS-D CLAIMS ..... | 11 |
| VI. | SALIX'S ALLEGED EVIDENCE OF LONG-FELT NEED DOES NOT DEFEAT THE PRIMA FACIE OBVIOUSNESS OF THE ASSERTED HE CLAIMS ................. | 12 |
| | A. Xifaxan 550 mg Rifaximin Tablets Did Not Satisfy Any Long-Felt Need for A Treatment to Prevent HE Recurrence and Maintain Remission.................. | 12 |
| | B. Publications Relied on by Salix Do Not Show Existence of a Long-Felt Need... | 13 |
| | C. FDA Approval Does Not Demonstrate Satisfaction of a Long-Felt Need. .......... | 13 |


**TABLE OF ABBREVIATIONS**

| Abbreviation | Exhibit No. | Description |
| --- | --- | --- |
| Norwich | | Norwich Pharmaceuticals, Inc. |
| Salix | | Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., Alfasigma S.p.A. |
| NDA | | New Drug Application |
| ANDA | | Abbreviated New Drug Application |
| Norwich's ANDA Product | | The product identified in ANDA No. 214369, namely rifaximin tablets in 550 mg dosage strength |
| Label | | The proposed label for Norwich's ANDA Product |
| FDA | | U.S. Food and Drug Administration |
| TD | | Travelers' Diarrhea |
| HE | | Hepatic encephalopathy |
| IBS | | Irritable bowel syndrome |
| IBS-D | | Irritable bowel syndrome with diarrhea |
| '573 patent | JTX11 | United States Patent No. 8,642,573 |
| '195 patent | JTX19 | United States Patent No. 9,421,195 |
| '397 patent | JTX22 | United States Patent No. 10,335,397 |
| Asserted HE Claims | | Claim 8 of the '573 patent, claim 6 of the '195 patent, and claims 11 and 12 of the '397 patent |
| '569 patent | JTX9 | United States Patent No. 8,309,569 |
| '667 patent | JTX26 | United States Patent No. 10,765,667 |
| Asserted IBS-D Claims | | Claim 2 of the '569 patent and claim 3 of the '667 patent |
| UF | | Uncontested Facts, Joint Pretrial Order, Ex. 1 (D.I. 149) |
| POBr. | | Plaintiffs' Opening Post-Trial Brief (D.I. 174) |
| PFOF | | Plaintiffs' Opening Findings of Fact (D.I. 175) |
| NOBr. | | Defendant Norwich Pharmaceuticals, Inc.'s Opening Post-Trial Brief (D.I. 176) |
| NFOF | | Defendant Norwich Pharmaceuticals, Inc.'s Findings of Fact (D.I. 177) |
| NRFOF | | Defendant Norwich Pharmaceuticals, Inc.'s Responsive Findings of Fact |

I. **SALIX HAS NOT PROVEN DIRECT INFRINGEMENT OF ANY ASSERTED HE OR IBS-D CLAIM BY PHYSICIANS AND PATIENTS JOINTLY.**

1. Physicians and patients will not jointly and directly infringe any of the Asserted HE and IBS-D Claims. Tr. 105:3-21; 568:25-570:3.

2. Physicians will not condition any benefit on their patients' performance of any step of the Asserted HE and IBS-D Claims. Tr. 96:20-97:1, 105:22-106:13, 570:4-571:1.

3. Physicians will continue to provide their HE patients with the benefit of rifaximin prescriptions even if the patients do not take rifaximin as directed. Tr. 96:20-97:1, 105:24-106:7.

4. Physicians prescribing rifaximin for HE often prescribe a year's worth at a time. Tr. 72:3-14, 96:20-97:1.

5. IBS-D patients cannot even perform any step of the methods of the Asserted IBS-D Claims until after they have already received the benefit (i.e., a 14-day rifaximin prescription). Tr. 570:4-571:2.

6. Physicians will not discontinue their HE and IBS-D patients' rifaximin prescriptions for noncompliance. Tr. 96:20-97:7, 105:24-106:7, 570:4-571:1.

7. Patients' receipt of rifaximin prescriptions from their physicians is not conditional on the patients' performance of any step of the Asserted HE and IBS-D Claims. *Id.*

8. Patients are not required to sign physician-patient agreements promising to take rifaximin as prescribed.

II. **SALIX HAS NOT PROVEN THAT NORWICH HAS SPECIFIC INTENT TO INDUCE INFRINGEMENT OF ANY ASSERTED HE OR IBS-D CLAIM**

9. Patients will not take rifaximin correctly without physician instruction. Tr. 77:25-78:3.

10. Physicians, not patients, are the principal intended audience of drug labels. Tr. 67:16-68:8, 107:16-108:3, 541:2-15.

1

11. Physicians do not perform any step of the Asserted HE and IBS-D Claims. Tr. 70:5-10, 104:15-17, 542:7-11, 568:19-25.

12. Patients do not review drug labels. Tr. 119:16-18.

13. Even if any patients were to review Norwich's Label, they would be unable to understand all of it, including the Clinical Studies section. Tr. 88:5-15, 111:14-16, 533:5-7, 550:8-22; JTX73.

14. The "Patient Counseling Information" section of Norwich's Label is directed to physicians, not patients. JTX73-20 ("*[P]atients should be told that* although it is common to feel better early in the course of therapy, the medication should be taken exactly as directed." (emphasis added)).

15. The "Patient Counseling Information" section of Norwich's Label only concerns the treatment of bacterial infections, not HE or IBS-D. *See* JTX73-20 ("When rifaximin tablets are prescribed *to treat a bacterial infection* . . . ." (emphasis added)); Tr. 91:18-21, 444:19-446:2.

16. The "Patient Counseling Information" section of Norwich's Label cites to the "Warnings and Precautions (5.3)" portion of Norwich's Label, which is directed only to the travelers' diarrhea indication. *See* JTX73-3 (Section 5.3) ("Prescribing rifaximin tablets *for travelers' diarrhea* in the absence of a proven or strongly suspected bacterial infection or a prophylactic indication is unlikely to provide benefit to the patient . . . ." (emphasis added)).

17. Norwich's Label will not induce patients to directly infringe any of the Asserted HE or IBS-D Claims.

18. Patients will not receive Norwich's Label until they have picked up their prescription from the pharmacy, and physicians will not ever see the Label at all, let alone review it with patients. *See* Tr. 109:1-13, 569:14-23.

19. To the extent that patients are induced to practice any of the Asserted HE and IBS-D Claims, the inducement will be from their physician, not from Norwich's Label. Information that physicians convey to their patients will naturally include information beyond the Label, such as their professional opinion and their interpretation of the Label. Tr. 67:24-68:8 (Brown), 541:16-21 (Schoenfeld).

20. Norwich lacks intent to induce infringement by patients. Tr. 547:9-14.

### III. SALIX HAS NOT PROVEN THAT NORWICH'S LABEL WOULD INDUCE INFRINGEMENT OF ANY ASSERTED HE CLAIM

21. Norwich will not induce infringement of any of the Asserted HE Claims.

22. Norwich's Label will not encourage, recommend, or promote the practice of the method of any of the Asserted HE Claims.

#### A. "12 months or longer" (all Asserted HE Claims)

23. Norwich's Label will not encourage, recommend, or promote administering Norwich's ANDA Product for "12 months or longer" as required by each of the Asserted HE Claims.

24. Norwich's Label is silent on the duration of administration for HE. JTX73-1; 109:14-110:7.

25. The "Indications and Usage" section of Norwich's Label relating to HE does not mention or reference the Clinical Studies section of the Label. JTX73-2.

26. Section 6.1 of Norwich's Label discloses "a 6-month placebo-controlled clinical trial" and "a long-term follow up study" to evaluate rifaximin's safety, but provides results only from the 6-month study. See JTX73-4.

27. The study described in Section 14.2 of Norwich's Label was only 6 months long. See JTX73-13.

3

28. The clinical studies relating to HE described in Norwich's Label cannot be the basis for inducing patient behavior. Tr. 111:14-16.

29. The clinical studies relating to HE described in Norwich's Label do not encourage, recommend, or promote administration of Norwich's ANDA Product for any longer than 6 months.

30. Even if physicians or patients were to read Norwich's Label at all, it would not encourage, recommend, or promote the administration of Norwich's ANDA Product for 12 months or longer.

### B. "maintain remission" ('573 patent, claim 8)

31. Norwich's Label will not encourage, recommend, or promote the use of Norwich's ANDA Product to "maintain remission" as required by claim 8 of the '573 patent.

32. Norwich's Label will contain an indication for "[r]eduction of risk of overt hepatic encephalopathy (HE) recurrence in adults," (JTX73-1), which is not the same as maintaining remission. Tr. 110:13-20.

33. A person could still experience a breakthrough HE episode—and therefore fail to maintain remission—despite having reduced the risk of that episode occurring. Tr. 156:5-11, 249:22-250:18, 251:25-252:8.

34. The FDA committee that discussed approving Xifaxan for HE also proposed changing the HE-related indication from Salix's proposed "maintenance of remission" to "decreasing the risk for episodes of overt HE," illustrating that the two are not the same. JTX110-2; Tr. 111:17-112:15.

35. When a patient experiences overt HE recurrence, the patient is no longer in remission. Tr. 52:13-15.

### C. "Conn score of 0 or 1" ('397 patent, claims 11 and 12)

36. Norwich's Label will not encourage, recommend, or promote the administration of Norwich's ANDA Product to subjects "wherein the subject has a Conn score of 0 or 1" as required by claims 11 and 12 of the '397 patent.

37. The "Indications and Usage" section of Norwich's Label contains no mention of a Conn score, nor whether a patient must have a particular Conn score to take rifaximin. JTX73-2; Tr. 113:17-114:3.

38. Clinicians do not calculate patients' Conn scores. Tr. 114:16-20, 263:12-264:5.

39. Although Norwich's Label describes a clinical study involving subjects "who were defined as being in remission (Conn score of 0 or 1)," (JTX73-13), it merely describes a parameter of the study and does not encourage, recommend, or promote the administration of Norwich's ANDA Product to patients having a Conn score of 0 or 1.

40. Nothing in the "Indications and Usage" section of Norwich's Label relating to HE would direct a reader to look at the Clinical Studies section.

### D. "lactulose" ('397 patent, claim 12)

41. Norwich's Label will not encourage, recommend, or promote the administration of lactulose as required by claim 12 of the '397 patent.

42. Norwich's Label discloses that 91% of the patients in the rifaximin clinical trials for HE "were using lactulose concomitantly," and that "[d]ifferences in the treatment effect of those patients not using lactulose concomitantly could not be assessed." JTX73-2.

43. That 9% of patients did not take lactulose showed that rifaximin can be used with or without lactulose. Tr. 76:1-9.

44. Norwich's Label lacks information about how to co-administer lactulose with Norwich's ANDA Product, such as a recommended dose of lactulose or how it is to be adjusted

when administering it alongside rifaximin. Tr. 113:10-16.

### E. Substantial Non-Infringing Uses of Norwich's ANDA Product Preclude A Finding of Inducement of the Asserted HE Claims.

45. Norwich's ANDA Product will have substantial non-infringing uses with respect to the Asserted HE Claims.

46. The Asserted HE Claims each require administering rifaximin for "12 months or longer" to patients who have had at least one prior HE episode, but it is known that only 42% of HE patients are still alive one year after their first episode. JTX35 at 893; DTX748-9; Tr. 47:5-16, 50:5-19, 68:18-69:4, 177:2-9, 242:16-18.

47. Some patients who begin rifaximin treatment will receive a liver transplant within one year, and will not take rifaximin after the transplant. Tr. 55:5-11, 262:8-14.

48. Patients who die or receive a liver transplant within a year of beginning rifaximin treatment will have necessarily not taken the drug for "12 months or longer."

## IV. SALIX HAS NOT PROVEN THAT NORWICH'S LABEL WOULD INDUCE INFRINGEMENT OF ANY ASSERTED IBS-D CLAIM

49. Physicians will not direct or control a patient's administration of rifaximin tablets for the "treatment of [IBS-D]." Tr. 569:1-571:2.

50. Patients decide to fill a prescription and take rifaximin according to a physician's guidance. Tr. 569:14-18; 569:24-570:4.

51. Patients do not always follow a physician's guidance for using rifaximin. Tr. 570:5-19.

52. A pharmacy will not provide a copy of Norwich's drug label to a physician when Norwich's rifaximin tablets are dispensed to the patient. Tr. 569:19-23.

53. Section 1.3 (Indications & Usage) of Norwich's Label states that "rifaximin tablets are indicated for the treatment of [IBS-D] in adults." JTX73 § 1.3.

54. Section 2.3 (Dosage and Administration) of Norwich's Label states that "the recommended dose of rifaximin tablets is one 550 mg taken orally three times a day for 14 days." JTX73 § 2.3.

### A. "durability of response comprises about 12 weeks of adequate relief of symptoms" ('569 patent, claim 2)

55. A physician will not counsel a patient about the expected length of any response to the rifaximin tablets for the "treatment of [IBS-D]." Tr. 572:23-573:5.

56. Sections 1.3 does not describe any "durability of response," degree of "relief," or length of time for any post-treatment "relief." JTX73-2; Tr. 560:11-561:4.

57. Sections 1.3 and 2.3 do not recommend, encourage, or promote a "durability of response compris[ing] about 12 weeks of adequate relief of [IBS-D] symptoms." JTX73-2; Tr. 571:19-572:11.

58. Sections 1.3 and 2.3 do not cross-reference Section 14.3 of Norwich's Label or any clinical data described therein. JTX73-2.

59. A physician would "rarely, if ever" consult the clinical trial information contained in Norwich's Label in making a decision to prescribe rifaximin tablets. Tr. 573:6-9.

60. Section 14.3 of Norwich's Label reports information from three clinical studies – Trials 1, 2, and 3. JTX73-15-19.

61. Trials 1 and 2 in Section 14.3 of Norwich's Label reported data for only four weeks of post-treatment follow-up, and do not disclose data relating to the 10-week follow-up period. Tr. 573:14-23; JTX73-17-18.

62. Trials 1 and 2 reported in Section 14.3 of Norwich's Label do not recommend, encourage, or promote a "durability of response compris[ing] about 12 weeks of adequate relief of symptoms." Tr. 573:14-23; JTX73-17-18.

7

63. Trial 3 in Section 14.3 of Norwich's Label "evaluated repeat treatment in adults with IBS-D." JTX73-16.

64. A patient would not review or understand Trial 3. Tr. 550:15-22.

65. Repeat treatment was evaluated in two double-blind, randomized phases: (i) "Treatment 3 Phase" and (ii) Treatment 4 Phase:



JTX73-16 at Fig. 3.

66. Prior to the double-blind, randomized phases of Trial 3, "A total of 2,579 patients were enrolled to receive open-label rifaximin for 14 days," and this open-label phase is described as "Treatment Phase 2." JTX73-16, Fig. 3.

67. A patient enrolled in this open-label phase was considered a "responder" if, after four weeks of follow-up, they had achieved "[greater than] 30% improvement from baseline in the weekly average abdominal pain score," and "at least a 50% reduction in the number of days in a week with a daily stool consistency score of Bristol Stool Scale type 6 or 7 compared with baseline." JTX73-18.

68. The "response" endpoints applied in the open-label phase (e.g. Treatment 2 Phase) do not reflect "adequate relief of [IBS-D] symptoms." Tr. 550:23-551:12, 574:13-575:16.

69. "Responders were then followed for recurrence of their IBS-related symptoms of

8

abdominal pain *or* mushy/watery stool consistency for up to 20 treatment-free weeks," and this follow-up period is referred to as "Maintenance Phase I." JTX73-16, Fig. 3, 18.

70. According to Dr. Schoenfeld, a treatment effect could not be discerned from a placebo effect because Treatment 2 Phase in Trial 3 was open-label and each patient received rifaximin. Tr. 551:17-552:17.

71. "When patients experienced recurrence of their symptoms of abdominal pain or mushy/watery stool consistency for 3 weeks of a rolling 4-week period, they were randomized into the double-blind, placebo controlled repeat treatment phase." JTX73-18.

72. Based on the design of the open-label phase in Trial 3, a "responder" could lose a response to an endpoint in post-treatment Week 9, and yet still be counted as a "responder" for in post-treatment Week 12 despite having no "response" in post-treatment Weeks 10, 11, or 12. Tr. 557:10-558:18.

73. "Of 1,074 patients who responded to open-label rifaximin tablets, 382 experienced a period of symptom activity or decrease that did not require repeat treatment by the time they discontinued, including patients who completed the 22 week after initial treatment with rifaximin tablets." JTX73-18.

74. The reported "382" subjects included subjects lost to follow-up, adverse events, and noncompliance, or lost for other reasons. Tr. 558:20-559:16.

75. Dr. Schoenfeld testified that he "did not provide a specific number" of the number of patients that completed the entire 22 weeks of the study. Tr. 559:22-560:5.

76. The reported "median time to recurrence" in Trial 3 does not recommend a "durability of response compris[ing] about 12 weeks of adequate relief of symptoms" at least because at least half the patients experienced a "recurrence" after 10 weeks (8 weeks post-

treatment). Tr. 575:17-576:8.

77. Even if considered by a physician, Trial 3 would not recommend, encourage, or promote "a durability of response of about 12 weeks of adequate relief of symptoms." Tr. 576:9-13.

78. Norwich's Label does not demonstrate that Norwich possesses knowledge of a direct infringement of claim 2 of the '569 patent.

79. Norwich's label does not encourage a direct infringement of claim 2 of the '569 patent. Tr. 578:14-18.

### B. "a subject 65 years of age or older" ('667 patent, claim 3)

80. Sections 1.3 and 2.3 of Norwich's Label does not encourage or discourage the use of rifaximin tablets to "treat one or more symptoms" of IBS-D in patients 65 years of age or older. Tr. 577:11-25; JTX73-2.

81. Section 14.3 of Norwich's Label reports that, collectively, patients 65 years of age and older comprise 11% of patients enrolled in Trials 1, 2, and 3. JTX73-15-16.

82. Trials 1, 2, and 3 reported in Section 14.3 of Norwich's Label do not report data specific to the subgroup of patients 65 years of age and older. Tr. 561:5-562:10; JTX73-15-19.

83. The overall reported rate of response to rifaximin across the entire patient population in Trials 1, 2, and 3 in Section 14.3 was between 40-50%. JTX73-16 (41%), JTX73-18 (49%).

84. Trials 1, 2, and 3 reported in Section 14.3 of Norwich's Label do not state how many patients 65 years of age or older received rifaximin, responded to rifaximin, or treated "one or more symptoms" of IBS-D. JTX73-15-19; Tr. 561:5-562:10, 577:11-20.

85. As a matter of biostatistics, a conclusion cannot be drawn either way as to the treatment effect in the subgroup age 65 or greater due to an inadequate sample size. Tr. 589:3-7.

86.  Section 14.3 of Norwich's Label does not recommend, encourage, promote the use of rifaximin to treat "one or more symptoms" of IBS-D in a subject 65 years or older. Tr. 577:11-20.

87.  Section 8.5 (Geriatric Use) of Norwich's Label states "In the clinical studies of IBS-D, 11% of patients were 65 and over, while 2% were 75 and over. No overall differences in safety or effectiveness were observed between these subjects and younger subjects for [the IBS-D] indication . . . Other reported clinical experience has not identified differences in responses between the elderly and younger patients, but greater sensitivity of some older individuals cannot be ruled out." JTX73-7.

88.  Section 8.5 of Norwich's Label does not recommend, encourage, or promote the treatment of "one or more symptoms" of IBS-D in patients 65 years of age or older because the "data is inadequate" and, "if anything, it says that you have a minority of individuals who are actually participating in these trials who are 65 and older." Tr. 578:3-13; JTX73-7.

89.  Norwich's label is permissive, and does not encourage or discourage the administration of rifaximin to patients 65 years and older. Tr. 577:21-25.

90.  Norwich's label does not encourage a direct infringement of claim 3 of the '667 patent. Tr. 578:14-18.

### V. SALIX'S ALLEGED EVIDENCE OF SKEPTICISM DOES NOT DEFEAT THE PRIMA FACIE OBVIOUSNESS OF THE ASSERTED HE AND IBS-D CLAIMS

91.  As of October 2008, there was no skepticism in the art as to whether rifaximin could be safely and effectively administered for 12 months or longer to reduce the risk of recurrent HE episodes. Tr. 229:6-21 (citing DTX540 (Gerard) (disclosing that rifaximin does not appear to lead to bacterial resistance); JTX137 (Shen) (reporting that despite 20 years of usage in Europe, there has been no clinically significant antibiotic resistance); DTX748 (Salix

11

Presentation) (disclosing usage up to 12.5 months with no evidence of resistance).

92. The prior art did not disclose reported antibiotic resistance associated with the administration of rifaximin for HE.  Tr. 229:22-230:1.

93. In February 2010, FDA's GI advisory committee requested a post-marketing study to evaluate resistance, but did so recognizing that data would not be available until more than four years after FDA's approval of the HE indication, which suggests that the committee members had not been too skeptical.  Tr. 230:7-22; UF ¶ 10; PTX512.

94. A POSA would not have been skeptical that treating, or re-treating, IBS-D with rifaximin, 550 mg TID for 14 days, would not lead to bacterial resistance.  Tr. 308:7-20.

95. By February 2008, the literature demonstrated that the treatment and retreatment of IBS patients had occurred with no data demonstrating significant bacterial resistance or treatment failure.  Tr. 681:24-682:21.

## VI. SALIX'S ALLEGED EVIDENCE OF LONG-FELT NEED DOES NOT DEFEAT THE PRIMA FACIE OBVIOUSNESS OF THE ASSERTED HE CLAIMS

### A. Xifaxan 550 mg Rifaximin Tablets Did Not Satisfy Any Long-Felt Need for A Treatment to Prevent HE Recurrence and Maintain Remission.

96. Xifaxan 550 mg tablets, when taken according to the methods of the Asserted HE Claims, did not satisfy any long-felt, unmet need.

97. Physicians as of October 2008 were already utilizing the combination of rifaximin with lactulose, as well as rifaximin alone, for the treatment of HE.  Tr. 222:7-20; *see also* NFOF ¶¶ 2, 5-8 (describing widespread prior use).

98. To the extent that a long-felt, unmet need for an HE treatment existed as of October 2008, Xifaxan 550 mg did not meet that need.  Tr. 400:14-18 (Brown) ("[W]e still have an unmet medical need.  From the data, 20 percent failed [l]actulose plus rifaximin.  What do we have for them?  Nothing.").

99. Either the long-felt, unmet need no longer existed by October 2008 or Xifaxan 550 mg did not satisfy it.

### B. Publications Relied on by Salix Do Not Show Existence of a Long-Felt Need.

100. Bass 2004 does not demonstrate a long-felt, unmet need as of October 2008.

101. Bass 2004 found that "rifaximin was significantly more effective than placebo at improving asterixis in both the intend to treat population and the subgroup of patients with asterixis at baseline." Tr. 226:11-17.

102. Bass 2004 is titled "Rifaximin Treatment is Beneficial for Mild Hepatic Encephalopathy." PTX588; Tr. 226:18-23.

103. The World Congresses of Gastroenterology article (PTX465) does not show the existence of a long-felt, unmet need as of October 2008.

104. The World Congresses of Gastroenterology article was published six years before rifaximin was available in the U.S., and ten years before the October 2008 priority date of the Asserted HE Claims. PTX465-1; Tr. 168:24-169:11, 409:13-14.

105. The statement in the World Congresses of Gastroenterology article that "[t]he current decade has not witnessed major therapeutic breakthroughs in" managing HE, (PTX465-1), refers to the decade before the 1998 publication of the article. PTX465-1; Tr. 168:24-169:11, 409:13-14.

106. Rifaximin was introduced in Italy in 1985, before the "current decade" referred to in the article. Tr. 162:7-10; JTX94-9.

107. The World Congresses of Gastroenterology article does not discuss whether the first use of rifaximin to treat HE outside of the U.S. was a "major therapeutic breakthrough[]."

### C. FDA Approval Does Not Demonstrate Satisfaction of a Long-Felt Need.

108. Xifaxan's FDA approval to treat HE does not demonstrate the existence or

satisfaction of a long-felt, unmet need as of October 2008.

109.   There was widespread off-label use of rifaximin to treat HE prior to Xifaxan's FDA approval for its HE-related indication.  Tr. 101:17-102:11, 130:25-134:8, 162:7-10, 163:7-164:10, 169:2-170:9, 171:9-18, 184:1-185:10, 186:5-10, 187:4-10, 195:6-12, 196:7-14, 414:9-23, 417:8-419:9; DTX349-16, 119-122, 130; DTX532-3; DTX535-6; DTX540-3; JTX94-3-5, 9.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000


Dated:  June 2, 2022