IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-430 (RGA) |
| | ) | |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' POST-TRIAL REPLY BRIEF

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
Damien N. Dombrowski
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104
(212) 218-2100

Becky E. Steephenson
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5598

## <u>TABLE OF CONTENTS</u>

I.      INFRINGEMENT...............................................................................................1

        A.      Norwich's Label Will Induce Patients to Infringe..................................1

        B.      Joint Infringement by Physicians and Patients .......................................2

        C.      Infringement of HE Claims....................................................................3

        D.      Infringement of IBS-D Claims...............................................................7

II.     SECONDARY CONSIDERATIONS ................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

*Abbott Lab'ys v. TorPharm, Inc.*,
    300 F.3d 1367 (Fed. Cir. 2002)......................................................................................4

*Acorda Therapeutics Inc. v. Apotex Inc.*,
    C.A. No. 07-4937, 2011 WL 4074116 (D.N.J. Sept. 6, 2011) .............................................7, 8

*Amarin Pharma, Inc. v. West-Ward Pharms. Int'l Ltd.*,
    407 F. Supp. 3d 1103 (D. Nev. 2019).........................................................................4

*AstraZeneca LP v. Apotex, Inc.*,
    633 F.3d 1042 (Fed. Cir. 2010).............................................................................1, 5

*Eli Lilly & Co. v. Actavis Elizabeth LLC*,
    435 F. App'x 917 (Fed. Cir. 2011) ...........................................................................1

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
    845 F.3d 1357 (Fed. Cir. 2017)..........................................................................2, 3, 9

*Genentech, Inc. v. Sandoz, Inc.*,
    No. 19-0078-RGA, 2022 WL 842957 (D. Del. Mar. 22, 2022) ..................................4, 6, 7, 8

*GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*,
    25 F.4th 949 (Fed. Cir. 2022) ................................................................................6

*GlaxoSmithKline LLC v. Teva Pharms. USA Inc.*,
    7 F.4th 1320 (Fed. Cir. 2021) ...........................................................................1, 2, 8

*Grünenthal GmbH v. Alkem Lab'ys Ltd.*,
    919 F.3d 1333 (Fed. Cir. 2019).............................................................................7

*Hoffmann-La Roche Inc. v. Apotex Inc.*,
    C.A. No. 07-4417, 2010 WL 3522786 (D.N.J. Sept. 2, 2010) .................................................7

*Lundbeck v. Lupin Ltd.*,
    No. CV 18-88-LPS, 2021 WL 4944963 (D. Del. Sept. 30, 2021)..........................................10

*Neptune Generics, LLC v. Eli Lilly & Co.*,
    921 F.3d 1372 (Fed. Cir. 2019)............................................................................10

*Orexigen Therapeutics, Inc. v. Actavis Lab'ys FL, Inc.*,
    282 F. Supp. 3d 793 (D. Del. 2017).........................................................................2, 9

*Pernix Ir. Pain DAC v. Alvogen Malta Operations Ltd.*,
    323 F. Supp. 3d 566 (D. Del. 2018)........................................................................2, 3

*Sanofi v. Glenmark Pharms. Inc., USA*,
   204 F. Supp. 3d 665 (D. Del. 2016)................................................................ *passim*

*Shire LLC v. Amneal Pharms., LLC*,
   No. 11-cv-03781, 2014 WL 2861430 (D.N.J. June 23, 2014)................................4, 5

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
   785 F.3d 625 (Fed. Cir. 2015)..............................................................................3, 4, 7

*Vanda Pharms. Inc. v. West-Ward Pharms. Int'l Ltd.*,
   887 F.3d 1117 (Fed. Cir. 2018)..........................................................................6, 7, 8

*Warner-Lambert Co. v. Apotex Corp.*,
   316 F.3d 1348 (Fed. Cir. 2003)..............................................................................6, 7

## <u>TABLE OF ABBREVIATIONS</u>

| | |
|---|---|
| '195 patent | U.S. Patent No. 9,421,195 |
| '397 patent | U.S. Patent No. 10,335,397 |
| '569 patent | U.S. Patent No. 8,309,569 |
| '573 patent | U.S. Patent No. 8,642,573 |
| '667 patent | U.S. Patent No. 10,765,667 |
| BID | two times a day |
| GI | gastrointestinal |
| FDA | Food and Drug Administration |
| HE | hepatic encephalopathy |
| IBS | irritable bowel syndrome |
| IBS-D | irritable bowel syndrome with diarrhea |
| TID | three times a day |

## TABLE OF ASSERTED CLAIMS

| Patent Family | U.S. Patent No. | Asserted Claim |
|---|---|---|
| HE | 8,642,573 | 8 |
| | 9,421,195 | 6 |
| | 10,335,397 | 11, 12 |
| IBS-D | 10,765,667 | 3 |
| | 8,309,569 | 2 |
| Polymorphs | 7,612,199 | 4 |
| | 7,902,206 | 36 |

I.       **INFRINGEMENT**

Plaintiffs' Opening Brief described two inducement theories established by the evidence at trial: (1) the Label will induce patients (and patients directly infringe) and (2) the Label will induce physicians (and physicians and patients jointly infringe).

A.       **Norwich's Label Will Induce Patients to Infringe**

The Federal Circuit has long held that "the sale of a product specifically labeled for use in a patented method constitutes inducement to infringe that patent[.]" *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 435 F. App'x 917, 926 (Fed. Cir. 2011). Thus, Norwich misunderstands the implications of Dr. Brown's testimony that patients will not take rifaximin correctly unless he instructs patients "how and when" to take it, Tr. 77:25-78:3 (Brown), because, as he explained, Norwich's Label instructs patients to do the exact same thing that he instructs patients to do, Tr. 78:11-13 (Brown). Thus, Dr. Brown's testimony puts this case squarely in line with the Federal Circuit's Hatch-Waxman inducement framework in which "[t]he pertinent question is whether the proposed label instructs users to perform the patented method." *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1060 (Fed. Cir. 2010).

Norwich incorrectly concludes that "it follows" that it cannot induce patients to infringe because (i) "patients will not understand the entirety of the Label" and (ii) the Label's patient counseling section is not directed to HE and IBS-D patients. Def's Res. Br. at 5. First, Norwich cites no case suggesting either is required for inducement, and indeed infringement does not hinge on a full understanding of the relevant instruction manual or a separate patient counseling handout. *See GlaxoSmithKline LLC v. Teva Pharms. USA Inc.*, 7 F.4th 1320, 1340 (Fed. Cir. 2021) ("[W]e have affirmed induced infringement … on circumstantial evidence of inducement (e.g., advertisements, user manuals) directed to a class of direct infringers … without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that

material.") (citation omitted); *Orexigen Therapeutics, Inc. v. Actavis Lab'ys FL, Inc.*, 282 F. Supp. 3d 793, 814 (D. Del. 2017) (finding label would induce patients to infringe based only on indication and dosage sections). Thus, the question is whether the Label encourages, recommends, or promotes infringement, not whether it is actually read or relied upon. *GlaxoSmithKline LLC*, 7 F.4th at 1340. Second, in asserting that Plaintiffs' experts "agreed that patients will not read … all sections" of the Label, Def's Res. Br. at 4, Norwich omits the testimony that patients will read the following sections: indications and usage, dosage and administration, clinical trial experience, use in specific populations, clinical trials, and patient counseling. Tr. 69:5-20, 85:22-88:18 (Brown); Tr. 541:16-21 (Schoenfeld).[1] And Norwich does not dispute that the "Highlights" section of drug labeling (which summarizes the indications and administration) makes "labeling easier for patients … to understand." PTX 941 at 3930. Third, although suggesting that Plaintiffs' experts "agreed that patients will not … understand all sections" of the Label, Def's Res. Br. at 4, Norwich does not dispute this issue is resolved when physicians help patients understand the Label and/or communicate[2] the information in the Label to the patients. Pls' FoF ¶ 48.

## B.    Joint Infringement by Physicians and Patients

Norwich does not dispute that physicians will establish the timing and manner that patients take its ANDA Product. In disputing the conditioning requirement, Norwich argues this case is different than *Pernix* and *Eli Lilly* because physicians will not go as far as the physicians did in

---

[1] Norwich incorrectly suggests that Plaintiffs have not pointed to any section of the Label, other than the patient counseling section, that provides instructions to perform the claimed methods. Def's Res. Br. at 5. To the extent it was unclear, Plaintiffs rely on the portions of Label cited in Sections III.A.3 and III.A.4 of Plaintiffs' Opening Brief.

[2] During closing arguments, the Court referred to the indirect "channel" by which physicians communicate information in the Label to their patients. Tr. 1026:5-16, 1039:19-1040:1; Pls' Op. Br. at 4. The information in Norwich's Label induces patients to infringe regardless of how patients receive that information, and Norwich's intent to induce infringement is not negated by physicians passing that information along to their patients.

those cases. It argues that unlike in *Pernix*, physicians will not require HE and IBS-D patients to sign agreements. Def's Res. Br. at 3. But agreements are not required. *See Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1366-67 (Fed. Cir. 2017) ("§ 271(a) infringement is not limited solely to … contractual arrangements") (citation omitted); *Pernix Ir. Pain DAC v. Alvogen Malta Operations Ltd.*, 323 F. Supp. 3d 566, 583 (D. Del. 2018) ("[A] physician need not verify compliance or issue threats to satisfy the 'conditioning' requirement, although the evidence at trial shows that physicians would frequently do both when prescribing [the ANDA Product]."). Norwich argues that unlike in *Eli Lilly*, physicians will not threaten to withhold rifaximin if patients fail to take it as claimed. Def's Res. Br. at 2-3. That physicians in *Eli Lilly* would threaten denial of pemetrexed if patients did not take folic acid does not make threats the standard for conditioning. *Eli Lilly*, 845 F.3d at 1366-67; *Pernix*, 323 F. Supp. 3d at 583.

### C.      Infringement of HE Claims

**12 months or longer**. Norwich's Label implicitly instructs administration of its ANDA Product for 12 months or longer. *See Sanofi v. Glenmark Pharms. Inc., USA*, 204 F. Supp. 3d 665 (D. Del. 2016); Pls' FoF ¶¶ 61-67, 76, 82. Norwich attempts to distinguish *Sanofi* by asserting that "the Court in *Sanofi* found and relied on various 'additional clues' in the defendants' labels to find inducement." Def's Res. Br. at 7. But these "clues" also are in Norwich's Label. It specifies that 202 patients in clinical trials examining "the safety of rifaximin tablets 550 mg taken two times a day for reducing the risk of overt [HE] recurrence" were treated with rifaximin for more than a year. JTX 73 § 6.1; Pls' FoF ¶ 66. One would not need "to look outside the label" for this information. *Contra Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 634 (Fed. Cir. 2015) (instruction to use colchicine to prevent gout did not induce claim to treat gout where patentee had to rely on a different colchicine label for treatment instructions). Thus, like in *Sanofi* (which specified that patients in a clinical trial were treated with dronedarone for more than

3

a year), 204 F. Supp. 3d at 683, Norwich's Label explains that patients were treated with rifaximin for over a year. Pls' FoF ¶ 66. Like in *Sanofi* (where the "safety and monitoring information" suggested that "the drug is intended for long-term use"), 204 F. Supp. 3d at 683-84, the Label includes safety information that suggests that rifaximin is intended for long-term use. Pls' FoF ¶ 66. Like in *Sanofi*, the experts agree that HE is chronic, and patients must remain on rifaximin until they have a liver transplant or die. Pls' FoF ¶ 64.

Norwich argues that the knowledge that HE is chronic "has nothing to do with the Label," Def's Res. Br. at 9, but labels are not read "in a vacuum" because the readers will "bring their own knowledge and experience to bear on the labelling in deciding the duration of treatment." *Amarin Pharma, Inc. v. West-Ward Pharms. Int'l Ltd.*, 407 F. Supp. 3d 1103, 1111 (D. Nev. 2019); *see also Abbott Lab'ys v. TorPharm, Inc.*, 300 F.3d 1367, 1373 (Fed. Cir. 2002) (determinations of infringement are "based on consideration of all the relevant evidence," not just the label).

Norwich does more than "describ[e] an infringing mode"; it specifically intends for its ANDA Product to be administered for 12 months or longer. *Takeda*, 785 F.3d at 631. *Contra Shire LLC v. Amneal Pharms., LLC*, No. 11-cv-03781, 2014 WL 2861430, at *5 (D.N.J. June 23, 2014) (label was "indifferent" because drug could be taken "with or without food"). This case is not "factually closer to *Genentech*." *Contra* Def's Res. Br. at 8. *Genentech* does not address whether evidence in a label encourages use of a drug long-term for a chronic condition; it addressed a label that provided multiple non-infringing "dose modification options." *Genentech, Inc. v. Sandoz, Inc.*, No. 19-0078-RGA, 2022 WL 842957, at *8, *10 (D. Del. Mar. 22, 2022).

**Maintaining Remission**. Norwich does not dispute that its Label will induce administration of rifaximin 550 mg BID to decrease breakthrough episodes or reduce the risk of HE recurrence. "Decreasing breakthrough episodes," "reducing the risk of HE recurrence," and

4

"maintaining remission of HE" are the "same thing."[3] Pls' FoF ¶ 71. And the clinical trial data in the Label—that formed the basis for the FDA's approval of rifaximin for "[r]eduction of risk of overt [HE] recurrence"—provides evidence of this. The results showed that 80% of patients taking rifaximin 550 mg BID maintained remission of HE, because they did not have overt HE recurrence during the study period. JTX 73, § 14.2 (Fig. 1); Pls' FoF ¶ 72. Therefore, Norwich's proposed Label need not "explicitly track the language of [the] claimed method" because it will "inevitably" encourage physicians and patients to maintain remission of HE. *Sanofi*, 204 F. Supp. 3d at 673-74; *AstraZeneca*, 633 F.3d at 1060.

This scenario is different than *Shire* where an ADHD indication did not induce infringement of a method of treating amphetamine abuse (an off-label use). *See Shire*, 2014 WL 2861430, at *5. Here, reducing the risk of HE and maintaining remission of HE are on-label, "interrelated," and "describe[e] the continuum of the same thing." Pls' FoF ¶ 71.

**Conn Score of 0 or 1**. Norwich does not dispute that for patients to be at "risk of overt [HE] recurrence," they must be in remission of HE. Norwich also does not dispute that the clinical studies in its Label only enrolled patients in remission as defined as a Conn score of 0 or 1. *See* Pls' FoF ¶ 85. And Norwich does not dispute that based on these studies, the FDA approved rifaximin to reduce the risk of overt HE. By inducing administration in patients at risk of experiencing overt HE recurrence, the Label will induce administration in patients having a Conn score of 0 or 1. *See* Pls' FoF ¶¶ 70-74, 83-87.

Norwich attempts to distinguish *Sanofi* by asserting that the indication section of Norwich's Label does not "direct a reader to look at the Clinical Studies section." Def's Res. Br.

---

[3] Plaintiffs' cite to Dr. Berg's testimony was not a mistake. When deposed, Dr. Berg testified under oath that "maintaining remission of HE" and "reducing the risk of HE recurrence" describe "the same thing." Tr. 252:9-18 (Berg). At trial, he changed his story and was impeached. *Id.*

at 8 n.4, 10. That distinction is not factually meaningful, given that patients will read both sections. *Supra* p. 2. Norwich cites no legal authority for its proposal that the Clinical Studies section is relevant to infringement only if another section cites to it. *Cf. GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 25 F.4th 949, 951 n.2 (Fed. Cir. 2022) (per curium, denying en banc review) (Moore, C.J., concurring) ("[T]he cobbling together argument is a nonstarter. We regularly allow claim elements to be found in different portions of a label.").

**Lactulose**. The Label will encourage co-administration of the ANDA Product with lactulose. *See* Pls' FoF ¶¶ 88, 90-93. In *Sanofi*, this Court found that the fact that "over half of the [patients in the clinical trial were] taking diuretics, and that the diuretics did not decrease positive outcomes from dronedarone, would encourage at least some physicians to administer dronedarone concomitantly with diuretics." 204 F. Supp. 3d at 682-83. Norwich has made no attempt to distinguish the facts of *Sanofi* from the lactulose claim. Here, a higher percentage of subjects in the clinical trials were administered both rifaximin and lactulose compared to *Sanofi*, confirming that Norwich's Label will induce co-administration. *See* JTX 73 §§ 1.2, 14.2 (91% of patients took rifaximin and lactulose concomitantly, and lactulose did not alter the treatment effect of rifaximin); Pls' FoF ¶ 91. Norwich's Label does not "merely present[] options" but includes data that would encourage the co-administration of both drugs. *Contra Genentech*, 2022 WL 842957, at *8, *10.

**Non-infringing uses**. Substantial non-infringing use does not negate intent, especially where "the proposed label itself recommends infringing acts." *Vanda Pharms. Inc. v. West-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1133 (Fed. Cir. 2018). In *Warner-Lambert* and *Genentech*, the labels did not recommend infringing acts. *See Genentech*, 2022 WL 842957, at *9 n.6 (substantial non-infringing uses were relevant because unlike in *Vanda*, "Plaintiffs [had] not proven that the proposed label recommends infringing acts"); *see Vanda*, 887 F.3d at 1132-33 (distinguishing

*Warner-Lambert* where the alleged infringing uses were off-label).

>    **D.    Infringement of IBS-D Claims**

**65 years of age or older.** The legal standard is not whether a label expressly makes every single use (or subset of use) a direct infringement, but rather whether the label will "encourage, recommend, or promote infringement." *Takeda*, 785 F.3d at 631. Norwich's Label will encourage administration to adults 65 years or older with IBS-D because its product is indicated in all "adults." Pls' FoF ¶ 101. Norwich overgeneralizes the holding of *Grünenthal* to suggest that an indication to a population cannot infringe a claim to a subpopulation. *See* Def's Res. Br. at 16. *Grünenthal* found that the defendant did not have intent to induce a claimed method to treat polyneuropathic pain—a subset of pain experienced in diabetic peripheral neuropathy pain— which was an indication that the generic defendant *carved out* of its label. *Grünenthal GmbH v. Alkem Lab'ys Ltd.*, 919 F.3d 1333, 1339-40 (Fed. Cir. 2019). Norwich made no attempt here to carve out any part of the IBS-D indication. *See also Hoffmann-La Roche Inc. v. Apotex Inc.*, C.A. No. 07-4417, 2010 WL 3522786, at *3 (D.N.J. Sept. 2, 2010) (granting summary judgment of inducement over generic's argument that "the scope of the treatment method stated by the label is much broader than the scope of the treatment method stated by the claims at issue, which means that there are substantial non-infringing uses.").

Norwich continues to assert that the number of IBS-D patients 65 years of age or older are insubstantial. Def's Res. Br. at 17. But the proportion of infringing versus non-infringing uses is not the standard for inducement. *See Vanda*, 887 F.3d at 1133 ("Section 271(b) … does not contain the 'substantial noninfringing use' restriction of section 271(c), on contributory infringement."); *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363-66 (Fed. Cir. 2003).

Thus, Norwich's reliance on *Acorda* and *Genentech* is misplaced. *Acorda* (decided before *Vanda*) did not find a lack of intent to induce *because* there were substantial non-infringing uses;

it found that mere sale of a product is not sufficient evidence of inducement where non-infringing uses were substantial. *Acorda Therapeutics Inc. v. Apotex Inc.*, C.A. No. 07-4937, 2011 WL 4074116, at *14, *18 (D.N.J. Sept. 6, 2011) (no intent to induce infringement of method of reducing somnolence by taking drug with food where FDA prohibited label from implying the drug reduced somnolence when taken with food). And Plaintiffs here are not relying solely on the Geriatric Use section as an affirmative recommendation. *Contra* Def's Res. Br. at 16 (referring, but not citing to Pls' Op. Br. at 12). Norwich's Indications section affirmatively recommends "treatment of [IBS-D] in adults," akin to the "directive language" this Court in *Genentech* distinguished from the "permissive language" it found insufficient to induce. JTX 73 at § 1.3; *cf. Genentech*, 2022 WL 842957, at *8 ("[W]hile the Asymptomatic Section lists some dose modifications covered by the Asserted Claims as potential treatment options, it does not affirmatively recommend any of them. There is a clear contrast between the directive language used in the first two bullet points … and the permissive language used in the third bullet point."). Thus, *GlaxoSmithKline* applies. *Cf. id.* at *8 ("Unlike in [*GlaxoSmithKline v.*] *Teva*, where substantial evidence supported the jury's determination that Teva's partial label contained information encouraging each claimed step, here the label only recommends discontinuation, which is a non-infringing use.") (cleaned up). Norwich does not "only recommend" a non-infringing use; it recommends "treatment of [IBS-D] in adults," which covers both infringing and non-infringing uses. *GlaxoSmithKline*, 7 F.4th at 1329-30.

The remainder of Norwich's infringement defense to claim 3 of the '667 patent seems to be an argument that its Label does not adequately support the efficacy of its ANDA Product in patients 65 years or older. Def's Res. Br. at 17. If it were not effective in adults (including 65 and older), the FDA would not have approved Xifaxan® 550 mg tablets to treat IBS-D "in adults." *See*

Tr. 529:18-530:20 (Schoenfeld). Norwich's reliance on Dr. Bortey to suggest otherwise is a misunderstanding of the FDA's analysis of clinical trial subgroups. Tr. 588:9-589:21 (Bortey) (the FDA accepts numerical superiority to show efficacy in a subgroup when there are no statistical differences observed between the subgroup and the overall patient population "treatment effect"); *see also* Tr. 582:21-583:7 (Norwich's infringement expert prescribes rifaximin to treat IBS-D because it "is effective in adults, period, including patients who are 65 years of age or older[.]").

**Durability of response.** The Label will encourage the use of its ANDA Product TID for 14 days to treat IBS-D. *Contra* Def's Res. Br. at 13 (citing JTX 73, §§ 1.3, 2.3); Pls' FoF ¶¶ 104-112. The Label's sections 1.3 and 2.3 are the affirmative instruction that "will inevitably lead some consumers to practice the claimed method" even if it "does not explicitly track the language of a claimed method." *Sanofi*, 204 F. Supp. 3d at 673-74; *Eli Lilly*, 845 F.3d at 1368-69; *Orexigen*, 282 F. Supp. 3d at 816. This inevitability line of cases did not require an internal cite to data showing the inevitable result. *E.g.*, *Orexigen*, 282 F. Supp. 3d at 816 (finding inducement based on dissolution data in the ANDA, not the label). The TARGET 3 data in Norwich's Label is additional evidence of Norwich's intent and knowledge to induce infringement. Pls' Op. Br. at 15. Norwich's expert admitted that by taking rifaximin as directed, some patients "will" have the claimed durability of response. Tr. 581:16-22 (Triadafilopoulos).

## II.    SECONDARY CONSIDERATIONS

**HE Claims.** Norwich offers no legal support for its suggestion that nexus cannot be presumed for method claims where the skepticism is tied to a method and that method is the claimed invention. *See* Def's Res. Br. at 19. Indeed, *Immunex Corp. v. Sandoz Inc.* affirmed nexus was properly presumed for claims "directed to the active ingredient in Enbrel® *and its method of manufacture*." 964 F.3d 1049, 1067 (Fed. Cir. 2020) (emphasis added). Skepticism that rifaximin

could retain its efficacy after prolonged administration (*i.e.*, clinical resistance), and concerns about the risk of superinfections, have a nexus to the claimed methods.

The FDA's approval of rifaximin for HE does not negate skepticism, because skepticism need not be that the claimed invention would be "impossible," "unworkable," or "technically infeasible." *Neptune Generics, LLC v. Eli Lilly & Co.*, 921 F.3d 1372, 1378 (Fed. Cir. 2019) (FDA's concerns with a trial design were evidence of skepticism, despite the FDA allowing the trials to continue). A range of opinions by third parties can be probative, including mere worry or surprise. See *id.* (*citing Circuit Check Inc. v. QXQ Inc.*, 795 F.3d 1331, 1337 (Fed. Cir. 2015)).

Short-term, off-label use of rifaximin to *treat* HE did not meet a long-felt need for long-term *prevention* of HE recurrence. And a drug is not required to cure the claimed condition to satisfy a long-felt need. *See Lundbeck v. Lupin Ltd.*, No. CV 18-88-LPS, 2021 WL 4944963, at *26, *92 (D. Del. Sept. 30, 2021) (drug did not have to be 100% effective in all patients or have no adverse side effects whatsoever to meet the long-felt need).

**IBS-D Claims.** Dr. Harary did not address any of Plaintiffs' evidence of skepticism that rifaximin could effectively treat a patient with IBS-D, and so Norwich's response on these facts is attorney argument. *See* Pls' Ans. Br. at 24-27 (responding to counsel's arguments). Norwich's reliance on off-label use to rebut skepticism fails for the same reasons its reliance on off-label use fails to show a reasonable expectation of success. *Id.* at 28. And it offers no further explanation for why off-label use of an unclaimed regimen negates a GI committee expert's 2011 comment that the claimed regimen is "a completely different paradigm and a different treatment structure." PTX 535 at 302, 307. Norwich's rebuttal is just that there is no nexus between the claims and a portion of the transcript on which Plaintiffs did not rely.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
Damien N. Dombrowski
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104
(212) 218-2100

Becky E. Steephenson
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5598

June 15, 2022

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 9, 2022, upon the following in the manner indicated:

Karen E. Keller                                                    *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

Matthew J. Becker                                                  *VIA ELECTRONIC MAIL*
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
*Attorneys for Defendant*

Aziz Burgy                                                         *VIA ELECTRONIC MAIL*
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
*Attorneys for Defendant*

Richardo S. Camposanto                                             *VIA ELECTRONIC MAIL*
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA  94105
*Attorneys for Defendant*

/s/ Karen Jacobs
Karen Jacobs (#2881)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 15, 2022, upon the following in the manner indicated:

Karen E. Keller                                                              *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

Matthew J. Becker                                                        *VIA ELECTRONIC MAIL*
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
*Attorneys for Defendant*

Aziz Burgy                                                                  *VIA ELECTRONIC MAIL*
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
*Attorneys for Defendant*

Richard S. Camposanto                                                *VIA ELECTRONIC MAIL*
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA  94105
*Attorneys for Defendant*

/s/ Karen Jacobs
Karen Jacobs (#2881)