# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD.; SALIX PHARMACEUTICALS, INC.; BAUSCH HEALTH IRELAND LTD.; ALFASIGMA S.P.A.,<br><br>    Plaintiffs,<br><br> v.<br><br>NORWICH PHARMACEUTICALS, INC.,<br><br>    Defendant. | C.A. No. 20-430 (RGA)<br><br>**REDACTED -<br>PUBLIC VERSION** |

**JOINT LETTER TO THE HONORABLE RICHARD G. ANDREWS
<u>REGARDING PROPOSED FORM OF JUDGMENT</u>**

I.    PLAINTIFFS' POSITION

Plaintiffs' and Norwich's proposed judgments (Exhibits A and B, respectively) present a dispute concerning whether the Court should determine now if Norwich's ANDA would induce infringement in the future based on hypothetical changes Norwich may make to its ANDA (which is still under review and lacks tentative approval). Norwich's judgment would automatically allow the FDA to approve its ANDA if Norwich were to amend it to carve out the HE indication (i.e., a label that is different from the one litigated by the parties) without any further action by this Court, by limiting the relief under § 271(e)(4)(A) (setting the date of earliest ANDA approval) to only an "ANDA with proposed labeling containing the indication 'reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults.'" This is improper because under § 271(e)(4)(A), the date of approval is tied to the drug product, not an indication. § 271(e)(4)(A) ("[T]he court shall order the effective date of any approval of the drug … product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed.").

In essence, Norwich asks the Court to render an advisory judgment, because it would constitute "an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); *see also Sierra Applied Sci., Inc. v. Adv. Energy Indus., Inc.*, 363 F.3d 1361, 1374, 1379 (Fed. Cir. 2004) ("[T]he court must carefully calibrate its analysis" in a case involving different products; "[t]o do otherwise would risk issuing an advisory opinion on … a method using that product—based on an actual controversy involving another product."); *Canon, Inc. v. Green Project, Inc.*, 12 Civ. 00576 (RWS), at *4 (S.D.N.Y. Aug. 29, 2013) (slip op.) ("[D]istrict courts have denied motions that 'would amount to an impermissible advisory opinion,' [when defendant] inappropriately seeks a pre-approval of its future behavior, namely, selling its redesign.") (Exhibit C). Norwich's argument that these were not ANDA cases is a distinction without a difference as they all involve Article III jurisdiction. Norwich proposes that the Court decide, without discovery or trial, that Norwich would not infringe the Asserted HE Patents if at some future date it were to amend its ANDA to purportedly carve out the HE indication—in effect, pre-approval of a design-around based on facts that have not occurred, the exact nature of which are unknown, and which may never come to pass. *See Forest Lab'ys, LLC v. Sigmapharm Laby's, LLC*, 2019 WL 3574249, at *4 (D. Del. Aug. 6, 2019); *see also Allergan, Inc. v. Sandoz, Inc.*, 2013 WL 6253669, at *3 (E.D. Tex. Dec. 3, 2013), *aff'd* 587 F. App'x 657 (Fed. Cir. 2014) (per curium) (denying motion to modify judgment after Federal Circuit affirmed trial court's validity findings; "[Sandoz's] amendment purports to carve out an infringing element in an attempt to escape the judgment . . . [Sandoz] asserts[] the Court should deem this design-around to not infringe the [patent] and the present injunction should be modified to permit Sandoz to launch this new version of its product . . . . Sandoz fully litigated the merits of its invalidity case before this Court, and then, displeased with the outcome, [now seeks] to escape the consequences of this choice by shifting to a different course after the fact.") (cleaned up).

The Court's Oral Order and Plaintiffs' judgment apply to "Norwich's ANDA," period. "Norwich's ANDA" served as the act of infringement under § 271(e)(2)(A) giving rise to jurisdiction, not a particular indication. The parties litigated and the Court asked the parties to assume that it decided that "Norwich's ANDA" would induce infringement of the Asserted HE Patents. Necessarily, that is based on the proposed labeling that Norwich submitted with its current ANDA—a label that contains HE and IBS-D indications; HE and IBS-D dosages; HE and IBS-D clinical, safety, and pharmacokinetic data; etc. Although the Court's opinion presumably will set forth the bases for its

decision, *see* FRCP 52(a), the judgment should reflect the ultimate decision—that "Norwich's ANDA" would induce infringement of the Asserted HE Patents and under § 271(e)(4)(A), "the effective date of *any approval* of the *drug . . . product*" cannot be until the last of the Asserted HE Patents expire. The judgment should not summarize the Court's findings on what portions of Norwich's label (e.g., the indication "reduction in risk of overt [HE] recurrence in adults") would induce infringement, and thus, by extension, what would not induce infringement. *See* FRCP 54(a) ("A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."). Norwich's recourse to the *Novartis v. West-Ward* judgment fails because all patents-in-suit were found not invalid, infringement was undisputed, and the judgment was not contested. Norwich concedes, and Plaintiffs agree, that this Court cannot enter judgment regarding a proposed "skinny" label. The parties never litigated the issue of what a future, hypothetical "skinny" label would look like, and whether it would infringe the Asserted HE Patents. Other than implying that it may carve out the HE indication (e.g., section 1.2 of its label), Norwich has not stated whether it would remove or revise other portions of the label, including sections Plaintiffs relied upon to prove infringement. Nor is there any way to know if the FDA will permit Norwich to revise or remove such language or would require other modifications. Thus, if Norwich were to carve out the HE indication (i.e., pursue a purported "skinny" label with the IBS-D indication), Plaintiffs would need further discovery on whether Norwich would still induce infringement of the Asserted HE Patents. As explained in *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320 (Fed. Cir. 2021) (*en banc*), a carve out is not an automatic exemption to inducement, and Plaintiffs would seek discovery similar to that relied on in *GSK* to prove inducement (e.g., Norwich's intent, marketing strategy, and marketing materials). *Id.* at 1337-38; *Forest*, 2019 WL 3574249, at *8 ("[I]t is neither fair to [plaintiff] nor an efficient use of judicial resources for me to guess as to how the parties will modify their arguments based on the [ANDA] amendments.").

But as it stands, there has been no change to the facts the parties litigated at trial. Norwich lacks tentative approval and thus far has declined Plaintiffs' request for updates as to the status of its ANDA. The last FDA correspondence Norwich produced was an October 18, 2021 Complete Response Letter, in which the FDA informed Norwich that it could not approve the ANDA in its present form and requested, among other things, that [redacted] Norwich has not disclosed whether it has responded to this letter, and if so, the status of the FDA's acceptance of Norwich's response. Not knowing when or whether Norwich's ANDA will receive tentative approval or what it will cover leaves the potential for emergency motion practice (i.e., a temporary restraining order and preliminary injunction) or need for an expedited appeal. Plaintiffs respectfully request a status conference to address these issues so that the parties and courts do not unnecessarily waste resources.

Finally, the parties dispute whether the judgment should include an injunction pursuant to § 271(e)(4)(B). That disagreement largely mirrors that over whether Norwich is entitled to an advisory opinion. Stripped of this dispute, once, as here, liability is established, the court has routinely entered injunctions that apply to the ANDA, "including any amendments or supplements thereto." *See, e.g., Onyx Therapeutics, Inc. v. Cipla Ltd.*, C.A. No. 16-998 (D. Del. May 15, 2020) (D.I. 549) (Exhibit D) (Exhibit G (presenting dispute over whether the ANDA defendant was "improperly attempting to 'carve out' of the judgment some unknown and unidentified future modification to the formulating of its proposed ANDA product.")). To the extent, however, there were any dispute, the parties can have further briefing on the *eBay* factors.

## I.     DEFENDANT'S POSITION

The Court directed the parties to submit a proposed final judgment that assumed the Court will find the asserted polymorph claims and IBS-D patent claims ("IBS-D claims") invalid. Norwich's proposal does this and would grant Salix the relief it is entitled to based on the only claims it prevailed on – the asserted HE patent claims ("HE claims"). Specifically, Norwich proposes a form of judgment (Exhibit B) that restricts the effective date of approval of Norwich's ANDA only if the proposed labeling contains the HE indication, and does not enjoin Norwich from selling its ANDA Product because Salix has failed to create any record justifying injunctive relief. This proposal would leave Norwich the option of seeking to amend its ANDA, which has not been tentatively approved, to carve out the HE indication pursuant to 21 U.S.C. § 355(j)(2)(A)(viii). Salix's proposal, on the other hand, would prevent FDA from approving, and Norwich from marketing, Norwich's ANDA Product with *any* proposed labeling until *2029*. Neither the Court's presumptive rulings nor the record in this case entitle Salix to this additional relief.

### A.     The Approval Date of Norwich's ANDA Should Only Be Restricted If the ANDA Labeling Contains the HE indication.

Norwich proposes that the "effective date . . . of any final approval by FDA of Norwich's ANDA *with proposed labeling containing [the HE indication]* shall be a date not earlier than the latest expiration of the Asserted HE Patent Claims . . . ." This acknowledges that the product has been approved for two distinct indications and that this Court's July 28, 2022 Oral Order (D.I. 189) (the "Order") found only that the asserted HE claims were valid and infringed.

Rifaximin 550 mg tablets are indicated for (1) "treatment of irritable bowel syndrome with diarrhea (IBS-D) in adults" and (2) "reduction in risk of overt hepatic encephalopathy (HE) recurrence in adults." These indications, however, are not related. Each indication is directed to a different condition and set of patients, and each requires a different dose and dosing regimen. Indeed, each party had different experts having different expertise address disputed issues of infringement concerning the asserted IBS-D and HE patent claims. In addition, the patent use codes submitted by Salix and listed in FDA's Orange Book for the asserted HE patents (e.g., "reduction in risk of overt [HE] recurrence" and "reduction in subject's risk of experiencing a breakthrough overt [HE] episode") are not directed to treating IBS-D.

The Order stated that the asserted IBS-D claims, and the asserted polymorph claims, would be found invalid as obvious. Thus, the IBS-D and polymorph patents cannot restrict Norwich from marketing its ANDA product, and were not infringed by the submission of Norwich's ANDA. Moreover, Salix did not allege or offer evidence at trial that the IBS-D indication would induce infringement of the asserted HE claims. Accordingly, any relief granted to Salix should be based on the presence of the HE indication in the proposed ANDA labeling because that is what has been adjudicated to induce infringement of the asserted HE claims.

Contrary to Salix's argument that a judgment may only address "Norwich's ANDA" as a whole, this Court is not foreclosed from assessing relief on an indication-by-indication basis. For example, in *Novartis Pharms. Corp. et al. v. West-Ward Pharmaceuticals Int'l. Ltd.*, C.A. 15-474, D.I. 103 (D. Del. 2017) (Exhibit E), the court entered judgment restricting the approval date of the disputed ANDA according to each indication. There, the patentee showed that the different patents

covering the two indications were valid and infringed. Here, different patents cover the HE and IBS-D indications, and Norwich has prevailed on the IBS-D claims.

Salix's assertion that Norwich's proposed judgment seeks an advisory opinion is erroneous. In fact, the opposite is true. Norwich's proposed judgment is based on only what has been adjudicated by this Court – that the HE indication in Norwich's label induces infringement of the HE patents and that the HE patents are valid. In contrast, by ordering that FDA delay the effective date of approval of Norwich's ANDA regardless of whether the ANDA contains an indication directed to HE, Salix seeks a judgment that deems any label proposed in Norwich's ANDA infringing. Yet, Salix is not entitled to such broad or speculative relief because that issue exceeds the scope of jurisdiction of this Court. This is especially true where the law permits ANDA applicants to carve out an indication from the drug label. 21 U.S.C. § 355(j)(2)(A)(viii). If Norwich were to carve out the HE indication from its proposed ANDA labeling, then the predicate for delaying the approval of Norwich's ANDA until after the expiration of the asserted HE patent claims under Section 271(e) would no longer exist. Norwich does not ask this Court to enter judgment regarding, or "pre-approve," a proposed "skinny" label for only the IBS-D indication. It asks this Court to reject any proposed judgment that presupposes labeling excluding the HE indication would infringe the asserted HE patent claims, or precludes Norwich's ability to seek a skinny label. Notably, Salix did not assert any HE patent in *Salix Pharms. Ltd. et al., Inc. v. Sandoz, Inc*., C.A. No. 19-18566, D.I. 15 (D.N.J. Dec. 16, 2019) (Exhibit F), where another ANDA filer sought approval of the product for only the IBS-D indication.

Salix's case law regarding "advisory opinions" is inapposite. *Aetna*, *Sierra*, or *Canon* do not address an ANDA case or facts remotely congruent with the present dispute. In *Allergan*, the drug had one indication, a stipulation of infringement of the patent covering that indication was entered before trial, and the infringer later attempted a design-around by removing certain information from its proposed labeling *for the same indication*. In *Forest Laboratories*, the case involved a product claim and the infringer sought to change its product specification after trial. Here, the dispute is driven by the drug having two distinct indications, and not a product change.

### B. Plaintiffs Have Not Met Their Burden to Obtain Injunctive Relief.

The Court's finding that Norwich would induce infringement of the asserted HE claims does not mandate injunctive relief. *Bayer Pharma AG v. Watson Labs., Inc*., C.A. No. 12-1726-LPS, 2016 WL 7468172, at *4 (D. Del. Dec. 28, 2016) (denying injunctive relief). To obtain an injunction, Salix must satisfy a four-factor test that is well-known to this Court. *Id*. Salix has not created any record demonstrating irreparable harm or the inadequacy of available legal remedies. In fact, Salix presented no evidence to the Court whatsoever of the commercial sales of its branded product, nor of its significance to Salix. Contrary to Salix's assertion, irreparable harm is not "presumptive," and whether courts "routinely enter[ ] injunctions under § 271(e)" is irrelevant. Salix's reliance on *Onyx Therapeutics* is misplaced because the entry of an injunction was not contested and the patents covered a composition and not a method of use. In addition, Norwich's ANDA with proposed labeling for the HE indication could not be approved under either party's proposed judgment before the expiration of the asserted HE claims. *See Alcon, Inc. v. Teva Pharms. USA, Inc*., C.A. No. 06-234-SLR, 2010 WL 3081327, at *3 (D. Del. Aug. 5, 2010) (Section 271(e)(4)(A) provided a legal remedy). Thus, an injunction is not warranted.

Respectfully,

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Cameron P. Clark* | */s/ Nathan R. Hoeschen* |
| Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A.* | Karen E. Keller (#4489)<br>Nathan R. Hoeschen (#6232)<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com<br><br>*Attorneys for Defendant Norwich Pharmaceuticals, Inc.* |

August 3, 2022