IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; | ) | |
| SALIX PHARMACEUTICALS, INC.; | ) | **Redacted - Public Version** |
| BAUSCH HEALTH IRELAND LTD.; | ) | |
| ALFASIGMA S.P.A., | ) | ███████████████ |
| | ) | |
| Plaintiffs, | ) | ███████████████ |
| | ) | |
| v. | ) | C.A. No. 20-430 (RGA) |
| | ) | |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF
DEFENDANT NORWICH PHARMACEUTICALS, INC.'S
MOTION TO MODIFY JUDGMENT PURSUANT TO RULE 60(B)**

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT  06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richard S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated:  September 7, 2022

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDING.............................................................. 1

II.  SUMMARY OF THE ARGUMENT ........................................................................ 2

III. STATEMENT OF FACTS ...................................................................................... 3

IV.  LAW ........................................................................................................................ 5

V.   ARGUMENT ........................................................................................................... 6

    A.   Norwich's Amended ANDA Changes the Factual Conditions that Gave
    Rise to the Order Delaying FDA's Approval of Norwich's ANDA..................... 7

        1.   Norwich's Amended ANDA Effectively
        Satisfies the Judgment on the Original ANDA............................................ 7

        2.   The Modified Judgment Would  Prevent FDA's Approval of Norwich's
        ANDA for  the HE Indication Before the Asserted HE Patents Expire...... 8

        3.   Salix Could Not State A Claim for Patent
        Infringement of the Asserted HE Patents under
        35 U.S.C. § 271(e)(2) Regarding Norwich's Amended ANDA. ................ 9

            a.   A Section viii statement does not give rise
             to a Section 271(e)(2) claim of patent infringement..................... 9

            b.   Norwich's ANDA label will not
            induce infringement of the Asserted HE Patents. ......................... 11

    B.   Ordering FDA to Delay the Approval of Norwich's Amended ANDA
    Prospectively Is No Longer Equitable Based on the Changed Circumstances..... 13

    C.   The Continued Prohibition of FDA Approval of Norwich's
    Amended ANDA Would Pose an Extreme and Unexpected Hardship. ............... 17

VI.  CONCLUSION......................................................................................................... 18

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan, Inc. v. Sandoz Inc.*,
C.A. No. 09-CV-182, 2011 WL 3794364 (E.D. Tex. Aug. 25, 2011), *aff'd in part*, *rev'd in part*, 726 F.3d 1286 (Fed. Cir. 2013) .......................................................7, 15, 16

*Allergan, Inc. v. Sandoz, Inc.*,
No. 2:09-CV-97, 2013 WL 6253669 (E.D. Tex. Dec. 3, 2013), *aff'd* 587 F. App'x 657 (Fed. Cir. 2014)........................................................................................15, 16

*Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*,
578 F. Supp. 3d 642 (D. Del. Jan. 4, 2022) ...................................................................10, 11

*AstraZeneca Pharms. LP v. Apotex Corp.*,
669 F.3d 1370 (Fed. Cir. 2012)..............................................................................................10

*Bldg. & Const. Trades Council of Philadelphia and Vicinity, AFL–CIO v. N.L.R.B.*,
64 F.3d 880 (3d Cir. 1995)........................................................................................................5

*Caraco Pharm. Lab'ys, Ltd. v. Novo Nordisk A/S*,
566 U.S. 399 (2012)................................................................................................................11

*Convolve, Inc. v. Dell Inc. et al.*,
C.A. No. 2:08-CV-244, 2017 WL 2463398 (E.D. Tex. June 7, 2017) .............................14, 15

*Cox v. Horn*,
757 F.3d 113 (3d Cir. 2014)......................................................................................................6

*Ellington v. Vance*,
C.A. No. 20-CV-1100, 2022 WL 903494 (D. Del. Mar. 28, 2022)..........................................6

*Forest Lab'ys, LLC v. Sigmapharm Lab'y's, LLC*,
Civ. No. 14-1119-MSG, 2019 WL 3574249 (D. Del. Aug. 6, 2019) .....................................15

*Gillespie v. Janey*,
527 F. App'x 120 (3d Cir. 2013) ...............................................................................................5

*GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*,
7 F.4th 1320 (Fed. Cir. 2021) .................................................................................................10

*H. Lundbeck A/S v. Apotex, Inc.*,
C.A. No. 18-88-LPS, 2020 WL 3507795 (D. Del. Jun. 26, 2020) ...........................................7

*Horne v. Flores,*
    557 U.S. 433 (2009)............................................................................................5

*Life Techs., Inc. v. Promega Corp.,*
    189 F.R.D. 334 (D. Md. 1999)....................................................................15, 17

*In re Linerboard Antitrust Litig.,*
    361 F. App'x. 392 (3d. Cir. 2010) ..............................................................5, 13

*Marshall v. Bd. of Ed., Bergenfield, N. J.,*
    575 F.2d 417 (3d Cir. 1978)..............................................................................6

*McCracken v. R.J. Reynolds Tobacco,*
    842 F. App'x 722 (3d Cir. 2021) .......................................................................6

*nCube Corp. v. SeaChange Int'l, Inc.,*
    809 F. Supp. 2d 337 (D. Del. 2011)................................................................16

*Prism Techs., LLC v. Sprint Spectrum L.P.,*
    C.A. No. 8:12CV123, 2017 WL 3396463 (D. Neb. Aug. 8, 2017), *aff'd*, 757
    F. App'x 980 (Fed. Cir. 2019) ..................................................................10, 14

*Rufo v. Inmates of Suffolk Cnty. Jail,*
    502 U.S. 367 (1992)...........................................................................................8

*TiVo Inc. v. EchoStar Corp.,*
    646 F.3d 869 (Fed. Cir. 2011) .........................................................................16

*Warner-Lambert Co. v. Apotex Corp.,*
    316 F.3d 1348 (Fed. Cir. 2003).................................................................7, 8, 10

## Statutes

21 U.S.C. § 355(j)(2)(A)(viii)................................................................................2, 10

35 U.S.C. § 271(e)(2)...............................................................................................*passim*

35 U.S.C. § 271(e)(2)(A)...............................................................................................4

35 U.S.C. § 271(e)(4)(A) .......................................................................................1, 2, 7

## Other Authorities

21 C.F.R. § 314.94(a)(12)(iii)(B)....................................................................................9

21 C.F.R. § 314.96(d)(1)..................................................................................................9

21 CFR §§ 314.53(c)(2)(ii)(P)(3), (e) ...........................................................................11

Fed. Rule Civ. P. 60(b) ........................................................................................ *passim*

Pursuant to Rule 60(b), Norwich Pharmaceuticals, Inc. ("Norwich") moves to modify a portion of the August 10, 2022, Final Judgment (D.I. 193) (the "Judgment") by limiting the order under Section 271(e)(4)(A) that is blocking the approval of Norwich's ANDA until the expiration of the Asserted HE Patents[1] directed to hepatic encephalopathy.  Norwich no longer seeks approval for the patented hepatic encephalopathy indication that the Judgment held infringed the Asserted HE Patents.  The specific conduct that provided the predicate for ordering FDA to delay the effective date of the approval of Norwich's ANDA under Section 271(e)(4)(A) no longer exists.  Thus, delaying the approval of Norwich's ANDA for seven more years, despite these changed circumstances, is neither necessary nor equitable and would be detrimental to the public interest.

## I.      NATURE AND STAGE OF THE PROCEEDING

This proceeding is a Hatch-Waxman patent infringement action.  In December 2019, Norwich submitted Abbreviated New Application No. 214369 ("Norwich's Original ANDA") to the United States Food and Drug Administration ("FDA"), seeking authorization to market generic rifaximin 550 mg tablets ("Norwich's ANDA Product").  (PTO Ex. 1 ¶ 16.)  Norwich's Original ANDA sought authorization to market its ANDA Product for two indications: (i) treatment of irritable bowel syndrome with diarrhea in adults ("the IBS-D Indication"), and (ii) reduction in the risk of overt hepatic encephalopathy (HE) recurrence ("the HE Indication").

In March 2020, Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. ("Salix") filed a patent infringement action against Norwich under 35 U.S.C. § 271(e)(2) based on the Paragraph IV certifications contained

---

[1] The "Asserted HE Patents" refers to claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent").

in Norwich's Original ANDA.  (D.I. 1.)  Salix filed an Amended Complaint in November, 2020.

The Court held a bench trial in March 2022.

On August 10, 2022, this Court issued a Trial Opinion and entered the Judgment.  (D.I. 191, 193.)  The Judgment found that the asserted patents covering the IBS-D Indication and a polymorphic form of rifaximin were invalid.  (D.I. 193 ¶ 4.)  It also found that "pursuant to 35 U.S.C. § 271(e)(2), Norwich's submission of Norwich's ANDA No. 214369 was an act of infringement of" the Asserted HE Patents.  (D.I. 193 ¶ 3.)  The Judgment ordered that, under 35 U.S.C. § 271(e)(4)(A), "the effective date of any final approval by [FDA] of [Norwich's Original ANDA] is to be a date not earlier than the date of expiration of the last to expire of the [Asserted HE Patents] (currently Oct. 2, 2029) . . . ."  (D.I. 193 ¶ 5.)

On August 16, 2022, Salix filed a Notice of Appeal of the Judgment.  The Federal Circuit docketed Salix's appeal, which is docket number 22-2153.

## II.    SUMMARY OF THE ARGUMENT

1.    On September 6, 2022, Norwich amended its ANDA (the "Amended ANDA") by striking the HE Indication from the product labeling and withdrawing the Paragraph IV certifications to the Asserted HE Patents.  Norwich's Amended ANDA seeks approval of a "skinny" label for only the IBS-D Indication pursuant to 21 U.S.C. § 355(j)(2)(A)(viii) ("Section viii statement").  Thus, the marketing of Norwich's ANDA product is not blocked by any valid patents covering a patented use of the drug.

2.    A continued prohibition of the approval of Norwich's Amended ANDA for the IBS-D Indication would be inequitable and impose an extreme hardship on Norwich.  The removal of the HE Indication, and withdrawal of the Paragraph IV certifications on the Asserted HE Patents, effectively satisfies the judgment.  Norwich, therefore, cannot obtain FDA approval for the HE Indication before the expiration of the Asserted HE Patents.  Conversely, Salix cannot

state a claim for patent infringement of the Asserted HE Patents against Norwich's Amended

ANDA under Section 271(e)(2).  Regardless, Norwich does not seek to disturb the findings of

this Court in regards to the HE Indication contained in Norwich's Original ANDA and the

Asserted HE Patents; it seeks only to suitably tailor the relief in the Judgment to the specific

conduct that was found to infringe the Asserted HE Patents.

3.      Norwich set out to clear the patent thicket that Salix created in order to obtain

approval of two different indications for two different sets of patients.  Norwich prevailed on one

indication for one set of patients.  It seeks to market its generic tablets for that one indication.

Norwich had no obligation to correctly predict the outcome of trial.  Congress has recognized

that a drug may have multiple indications and designed a framework that permits an ANDA

applicant to seek approval of one indication when a second indication is protected by patents.

This is true regardless of when Norwich submitted its Section viii statement.  Continuing to order

FDA to delay the approval of Norwich's Amended ANDA for the IBS-D Indication frustrates

Congressional purpose.

## III.   STATEMENT OF FACTS

Norwich's Original ANDA contained Paragraph IV certifications to each of the

unexpired patents listed in FDA's Orange Book, including the Asserted HE Patents.  (D.I. 158,

Exhibit 1 ("PTO Joint Statement of Uncontested Facts) at ¶¶ 17, 19.)  Each Paragraph IV

certification stated that each patent was invalid, unenforceable, or would not be infringed by the

manufacture, sale, or use of Norwich's ANDA Product.  (*Id.*)

Salix filed a patent infringement action under 35 U.S.C. § 271(e)(2) based on the

Paragraph IV certifications contained in Norwich's Original ANDA.  (D.I. 1.)  For example,

Salix's Complaint stated: "By submitting ANDA No. 214369 to the FDA to obtain approval [ ]

to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of

Norwich's ANDA Product [ ] prior to expiration of the '573 patent, [Norwich] committed an act of infringement of the '573 patent under 35 U.S.C. § 271(e)(2)(A)."  (D.I. 1 ¶ 141.)

On August 10, 2022, the court entered Judgment holding that the asserted patents covering the IBS-D Indication were invalid.  (D.I. 193 ¶ 4.)  The Judgment also held that the Asserted HE Patents were valid and would be infringed by the use of Norwich's ANDA Product according to the original labeling.  (*Id*. ¶ 3.)  It further ordered FDA to not approve Norwich's ANDA before the expiration of the Asserted HE Patents.  (*Id*. ¶ 5.)  In its Memorandum addressing a dispute over the form of judgment, the Court explained that:

> The scope of my ruling is that the HE patents are not invalid, and that the HE indication would infringe the HE patents. Norwich's proposed ANDA has the HE indication.  I cannot rule on facts that are not before me. That Norwich may seek to carve out the HE indication as permitted by 21 U.S.C. § 355(j)(2)(A)(viii) is immaterial to this analysis.  That label is not before me.

(D.I. 192 at 2.)

On September 6, 2022, Norwich submitted a patent and labeling amendment to its ANDA that removed the HE Indication from the proposed ANDA labeling and withdrew the Paragraph IV certifications to each of the Asserted HE Patents.  (September 7, 2022 Declaration of Matthew Murphy ("Murphy Decl."), Ex. 1 (Norwich's September 6, 2022 Patent and Labeling Amendment) at Motion-002, Motion-004-005.)  Norwich's Amended ANDA strikes, among other things, each of the sections of the proposed labeling directed to the HE Indication, including ███████████████████████████████████████████████

███████████████.  (Murphy Decl., Ex. 1 at Motion-011, -022-024.)  As amended, the proposed labeling does not ███████████████████████████████████████████████████

███████████  (Murphy Decl., Ex. 1 at Motion-031-045.)

Norwich's Amended ANDA seeks FDA authorization for a single use – the treatment of IBS-D in adults – having a single dosing regimen – 550 mg three times per day for 14 days. (Murphy Decl., Ex. 1 at Motion-034.)

## IV.    LAW

"Rule 60(b) authorizes a court to grant relief from a final judgment if 'applying [the order] prospectively is no longer equitable' or for 'any other reason that justifies relief.'" *In re Linerboard Antitrust Litig.*, 361 F. App'x. 392, 397 (3d. Cir. 2010) (quoting Fed. R. Civ. P. 60(b)(5),(6)) (affirming relief from injunction).

Rule 60(b)(5) allows relief from a judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).  It "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009).  Rule 60(b)(5) only "provides for relief from injunction or consent decrees." *Gillespie v. Janey*, 527 F. App'x 120, 121 n.1 (3d Cir. 2013).  Courts "must balance the hardship to the party subject to the injunction against the benefits to be obtained from maintaining the injunction." *Bldg. & Const. Trades Council of Philadelphia and Vicinity, AFL–CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir. 1995).  "A subsequent change in the controlling facts on which the injunction rested . . . may warrant a modification or vacation of the continuing restraint." *Id*. (quoting 7 James W. Moore, *Moore's Federal Practice* ¶ 60.26[4], at 60–258 to 60–260 (2d ed. 1995)).  "The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion when it refuses to modify an injunction [ ] in light of such changes." *Horne*, 557 U.S. at 447.

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).  Courts should apply a "flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case." *Id*. at 122. The courts, however, should exercise their broad powers under Rule 60(b)(6) only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Id*. at 120.

"[W]hen a Rule 60(b) motion is filed within 28 days after the entry of the district court's judgment, the district court has full authority to adjudicate that motion, and an appeal from that court's judgment does not become effective until after the court adjudicates the motion." *Ellington v. Vance*, C.A. No. 20-CV-1100, 2022 WL 903494, *1 (D. Del. Mar. 28, 2022) (citing *McCracken v. R.J. Reynolds Tobacco*, 842 F. App'x 722, 725 n.2 (3d Cir. 2021) (citing Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i))).

## V.    ARGUMENT

The Court should modify the relief granted in the Judgment pursuant to Rule 60(b)(5) and 60(b)(6), as proposed by Norwich (Exs. A and B (redline)), to remove the absolute prohibition on FDA's approval of Norwich's Amended ANDA before October 2, 2029.[2]  By removing the HE Indication from the proposed ANDA labeling, Norwich's Amended ANDA satisfies the judgment on the Asserted HE Patents, and ordering FDA to delay the effective date of approval of Norwich's ANDA Product for the IBS-D Indication is no longer equitable.

---

[2] The restraint on the effective date of final approval of Norwich's ANDA by FDA is executory or prospective in nature, and therefore can be modified at the discretion of the Court under Rule 60(b). *Marshall v. Bd. of Ed., Bergenfield, N. J.*, 575 F.2d 417, 425 (3d Cir. 1978).

**A.**  **Norwich's Amended ANDA Changes the Factual Conditions that Gave Rise to the Order Delaying FDA's Approval of Norwich's ANDA.**

**1.**  **Norwich's Amended ANDA Effectively Satisfies the Judgment on the Original ANDA.**

Norwich's Amended ANDA strikes the HE Indication from the proposed ANDA labeling and withdraws Norwich's Paragraph IV certifications on each of the Asserted HE Patents.  Thus, Norwich has agreed to the relief that Salix set out to obtain on the Asserted HE Patents.  *Cf. H. Lundbeck A/S v. Apotex, Inc.*, C.A. No. 18-88-LPS, 2020 WL 3507795, *5 (D. Del. Jun. 26, 2020)* ("Sandoz, by converting from Paragraph IV to Paragraph III, has already essentially given Plaintiffs what they asked for from the Court.  By Sandoz's own actions, the FDA cannot now give final approval to Sandoz's ANDA until after the expiration of the polymorph patents.  There is no additional relief the Court can now provide.").  This effectively satisfies the judgment of infringement under 35 U.S.C. § 271(e)(2), and resolves the need for a restraint of FDA's approval of Norwich's Amended ANDA under 35 U.S.C. § 271(e)(4)(A).

By striking the HE Indication, Norwich's Amended ANDA does not seek FDA authorization to do what the Asserted HE Patents may legally exclude persons from doing under Section 271(e)(2).  "It shall be an act of infringement to submit [ ] an [ANDA] for a drug claimed in a patent or *the use of which is claimed in a patent*."  35 U.S.C. § 271(e)(2) (emphasis added).  Each of the Asserted HE Patents recite a method of maintaining remission of HE or reducing the risk of HE recurrence in a subject.  Norwich's Amended ANDA, however, only seeks approval for an indication for treating of IBS-D in adults – a distinct indication having a distinct dosing regimen.  Under 35 U.S.C. § 271(e)(2), courts analyze "whether what the generic drug maker is requesting authorization for in the ANDA would be an act of infringement if performed."  *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003).  A "request to make and sell a drug labeled with a permissible (non-infringing) use cannot

reasonably be interpreted as an act of infringement (induced or otherwise) with respect to a

patent on an unapproved use, as the ANDA does not induce anyone to perform the unapproved

acts required to infringe." *Id*. at 1364-65.  Further, Norwich could not market its ANDA Product

for the HE Indication – an unapproved use – without violating federal law. *Id.* at 1365.

Accordingly, Norwich's Amended ANDA effectively satisfies the judgment of infringement on

the Asserted HE Patents under Section 271(e)(2) and, in turn, eliminates the statutory predicate

for enjoining FDA's approval of Norwich's Amended ANDA until October 2029.

### 2. The Modified Judgment Would Prevent FDA's Approval of Norwich's ANDA for the HE Indication Before the Asserted HE Patents Expire.

There is no risk that FDA could authorize labeling for Norwich's ANDA Product that

contains the HE Indication before the Asserted HE Patents expire.  First, Norwich's Amended

ANDA states that, ███████████████████████████████████████████

███████████████████████████████████ (Murphy Decl., Ex. 1 at Motion-

004.)  Second, Norwich does not seek to disturb the Court's conclusions regarding infringement

of the Asserted HE Patents by the submission of Norwich's Original ANDA, which contained

proposed labeling for the HE Indication.  Nor does it seek to shorten the restraint on FDA's

approval of Norwich's ANDA for the HE Indication.  Norwich proposes (Exhibit A) limiting the

restraint on the timing of FDA's approval to the extent Norwich's ANDA maintains Paragraph

IV certifications to the Asserted HE Patents. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367,

391 (1992) ("the proposed modification [must be] suitably tailored to the changed

circumstance").

To carve the HE Indication from its proposed ANDA labeling, Norwich's Amended

ANDA had to withdraw Norwich's Paragraph IV certifications on each of the Asserted HE

Patents.  Absent a Paragraph IV certification on each Asserted HE Patent, FDA cannot approve

Norwich's ANDA Product for the HE Indication before the Asserted HE Patents expire.  *See* 21 C.F.R. 314.94(a)(12)(iii)(B).  Even assuming that Norwich could later reverse course, Norwich would need to (i) resubmit a Paragraph IV certification on each of the Asserted HE Patents, and (ii) notify Salix of the same.  *See* 21 C.F.R. 314.96(d)(1) (directing an applicant to submit a patent certification if it amends its ANDA "[t]o add a new indication or other condition of use.").  If that happened, Norwich's proposed modified judgment would prevent FDA from approving that ANDA for the HE Indication because Norwich's ANDA would then contain a Paragraph IV patent certification on the Asserted HE Patents.  Whether by the absence of a Paragraph IV certification on the Asserted HE Patents or a function of the modified judgment, FDA could not authorize Norwich's ANDA for the HE Indication – the only aspect of its ANDA adjudged to be infringing – before the Asserted HE Patents expire.

### 3.  Salix Could Not State A Claim for Patent Infringement of the Asserted HE Patents under 35 U.S.C. § 271(e)(2) Regarding Norwich's Amended ANDA.

Salix has no right to exclude the product or labeling provided in Norwich's Amended ANDA from the market.  Norwich does not ask this Court to decide, however, whether Norwich's Amended ANDA for the IBS-D Indication would infringe the Asserted HE Patents because, as shown below, a claim for patent infringement of the Asserted HE Patents under 35 U.S.C. § 271(e)(2) against Norwich's Amended ANDA would be futile.

### a.  A Section viii statement does not give rise to a Section 271(e)(2) claim of patent infringement.

"[A] patented method of using a drug can only be infringed under § 271(e)(2) by filing an ANDA that seeks approval to market the drug for that use.  Thus, an ANDA seeking to market a drug not covered by a composition patent for unpatented methods of treatment cannot infringe

under § 271(e)(2)." *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1379 (Fed. Cir. 2012) (internal citations omitted).

Congress has recognized "that a single drug could have more than one indication and yet that the ANDA applicant could seek approval for less than all of those indications." *Warner-Lambert*, 316 F.3d at 1360. When a "method of use patent [ ] does not claim a use for which the applicant is seeking approval, an applicant may [ ] submit a statement under 21 U.S.C. § 355(j)(2)(A)(viii) averring that the ANDA excludes all uses claimed in the patent ("Section viii statement")." *AstraZeneca Pharms. L.P.*, 669 F.3d at 1374. In that instance, a Paragraph IV certification "need not be provided for a patent claiming a use for which the ANDA applicant is not seeking approval [ ]." *Warner-Lambert Co.*, 316 F.3d at 1361. Thus, an ANDA applicant may "limit the scope of regulatory approval they seek—and thereby forego Paragraph IV certification and a § 271(e)(2) infringement suit—by excluding patented indications from their ANDAs." *AstraZeneca Pharms. L.P.*, 669 F.3d at 1379.

In *AstraZeneca*, the ANDA applicant did not seek FDA approval for one approved use of the drug and submitted a Section viii statement in regards to two patents alleged to cover that approved use. *Id.* at 1374-74. The Federal Circuit affirmed the district court's dismissal of a patent infringement claim under Section 271(e)(2) for failing to state a claim for relief because the ANDA label had carved out the patented indication. *Id.* at 1380-81. *See also Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 578 F. Supp. 3d 642, 647-648 (D. Del. Jan. 4, 2022) (granting motion to dismiss complaint for failing to state a claim for relief where the ANDA applicant had submitted a Section viii statement concerning a patented use of the drug).

The Federal Circuit's "narrow, case-specific review" in *GlaxoSmithKline LLC v. Teva Pharmaceuticals USA, Inc.*, 7 F.4th 1320 (Fed. Cir. 2021) ("*GSK*"), did not obviate the use of a

proper Section viii statement to avoid an inducement claim.  As this Court recognized in *Amarin*, "it is still the law that 'generics could not be held liable for merely marketing and selling under a 'skinny' label omitting all patented indications, or for merely noting (without mentioning any infringing uses) that FDA had rated a product as therapeutically equivalent to a brand-name drug.'" *Amarin Pharma, Inc.*, 578 F.Supp.3d at 645 (*quoting GSK*, 7 F.4th at 1326).

> **b.    Norwich's ANDA label will not**
> **induce infringement of the Asserted HE Patents.**

Norwich's Amended ANDA proposes labeling that does not provide any reasonable basis to support a claim of induced infringement of the Asserted HE Patents.[3]  First, the IBS-D Indication does not overlap with any patent use code listed by Salix in the Orange Book for the Asserted HE Patents:

| Asserted HE Patent | Patent Use Code | IBS-D Indication |
|---|---|---|
| '573 patent, claim 8<br>'195 patent, claim 6 | U-1481:  "reduction in risk of overt [HE] recurrence" | "treatment of [IBS-D] in adults" |
| '397 patent, claims 11-12 | U-2579:  "reduction in a subject's risk of experiencing a breakthrough overt [HE] episode" | |

(Murphy Decl., Ex. 2 at 3-5.)  *See* 21 CFR §§ 314.53(c)(2)(ii)(P)(3), (e) (requiring brand drug sponsors to provide a "description of the patented method of use"); *Caraco Pharm. Lab'ys, Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 407 (2012) ("Only if the use code provides sufficient space for the generic's proposed label will the FDA approve an ANDA with a section viii statement.").  The IBS-D and HE Indications are directed to distinct medical conditions in distinct populations.

---

[3] Salix did not assert claims for direct or contributory infringement of the Asserted HE Patents at trial.  Regardless, Norwich will not "administer" its ANDA Product to a subject and therefore cannot directly infringe a claim of the Asserted HE Patents.  Moreover, the use of Norwich's ANDA Product for the IBS-D Indication provides a substantial non-infringing use.

At trial, both parties presented different slates of medical experts to address infringement issues relating to each indication.

Second, Norwich's amended labeling strikes the statements cited by Plaintiffs and relied on by the Court in finding inducement. The ███████████████████ does not appear in the amended labeling. For example, ███████████████████████████████████ ████████████████████████. (Murphy Decl., Ex. 1 at Motion-011.) Thus, the amended labeling cannot instruct a subject to use Norwich's ANDA Product for "reduction in the risk of overt HE recurrence" or to "administer" 550 mg of rifaximin twice a day to do so. In addition, each of the Asserted HE Patents contains a limitation requiring daily administration of rifaximin 550 mg twice a day for "12 months or longer." Regarding the "12 months or longer" limitation, the Court found that:

> Norwich's product is indicated for reducing overt HE recurrence. (JTX 73 § 1.2).
> HE is chronic. It must be managed until the patient gets a liver transplant or dies. .
> . . *The label has no recommendation as to duration of administration. The label
> further describes a study in which some patients used the product for 12 months
> or longer*. Taken together, this evidence demonstrates by a preponderance of the
> evidence that Norwich's label would encourage administering rifaximin for at
> least 12 months.

(D.I. 191 at 22 (emphasis added).) Norwich's revised labeling removes ██████████████



██████████████ would "encourage administering rifaximin for at least 12 months." (Murphy Decl. Ex. 1 at Motion-011, Motion-022-024.) Thus, Salix cannot state a plausible claim for relief under 35 U.S.C. § 271(e)(2) against Norwich's Amended ANDA based on the Asserted HE Patents.

**B.     Ordering FDA to Delay the Approval of Norwich's Amended ANDA Prospectively Is No Longer Equitable Based on the Changed Circumstances.**

For the reasons previously discussed, Norwich's Amended ANDA substantively changes operative facts supporting the Court's infringement holding and the statutory basis for enjoining the effective date of FDA's approval based on the Asserted HE Patents. Thus, it is no longer equitable to prospectively enjoin the approval of Norwich's Amended ANDA. Norwich's removal of the HE Indication is permitted by law and encouraged by public policy. In addition, courts have granted relief from judgment in patent cases where post-trial events alter the facts or holdings supporting the judgment.

Norwich does not seek to vacate the judgment on Norwich's Original ANDA; it seeks to tailor the ordered relief to the specific infringing conduct in view of Norwich's Amended ANDA. The Third Circuit has rejected "a rigid, pervasively applicable rule for modification of an injunction because equity demands a flexible response to the unique conditions of each case." *In re Linerboard Antitrust Litig.*, 361 F. App'x. at 397-398 (dissolving injunction where the circumstances had changed). It has stated that factors to consider when considering modifying an injunction include:

> the circumstances that led to the entry of the injunction and the nature of the conduct sought to be prevented, the length of time since the entry of the injunction, whether the party has complied or attempted to comply in good faith with the injunction, and the likelihood that the conduct will recur absent the injunction.

*Id*. Here, the circumstances that led to the entry of the order blocking FDA approval – Norwich's proposed ANDA labeling for the HE Indication – no longer exists. Norwich does not seek FDA authorization to market its ANDA Product for the HE Indication. For the reasons previously discussed, there is no likelihood that the conduct will recur absent the restraint. Norwich does not currently maintain active Paragraph IV certifications to the Asserted HE

Patents and, if it did, Norwich's proposed modified judgment (Exhibit A) would still prevent FDA from approving a label containing the HE Indication.

Norwich invokes Rule 60(b)(5) to remove the bottleneck preventing FDA's approval of Norwich's Amended ANDA.  This is not an attempt to relitigate any issue of validity or infringement concerning the HE Indication and the Asserted HE Patents.  Norwich challenged the validity and infringement of the Asserted HE Patents and lost.  Norwich has chosen to forego its appeal, accept this Court's determination, and exclude the HE Indication from its proposed labeling.  The law permits, if not encourages, Norwich to exclude the HE Indication from its ANDA labeling.  Indeed, Congress recognized that a drug may have multiple uses, and specifically crafted a pathway for a generic product to avoid patented methods of use.  It did so in view of the strong public interest in access to affordable medications.  To order FDA to delay final approval to Norwich's Amended ANDA for only the IBS-D Indication would be "detrimental to that public interest."

Relief from judgment under Rule 60(b) has also been granted in patent cases where altered circumstances warranted modifying the judgment.  For example, in *Convolve, Inc. v. Dell Inc. et al.*, C.A. No. 2:08-CV-244, 2017 WL 2463398, at *6-8 (E.D. Tex. June 7, 2017), the district court vacated a jury verdict of patent infringement and damages award under Rule 60(b)(6) based on the Federal Circuit's affirmance of summary judgment of non-infringement against the patentee in a parallel litigation involving similar products.  In *Prism Techs., LLC v. Sprint Spectrum L.P.*, C.A. No. 8:12CV123, 2017 WL 3396463, at *4, *6 (D. Neb. Aug. 8, 2017), *aff'd*, 757 F. App'x 980 (Fed. Cir. 2019), the district court vacated a jury verdict of infringement under Rule 60(b)(6) where the asserted claims had been later held invalid in a separate proceeding.  It did so despite the defendant having not presented an invalidity defense at

trial.  In *Life Techs., Inc. v. Promega Corp.*, 189 F.R.D. 334, 336-37 (D. Md. 1999), the district

court modified a consent judgment and settlement agreement under Rule 60(b)(5) where the

patent had been found unenforceable in a separate proceeding.  Here, the facts are no less

exceptional than in *Convolve*, *Prims Techs*, or *Life Techs.*.  Unlike any of those cases, Norwich

has removed the specific conduct held to have infringed.

      The *Forest Lab'ys* and  *Allergan* cases cited by Salix in the parties' Joint Dispute Letter

regarding the Form of Judgment are not analogous to this case.  *See* D.I. 190 at 2 (citing *Forest

Lab'ys, LLC v. Sigmapharm Laby's, LLC*, Civ. No. 14-1119-MSG, 2019 WL 3574249, at \*4 (D.

Del. Aug. 6, 2019); *see also Allergan, Inc. v. Sandoz, Inc*., No. 2:09-CV-97, 2013 WL 6253669,

at \*3 (E.D. Tex. Dec. 3, 2013), *aff'd* 587 F. App'x 657 (Fed. Cir. 2014) (per curium)

("Allergan")).  In contrast to this case, the ANDA filers in both *Forest Lab'ys* and *Allergan*

maintained an active Paragraph IV certification to the asserted patents.

      In *Forest Lab'ys*, the judgment addressed a patented "pharmaceutical composition" and

not, as here, a method of use claim.  2019 WL 3572429 at \*1.  The specific infringement dispute

was over the disintegration specification for the ANDA product.  *Id*.  The ANDA applicant had

amended its specification four times before trial, and the district court had only lifted a stay of

the litigation after the ANDA applicant had stated that any additional changes would be minor.

*Id*. at \*2-2.  After trial, however, the ANDA applicant again changed its product specification

and, unlike here, sought to vacate judgment of infringement and have a judgment of

noninfringement entered.  *Id*. at \*3.  The issue of modifying injunctive relief was not before the

district court.  *Id*. at \*4.

      In *Allergan*, the ANDA applicant had previously obtained summary judgment of

noninfringement of three out of four asserted method patent claims.  *See Allergan, Inc. v. Sandoz*

*Inc.*, C.A. No. 09-CV-182, 2011 WL 3794364, at *3 (E.D. Tex. Aug. 25, 2011), *aff'd in part*, *rev'd in part*, 726 F.3d 1286 (Fed. Cir. 2013) (hereafter "Sandoz").  Unlike here, the ANDA applicant stipulated that the use of its product would infringe the fourth patent claim *before* trial. *Allergan*, 2013 WL 6253669 at *1.  It presented only invalidity defenses at trial. *Id*. at *3.  The ANDA applicant modified its product labeling and sought to vacate the judgment only after the Federal Circuit affirmed that the patent claim was valid. *Id*. at *1, *3.  In contrast to the distinct IBS-D and HE Indications in this case, the product – Combigan – at issue in *Allergan* had only one FDA-approved indication:  "reduction of elevated intraocular pressure (IOP) in patients *with glaucoma* or ocular hypertension." *Sandoz*, 2011 WL 3794364 at *3.  The modified ANDA label retained the "reduction of elevated [IOP] with ocular hypertension" language but struck the subset of patients "with glaucoma" in an attempt to avoid a dose reduction limitation recited in the claim. *Allergan*,  2013 WL 6253669 at *3 n.1.  This is starkly different than Norwich's complete elimination of the HE Indication from its amended ANDA labeling (and its withdrawal of the Paragraph IV certifications and conversion to a Section viii statement to the HE Patents).

The relative paucity of Rule 60(b) motions in patent infringement actions involving changed products is not surprising.  A patentee would need a basis to exclude the product from the marketplace.  An adjudicated infringer would not typically be required to modify an injunction in order to market a different, noninfringing product.  Instead, a patentee bears the burden of obtaining a contempt order by showing that (1) no "'colorable differences' exist between the newly accused product and the adjudged infringing product"; and (2) the "new product actually infringes." *nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 343 (D. Del. 2011) (quoting *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 880-81 (Fed. Cir. 2011)).

Yet, in this case, FDA approval is a gate for marketing Norwich's ANDA Product for the IBS-D Indication, and the current Judgment blocks that approval until October 2029.

### C.   The Continued Prohibition of FDA Approval of Norwich's Amended ANDA Would Pose an Extreme and Unexpected Hardship.

Foreclosing FDA's approval of Norwich's Amended ANDA for seven years poses an extreme hardship to Norwich. Norwich successfully challenged the validity of the asserted IBS-D and polymorph patents, and it has excluded the specific conduct found to infringe from its ANDA labeling. Yet, Norwich stands to be the only generic manufacturer that cannot freely obtain FDA approval for rifaximin 550 mg tablets for only the IBS-D Indication. *Cf Life Techs.*, 189 F.R.D. at 337 (remarking that the defendant would be the only competitor unable to practice the unenforceable patent). The prohibition on FDA's approval of Norwich's ANDA Product is also detrimental to the public interest because, absent relief from the order, a generic market for rifaximin 550 mg tablets cannot likely form until January 1, 2028 – the entry date specified in Salix's settlement agreements with prior ANDA applicants. (Murphy Decl. Ex. 2 (Salix Press Release, dated July 28, 2022) at 2.)

Norwich could not have reasonably predicted that it would not prevail on the merits on the Asserted HE Patents. Regardless, maintaining the HE Indication in its proposed ANDA labeling is not mandated by the Judgment or statute. Nor is an appeal on the merits of the Asserted HE Patents compulsory. Norwich's decision to forego an appeal of the Judgment regarding the Asserted HE Patents and modify its ANDA to exclude the HE Indication puts Norwich in the same position it would have been had it (i) originally submitted a Section viii statement to the Asserted HE Patents, or (ii) the Federal Circuit had affirmed the Judgment. The facts now presented are no different than what might have been presented twelve to eighteen months from now, and resolution of the approval of Norwich's Amended ANDA is needed.

In addition, Salix recognizes that Norwich may carve the HE Indication from its ANDA labeling and seek to modify the Judgment.  Within hours of this Court's July 28, 2022 Oral Order, Salix issued a press release stating that "[u]ntil an approval of a revised ANDA is granted by the FDA and the expected injunction modified by the Court, Norwich is not permitted to launch a generic equivalent of XIFAXAN®."  (Murphy Decl., Ex. 2 at 1-2.)  Salix therefore agrees that the Court may modify the injunction.  Moreover, Salix has threatened to "vigorously oppose any attempt by Norwich to remove the HE safety data from its ANDA in an effort to avoid the XIFAXAN® HE Patents."  (*Id*. at 1.)  Thus, Salix appears poised to erect yet additional, unjustifiable hurdles for Norwich to overcome before FDA.  Continuing to enjoin FDA's approval of Norwich's Amended ANDA for the IBS-D Indication stands only to defer Salix's next attempt to delay generic competition.

## VI.    CONCLUSION

For the foregoing reasons, the Court should grant the relief requested in Norwich's Rule 60(b) Motion.

<table>
<tr><td></td><td>/s/ Nathan R. Hoeschen</td></tr>
<tr><td></td><td>Karen E. Keller (No. 4489)</td></tr>
<tr><td></td><td>Nathan R. Hoeschen (No. 6232)</td></tr>
<tr><td></td><td>SHAW KELLER LLP</td></tr>
<tr><td></td><td>I.M. Pei Building</td></tr>
<tr><td></td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>OF COUNSEL:</td><td>Wilmington, DE 19801</td></tr>
<tr><td>Matthew J. Becker</td><td>(302) 298-0700</td></tr>
<tr><td>Stacie L. Ropka</td><td>kkeller@shawkeller.com</td></tr>
<tr><td>Matthew S. Murphy</td><td>nhoeschen@shawkeller.com</td></tr>
<tr><td>Chad A. Landmon</td><td>*Attorneys for Defendant*</td></tr>
<tr><td>Rebecca L. Clegg</td><td></td></tr>
<tr><td>AXINN, VELTROP & HARKRIDER LLP</td><td></td></tr>
<tr><td>90 State House Square</td><td></td></tr>
<tr><td>Hartford, CT  06103</td><td></td></tr>
<tr><td>(860) 275-8100</td><td></td></tr>
</table>

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated:  September 7, 2022

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on September 7, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Jack B. Blumenfeld | Scott K. Reed |
| Karen Jacobs | Steven C. Kline |
| Cameron Clark | Shannon K. Clark |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Daniel A. Apgar |
| 1201 North Market Street | Alexis M. McJoynt |
| P.O. Box 1347 | VENABLE LLP |
| Wilmington, DE 19899-1347 | 1290 Avenue of the Americas, 20th Fl. |
| (302) 658-9200 | New York, NY 10104 |
| jblumenfeld@mnat.com | (212) 218-2100 |
| kjacobs@mnat.com | sreed@venable.com |
| cclark@mnat.com | skline@venable.com |
| | skclark@venable.com |
| | dapgar@venable.com |
| Becky E. Steephenson | ammcjoynt@venable.com |
| Damien N. Dombrowski | |
| VENABLE LLP | |
| Rockefeller Center | |
| 1270 Avenue of the Americas, 24th Fl. | |
| New York, NY 1020 | |
| (212) 307-5500 | |
| bsteephenson@venable.com | |
| ddombrowski@venable.com | |

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; | ) | |
| SALIX PHARMACEUTICALS, INC.; | ) | |
| BAUSCH HEALTH IRELAND LTD.; | ) | |
| ALFASIGMA S.P.A., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 20-430 (RGA) |
| | ) | |
| v. | ) | |
| | ) | |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] AMENDED FINAL JUDGMENT

This action, having been tried before the Court from March 21 through March 25, 2022 and the Court having issues an opinion after trial (D.I. 191):

IT IS HEREBY ORDERD and ADJUDGED:

1.     Judgment is entered in favor of Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Plaintiffs") and against Defendant Norwich Pharmaceuticals, Inc. ("Norwich") on Plaintiffs' claim that Norwich will induce infringement of claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent") in connection with Norwich's proposed generic rifaximin 550 mg tablets ("ANDA Product") that are the subject of Norwich's Abbreviated New Drug Application ("ANDA") No. 214369, as of August 10, 2022.

2.     Judgment is entered in favor of Plaintiffs and against Norwich on Norwich's counterclaims for non-infringement and invalidity of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 the '397 Patent.

3.      Judgment is entered in favor of Plaintiffs and against Norwich that pursuant to 35 U.S.C. §271(e)(2), Norwich's submission of Norwich's ANDA No. 214369, as of August 10, 2022, was an act of infringement of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 of the '397 Patent.

4.      Judgment is entered in favor of Norwich and against Plaintiffs on Norwich's counterclaims for invalidity of claim 2 of U.S. Patent No. 8,309,569, claim 3 of U.S. Patent No. 10,765,667, claim 4 of U.S. Patent No. 7,612,199, and claim 36 of U.S. Patent No. 7,902,206.

5.      Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled, to the extent Norwich's ANDA No. 214369 maintains Paragraph IV certifications pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) stating that the '573, '195, and '397 patents are invalid or will not be infringed by the manufacture, use, or sale of the product specified in Norwich's ANDA.  Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs).

6.      In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54 and/or Local Rules 54.1 or 54.3, or any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty 30 days after final disposition of any such appeal.

SO ORDERED this _____ day of August 2022.

_____
United State District Judge

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD.; | ) | |
| SALIX PHARMACEUTICALS, INC.; | ) | |
| BAUSCH HEALTH IRELAND LTD.; | ) | |
| ALFASIGMA S.P.A., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 20-430 (RGA) |
| | ) | |
| v. | ) | |
| | ) | |
| NORWICH PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] AMENDED FINAL JUDGMENT**

This action, having been tried before the Court from March 21 through March 25, 2022 and the Court having issues an opinion after trial (D.I. 191):

IT IS HEREBY ORDERD and ADJUDGED:

1.    Judgment is entered in favor of Plaintiffs Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. (collectively, "Plaintiffs") and against Defendant Norwich Pharmaceuticals, Inc. ("Norwich") on Plaintiffs' claim that Norwich will induce infringement of claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent") in connection with Norwich's proposed generic rifaximin 550 mg tablets ("ANDA Product") that are the subject of Norwich's Abbreviated New Drug Application ("ANDA") No. 214369, as of August 10, 2022.

2.    Judgment is entered in favor of Plaintiffs and against Norwich on Norwich's counterclaims for non-infringement and invalidity of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 the '397 Patent.

3.     Judgment is entered in favor of Plaintiffs and against Norwich that pursuant to 35 U.S. C. §271(e)(2), Norwich's submission of Norwich's ANDA No. 214369, as of August 10, 2022, was an act of infringement of claim 8 of the '573 Patent, claim 6 of the '195 Patent, and claims 11-12 of the '397 Patent.

4.     Judgment is entered in favor of Norwich and against Plaintiffs on Norwich's counterclaims for invalidity of claim 2 of U.S. Patent No. 8,309,569, claim 3 of U.S. Patent No. 10,765,667, claim 4 of U.S. Patent No. 7,612,199, and claim 36 of U.S. Patent No. 7,902,206.

5.     Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the '573, '195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled, to the extent Norwich's ANDA No. 214369 maintains Paragraph IV certifications pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) stating that the '573, '195, and '397 patents are invalid or will not be infringed by the manufacture, use, or sale of the product specified in Norwich's ANDA.  Norwich shall notify the FDA of this judgment within two (2) business days of its entry (with a copy of such notice given simultaneously to Plaintiffs).

6.     In the event that a party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54 and/or Local Rules 54.1 or 54.3, or any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty 30 days after final disposition of any such appeal.

SO ORDERED this _____ day of August 2022.

_____
United State District Judge