# EXHIBIT 1



VENABLE LLP | 1290 AVENUE OF THE AMERICAS
20TH FLOOR | NEW YORK, NY 10104
T +1 212.218.2100  F +1 212.218.2200  Venable.com

August 12, 2022

Steven C. Kline

**T 212.218.2297**
**F 212.218.2200**
SCKline@Venable.com

**BY E-MAIL**

Matt Murphy
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702

Re:    *Salix Pharmaceuticals, Ltd. et al. v. Norwich Pharmaceuticals, Inc.*, C.A. No. 20-430-
       RGA (D. Del.)

Dear Matt,

Plaintiffs wish to address the timing of district court and appellate proceedings to avoid the need
to potentially burden the Court and the parties with emergency motion practice or need for an
expedited appeal. Plaintiffs request a response to the following questions:

   1.  Will Norwich agree not to launch its ANDA product until after the Federal Circuit issues
a final decision and mandate?  If not, is there some interim period of time that Norwich will agree
not to launch or notice that Norwich is willing to provide of a launch date?

   2.  Will Norwich provide an update to Plaintiffs as to the current status of Norwich's ANDA
No. 214369, including all unproduced correspondence with the FDA?

   3.  Will Norwich agree to produce all future correspondence with the FDA concerning
Norwich's ANDA No. 214369 within five days of submission or receipt of that correspondence?

Please be prepared to provide your responses during the Parties' meet and confer next week so that
Plaintiffs can determine whether a status conference with the Court is necessary.


Best regards,

Steven C. Kline

cc: Counsel of Record

# EXHIBIT 2



MATTHEW S. MURPHY
90 STATE HOUSE SQUARE
HARTFORD, CT  06103
(860) 275-8146
MMURPHY@AXINN.COM

August 19, 2020

<u>VIA ELECTRONIC MAIL</u>

Steven C. Kline
Venable LLP
1290 Avenue of Americas
New York, NY 10104-3800

     Re:    Salix Pharmaceuticals, Ltd. et al. v.
            <u>Norwich Pharmaceuticals, Inc.. No. 20-430 (RGA) (D. Del.)</u>

Dear Steve:

     We write on behalf Defendant Norwich Pharmaceuticals, Inc. ("Norwich") in response to your August 12, 2022 letter seeking discovery about the current status of Norwich's ANDA, future correspondence regarding Norwich's ANDA, and Norwich's future business plans for its ANDA product.  As purported support for Plaintiffs' request, your letter states that "Plaintiffs wish to address the timing of district court and appellate proceedings to avoid the need to potentially burden the Court and the parties with emergency motion practice or need for an expedited appeal."  The current record does not support Plaintiffs' request.

     At Plaintiffs' request, the Court entered judgment stating that "[p]ursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Norwich's ANDA No. 214369 is to be a date not earlier than the date of expiration of the last to expire of the ' 573, ' 195, and '397 Patents (currently October 2, 2029), plus any regulatory exclusivity to which Plaintiffs are or become entitled."  D.I. 193, ¶ 5.  Norwich provided a copy of the Court's judgment to FDA on August 11, 2022.  *See* August 12, 2022 Email from M. Murphy to Plaintiffs' counsel.  Plaintiffs' justification for seeking information about Norwich's ANDA and future business plans is therefore unsupported at least because, absent a change in circumstances and/or a request made of the Court, Norwich's ANDA cannot be approved until 2029.  *See also* D.I. 200.

     Norwich further notes that Plaintiffs previously made a request for a status conference directed to the same issue, which the Court presumably denied in its August 10, 2022 Memorandum (D.I. 192) regarding the dispute over the form of final judgment.  If Plaintiffs intend to continue to make post-trial discovery demands that do not appear to be justified by the record, Norwich requests a detailed explanation as to why such a request is timely and proportional to any alleged needs for the information along with authority supporting the same.

Steven C. Kline
August 19, 2020
Page 2

Sincerely,

Matthew S. Murphy

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONYX THERAPEUTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CIPLA LIMITED, et al., | ) ) |
| Defendants. | ) ) |

C.A. No. 16-988 (LPS)

CONSOLIDATED

### [PROPOSED] FINAL JUDGMENT

This action, having been tried before the Court from May 6 through May 16, 2019,
Honorable Leonard P. Stark, Chief District Judge presiding, the evidence and testimony of
witnesses of each side having been heard and a decision having been rendered:

**IT IS HEREBY ORDERED AND ADJUDGED** this 13th day of May 2020, for the
reasons set forth in the Opinion dated May 4, 2020 (D.I. 546) that:

1.       Judgment is entered in favor of Plaintiff Onyx Therapeutics, Inc. ("Plaintiff") and
against defendants Cipla Limited and Cipla, USA, Inc. (collectively, "Cipla") on Plaintiff's claim
that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States
of the proposed generic carfilzomib product that is the subject of Cipla's Abbreviated New Drug
Application ("ANDA") No. 209479, including any amendments or supplements thereto, would
infringe the asserted claims of Onyx's U.S. Patent Nos. 7,417,042 ("the '042 Patent") (claims 23
and 24), 8,207,125 ("the '125 Patent") (claim 1), 7,737,112 ("the '112 Patent") (claims 31 and 32)
(collectively, "the Asserted Patents") (*see* D.I. 218; Order (May 31, 2018)).

2.       Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaim
for invalidity of claims 23 and 24 of the '042 Patent, claim 1 of the '125 Patent, and claim 31 of

the '112 Patent.   Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaims for unenforceability of the Asserted Patents and Cipla's equitable defenses. Trial Tr. 1120.

3.   Judgment is entered in favor of Cipla and against Plaintiff on Cipla's counterclaim for invalidity of claim 32 of the '112 Patent.

4.   Pursuant to 35 U.S.C. § 27l(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Cipla's ANDA No. 209479, including any amendments or supplements thereto, is to be a date not earlier than the date of expiration of the last to expire of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and the '112 Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently **December 7, 2027**), plus any regulatory exclusivity (including pediatric exclusivity) to which Plaintiff is or becomes entitled.   Cipla shall notify the FDA of this judgment within two (2) business days of its entry.

5.   Pursuant to 35 U.S.C. § 27l(e)(4)(B), Cipla and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined from manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, Cipla's proposed generic carfilzomib product that is the subject of Cipla's ANDA No. 209479, including any amendments or supplements thereto, during the term of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and the '112 Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently **December 7, 2027**).

AGREED TO:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP          GREENBERG TRAURIG, LLP

/s/_____          /s/_____
Jack B. Blumenfeld (#1014)          Benjamin J. Schladweiler (#4601)
Karen Jacobs (#2881)          The Nemours Bldg.
Megan E. Dellinger (#5739)          1007 North Orange Street
1201 North Market Street          Suite 1200
P.O. Box 1347          Wilmington, DE 19801
Wilmington, DE 19899          (302) 661-7355
(302) 658-9200          schladweiler@gtlaw.com
jblumenfeld@mnat.com
kjacobs@mnat.com          OF COUNSEL:
mdellinger@mnat.com          Gurpreet Singh Walia, M.D. Esq.
          Fisher Broyles LLP
OF COUNSEL:          445 Park Avenue, Ninth Floor
Lisa B. Pensabene          New York, NY 10022
Hassen Sayeed          (516) 996-1100
Will Autz          Gurpreet.Walia@fisherbroyles.com
Margaret O'Boyle
Caitlin P. Hogan          *Attorneys for Defendants Cipla Limited and*
Carolyn Wall          *Cipla USA, Inc.*
Eberle Schultz
James Yi Li
Samantha M. Indelicato
Mark A. Hayden
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000

Meng Xu
O'MELVENY & MYERS LLP
Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900

Wendy A. Whiteford
Brian Kao
C. Nichole Gifford
Joseph Lasher
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

John R. Labbé
Kevin M. Flowers
Thomas R. Burns
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300

*Attorneys for Plaintiff Onyx Therapeutics, Inc.*

SO ORDERED this ____13th____ day of May 2020.

_____
LEONARD P. STARK, CHIEF DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ONYX THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-988 (LPS) |
| | ) | |
| CIPLA LIMITED and CIPLA USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's May 4, 2020 Order (D.I. 547), the parties hereby submit this status report along with their proposed forms of Judgment. Plaintiff's and Defendants' proposed forms of Judgment are attached as Exhibits A and B respectively, and a redline comparing the two forms is attached as Exhibit C. The parties agree that no further proceedings are required and that judgment may be entered.

**Plaintiff's position on proposed judgment:**

Plaintiff's draft proposed judgment and defendant Cipla's are largely identical. The main difference is that Cipla has added proposed language in paragraphs 1, 4 and 5 improperly attempting to "carve out" of the judgment some unknown and unidentified future modification to the formulation of its proposed ANDA product. Plaintiff objects to the inclusion of this language regarding speculative (supposedly "noninfringing") changes to Cipla's ANDA product that have not been disclosed and were not part of the discovery in this case. Indeed, if Cipla makes changes to its formulation that are not within the scope of the current ANDA product, that new product would require a new PIV certification and separate litigation. Section 271(e)(4) does not contemplate such carve outs (35 USC 271(e)(4)), nor does Cipla's stipulation of infringement, which was entered by the Court, and expressly encompasses Cipla's ANDA product. D.I. 218, ordered at D.I. 218-1. To

the extent there are other differences between the parties' proposed language, Plaintiffs' version should be adopted because it more accurately reflects Cipla's stipulation of infringement. Specifically, Plaintiff's proposed language specifies that Cipla stipulated to infringement of all asserted claims, including claim 32 of the '112 patent, and that Cipla's stipulation applies to the product that is the subject of its ANDA and any amendments or supplements thereto. Cipla should not be able to void those aspects of its stipulation by resisting the inclusion of relevant language in the proposed judgment.

**Cipla's position on proposed judgment:**

The products described in Cipla's current ANDA were the only products adjudicated at trial and included in the stipulation of infringement. Cipla's proposed judgment properly focuses on these adjudicated products, whereas Plaintiff's proposal improperly includes future, unadjudicated products. The Court should adopt Cipla's proposal so that Cipla can properly amend its ANDA to include new, noninfringing formulations once the compound patents ('125 and '042 patents) expire on July 20, 2026. Similarly, Plaintiff's proposal improperly includes a judgment of infringement for claim 32 of the '112 patent, even though that claim was found invalid.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Plaintiff*

May 8, 2020

GREENBERG TRAURIG, LLP

/s/ Benjamin J. Schladweiler

Benjamin J. Schladweiler (#4601)
The Nemours Building, Suite 1200
1007 North Orange Street
Wilmington, DE  19801
(302) 661-7000
schladweilerb@gtlaw.com

*Attorneys for Defendants Cipla Limited and Cipla USA, Inc.*

# EXHIBIT A:
# ONYX'S PROPOSAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONYX THERAPEUTICS, INC.,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>CIPLA LIMITED, et al.,  )<br><br>Defendants.  ) | C.A. No. 16-988 (LPS)<br><br>CONSOLIDATED |

### [PROPOSED] FINAL JUDGMENT

This action, having been tried before the Court from May 6 through May 16, 2019, Honorable Leonard P. Stark, Chief District Judge presiding, the evidence and testimony of witnesses of each side having been heard and a decision having been rendered:

**IT IS HEREBY ORDERED AND ADJUDGED** this ___ day of May 2020, for the reasons set forth in the Opinion dated May 4, 2020 (D.I. 546) that:

1.      Judgment is entered in favor of Plaintiff Onyx Therapeutics, Inc. ("Plaintiff") and against defendants Cipla Limited and Cipla, USA, Inc. (collectively, "Cipla") on Plaintiff's claim that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the proposed generic carfilzomib product that is the subject of Cipla's Abbreviated New Drug Application ("ANDA") No. 209479, including any amendments or supplements thereto, would infringe the asserted claims of Onyx's U.S. Patent Nos. 7,417,042 ("the '042 Patent") (claims 23 and 24), 8,207,125 ("the '125 Patent") (claim 1), 7,737,112 ("the '112 Patent") (claims 31 and 32) (collectively, "the Asserted Patents") (*see* D.I. 218; Order (May 31, 2018)).

2.      Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaim for invalidity of claims 23 and 24 of the '042 Patent, claim 1 of the '125 Patent, and claim 31 of

the '112 Patent. Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaims for unenforceability of the Asserted Patents and Cipla's equitable defenses. Trial Tr. 1120.

3.     Judgment is entered in favor of Cipla and against Plaintiff on Cipla's counterclaim for invalidity of claim 32 of the '112 Patent.

4.     Pursuant to 35 U.S.C. § 27l(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Cipla's ANDA No. 209479, including any amendments or supplements thereto, is to be a date not earlier than the date of expiration of the last to expire of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and the '112 Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently **December 7, 2027**), plus any regulatory exclusivity (including pediatric exclusivity) to which Plaintiff is or becomes entitled.   Cipla shall notify the FDA of this judgment within two (2) business days of its entry.

5.     Pursuant to 35 U.S.C. § 27l(e)(4)(B), Cipla and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined from manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, Cipla's proposed generic carfilzomib product that is the subject of Cipla's ANDA No. 209479, including any amendments or supplements thereto, during the term of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and the '112 Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently **December 7, 2027**).

AGREED TO:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP          GREENBERG TRAURIG, LLP

/s/ _____               /s/ _____
Jack B. Blumenfeld (#1014)                    Benjamin J. Schladweiler (#4601)
Karen Jacobs (#2881)                          The Nemours Bldg.
Megan E. Dellinger (#5739)                    1007 North Orange Street
1201 North Market Street                      Suite 1200
P.O. Box 1347                                 Wilmington, DE 19801
Wilmington, DE 19899                          (302) 661-7355
(302) 658-9200                                schladweiler@gtlaw.com
jblumenfeld@mnat.com
kjacobs@mnat.com                              OF COUNSEL:
mdellinger@mnat.com                           Gurpreet Singh Walia, M.D. Esq.
                                              Fisher Broyles LLP
OF COUNSEL:                                   445 Park Avenue, Ninth Floor
Lisa B. Pensabene                             New York, NY 10022
Hassen Sayeed                                 (516) 996-1100
Will Autz                                     Gurpreet.Walia@fisherbroyles.com
Margaret O'Boyle
Caitlin P. Hogan                              *Attorneys for Defendants Cipla Limited and*
Carolyn Wall                                  *Cipla USA, Inc.*
Eberle Schultz
James Yi Li
Samantha M. Indelicato
Mark A. Hayden
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000

Meng Xu
O'MELVENY & MYERS LLP
Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-6900

Wendy A. Whiteford
Brian Kao
C. Nichole Gifford
Joseph Lasher
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

3

John R. Labbé
Kevin M. Flowers
Thomas R. Burns
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300

*Attorneys for Plaintiff Onyx Therapeutics,*
*Inc.*


SO ORDERED this _____ day of May 2020.

                              _____
                              LEONARD P. STARK, CHIEF DISTRICT JUDGE

# EXHIBIT B:
# CIPLA'S PROPOSAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONYX THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 16-988 (LPS) |
| v. | ) |
| | ) CONSOLIDATED |
| CIPLA LIMITED, et al., | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] FINAL JUDGMENT

This action, having been tried before the Court from May 6 through May 16, 2019,

Honorable Leonard P. Stark, Chief District Judge presiding, the evidence and testimony of

witnesses of each side having been heard and a decision having been rendered:

**IT IS HEREBY ORDERED AND ADJUDGED** this ___ day of May 2020, for the

reasons set forth in the Opinion dated May 4, 2020 (D.I. 546) that:

1.      Judgment is entered in favor of Plaintiff Onyx Therapeutics, Inc. ("Plaintiff") and

against defendants Cipla Limited and Cipla, USA, Inc. (collectively, "Cipla") on Plaintiff's claim

that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States

of the proposed generic carfilzomib product that is the subject of Cipla's Abbreviated New Drug

Application ("ANDA") No. 209479 would infringe the asserted claims of Onyx's U.S. Patent Nos.

7,417,042 ("the '042 Patent") (claims 23 and 24), 8,207,125 ("the '125 Patent") (claim 1), and , as

the ANDA is currently constituted regarding the formulation, the 7,737,112 ("the '112 Patent")

(claim 31) (collectively, "the Asserted Patents") (*see* D.I. 218; Order (May 31, 2018)).

2.      Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaim

for invalidity of claims 23 and 24 of the '042 Patent, claim 1 of the '125 Patent, and claim 31 of

the '112 Patent.   Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaims for unenforceability of the Asserted Patents and Cipla's equitable defenses. Trial Tr. 1120.

3.    Judgment is entered in favor of Cipla and against Plaintiff on Cipla's counterclaim for invalidity of claim 32 of the '112 Patent.

4.    Pursuant to 35 U.S.C. § 27l(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Cipla's ANDA No. 209479 is to be a date not earlier than the date of expiration of the last to expire of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and to the extent as currently constituted respecting the formulation, the '112 Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently **December 7, 2027**), plus any regulatory exclusivity (including pediatric exclusivity) to which Plaintiff is or becomes entitled.  For clarity, CIPLA is enjoined from infringing claim 31 of the '112 patent with the present or any amended ANDA formulation.  Cipla shall notify the FDA of this judgment within two (2) business days of its entry.

5.    Pursuant to 35 U.S.C. § 27l(e)(4)(B), Cipla and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined from commercial manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, Cipla's proposed generic carfilzomib product that is the subject of Cipla's ANDA No. 209479 during the term of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and to the extent as currently constituted respecting the formulation or any other formulation that infringes claim 31 of the '112

Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently **December 7, 2027**).

SO ORDERED this _____ day of May 2020.

_____
LEONARD P. STARK, CHIEF DISTRICT JUDGE

# EXHIBIT C:
# REDLINE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONYX THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 16-988 (LPS) |
| v. | ) CONSOLIDATED |
| | ) |
| CIPLA LIMITED, et al., | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| ONYX THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 16-988 (LPS) |
| v. | ) CONSOLIDATED |
| | ) |
| CIPLA LIMITED, et al., | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] FINAL JUDGMENT

This action, having been tried before the Court from May 6 through May 16, 2019, Honorable Leonard P. Stark, Chief District Judge presiding, the evidence and testimony of witnesses of each side having been heard and a decision having been rendered:

IT IS HEREBY ORDERED AND ADJUDGED this ____ day of May 2020, for the reasons set forth in the Opinion dated May 4, 2020 (D.I. 546) that:

1.     Judgment is entered in favor of Plaintiff Onyx Therapeutics, Inc. ("Plaintiff") and against defendants Cipla Limited and Cipla, USA, Inc. (collectively, "Cipla") on Plaintiff's claim that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the proposed generic carfilzomib product that is the subject of Cipla's Abbreviated New Drug Application ("ANDA") No. ~~209479, including any amendments or supplements thereto,~~209479 would infringe the asserted claims of Onyx's U.S. Patent Nos. 7,417,042 ("the '042 Patent") (claims 23 and 24), 8,207,125 ("the '125 Patent") (claim 1), and , as the ANDA is currently constituted regarding the formulation, the 7,737,112 ("the '112 Patent") (~~claims~~claim 31 ~~and 32~~) (collectively, "the Asserted Patents") (see D.I. 218; Order (May 31, 2018)).

2.     Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaim for invalidity of claims 23 and 24 of the '042 Patent, claim 1 of the '125 Patent, and claim 31 of the '112 Patent. Judgment is entered in favor of Plaintiff and against Cipla on Cipla's counterclaims for unenforceability of the Asserted Patents and Cipla's equitable defenses. Trial Tr. 1120.

3.     Judgment is entered in favor of Cipla and against Plaintiff on Cipla's counterclaim for invalidity of claim 32 of the '112 Patent.

4.     Pursuant to 35 U.S.C. § 271(e)(4)(A), it is hereby ordered that the effective date of any final approval by the Food and Drug Administration ("FDA") of Cipla's ANDA No. ~~209479,~~

~~including any amendments or supplements thereto,~~209479 is to be a date not earlier than the date of expiration of the last to expire of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and to the extent as currently constituted respecting the formulation, the '112 Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently December 7, 2027), plus any regulatory

exclusivity (including pediatric exclusivity) to which Plaintiff is or becomes entitled.   For clarity, CIPLA is enjoined from infringing claim 31 of the '112 patent with the present or any amended ANDA formulation. Cipla shall notify the FDA of this judgment within two (2) business days of its entry.

5.      Pursuant to 35 U.S.C. § 27l(e)(4)(B), Cipla and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby enjoined from commercial manufacturing, using, offering to sell, or selling within the United States, or importing into the United States, Cipla's proposed generic carfilzomib product that is the subject of Cipla's ANDA No. ~~209479, including any amendments or supplements thereto,~~209479 during the term of the '042 Patent inclusive of the patent term extension granted under 35 U.S.C. § 156, the '125 Patent, and to the extent as currently constituted respecting the formulation or any other formulation that infringes claim 31 of the '112

Patent, inclusive of the patent term adjustment granted under 35 U.S.C. § 154 (currently December 7, 2027).

SO ORDERED this              day of May 2020.

                                        LEONARD P. STARK, CHIEF DISTRICT JUDGE