IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., BAUSCH HEALTH IRELAND LTD., and ALFASIGMA S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> NORWICH PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) **Redacted - Public Version** ) ) ) ) ) ) C.A. No. 20-430-RGA ) ) ) ) ) |

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT NORWICH PHARMACEUTICALS, INC.'S MOTION TO MODIFY JUDGMENT PURSUANT TO RULE 60(B)

OF COUNSEL:
Matthew J. Becker
Stacie L. Ropka
Matthew S. Murphy
Chad A. Landmon
Rebecca L. Clegg
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Dated: September 28, 2022

# TABLE OF CONTENTS

I. SECTION 271(E)(4)(A) REQUIRES A SECTION 271(E)(2) INFRINGEMENT. .............. 2
II. THE OPERATIVE FACTS HAVE CHANGED. ................................................................ 3
    A. Norwich Has Satisfied the Judgment. ................................................................ 4
    B. Prospectively Blocking Approval of the Amended ANDA Is Not Equitable. .................. 4
        1. None of Salix's cited cases present facts analogous to this case ............................... 5
        2. Salix cannot state a claim under Section 271(e)(2). ..................................................... 6
    C. The Court Should Reject Salix's Attempts to Create Delay. .......................................... 7
III. SALIX OVERLOOKS NORWICH'S RULE 60(B)(6) ARGUMENT. ........................... 10
IV. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allergan, Inc. v. Sandoz, Inc.*,
   No. 2:09 CV-200, 2013 WL 6253669 (E.D. Tex. Dec. 3, 2013)..............................5

*Amarin Pharma., Inc. v. Hikma Pharms. USA Inc.*,
   578 F. Supp. 3d 642 (D. Del. 2022).........................................................7

*AstraZeneca Pharms. LP v. Apotex Corp.*,
   669 F.3d 1370 (Fed. Cir. 2012)....................................................2, 6, 8, 9

*Ferring Pharms. Inc. et al. v. Lupin Inc. et al.*,
   C.A. No. 19-cv-913, 2020 WL 3414750 (D. Del. Jun. 22, 2020)............................9

*Forest Lab'ys, LLC v. Sigmapharm Lab'ys, LLC*,
   No. CV 14-1119-MSG, 2019 WL 3574249 (D. Del. Aug. 6, 2019) .........................6

*GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*,
   7 F.4th 1320 (Fed. Cir. 2021) .........................................................7

*GSK, H. Lundbeck A/S v. Apotex Inc.*,
   No. CV 18-88-LPS, 2019 WL 6065466 (D. Del. Nov. 15, 2019) ...........................7

*H. Lundbeck A/S v. Apotex Inc.*,
   C.A. No. 18-88-LPS, 2020 WL 3507785 (D. Del. Jun. 26, 2020) .........................6

*Onyx Therapeutics, Inc. v. Cipla Ltd.*,
   C.A. 16-988 (LPS) (D. Del. May 13, 2020) .........................................5, 6

*Takeda Pharms. U.S., Inc. v. West-Ward Pharm. Corp.*,
   785 F.3d 625 (Fed. Cir. 2015)......................................................6, 8

**Statutes**

21 U.S.C. § 355(j)(2)(A)(viii)................................................................3

35 U.S.C. § 271(e)(2)................................................................. passim

35 U.S.C. § 271(e)(4)(A) ............................................................. passim

**Other Authorities**

21 C.F.R. § 314.94(a)(12)(iii)(A) ..........................................................3

21 C.F.R. § 314.94(a)(12)(viii)(A) ..................................................1, 3, 5

81 Fed. Reg. 18,766 (Oct. 6, 2016) ................................................................................................. 5

Fed. R. Civ. P. Rule 30(b)(6) ........................................................................................................... 9

Fed. R. Civ. P. Rule 52(c) .............................................................................................................. 10

Fed. R. Civ. P. Rule 60(b) ......................................................................................................... 4, 10

**TABLE OF ABBREVATIONS**

| Abbreviation | Description |
|---|---|
| Salix | Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc., Bausch Health Ireland Ltd., and Alfasigma S.p.A. |
| Norwich | Norwich Pharmaceuticals, Inc. |
| HE Indication | reduction in the risk of overt hepatic encephalopathy (HE) recurrence |
| IBS-D Indication | treatment of irritable bowel syndrome with diarrhea in adults |
| Judgment | Final Judgment, D.I. 193 |
| Asserted HE Patents | Claim 8 of U.S. Patent No. 8,642,573 (the "'573 Patent"), Claim 6 of U.S. Patent No. 9,421,195 (the "'195 Patent"), and Claims 11-12 of U.S. Patent No. 10,335,397 (the "'397 Patent"). |
| Amended ANDA | Norwich's ANDA No. 214369 as amended on September 6, 2022 |
| Norwich's Original ANDA | Abbreviated New Application No. 214369 |
| Norwich's Brief | Opening Brief In Support Of Defendant Norwich Pharmaceuticals, Inc.'s Motion To Modify Judgment Pursuant To Rule 60(B), D.I. 206 |
| Opp'n. | Plaintiffs' Answering Brief In Opposition To Motion To Modify Judgment Pursuant To Rule 60(B), D.I. 213 |

Norwich's Amended ANDA does not seek FDA approval to market rifaximin tablets for the HE Indication. Norwich has withdrawn its Paragraph IV certifications to the Asserted Patents and submitted Section viii statements with a corresponding labeling amendment. Accordingly, the basis for blocking FDA approval of Norwich's Original ANDA no longer exists, and continuing that prohibition prospectively is not equitable. Yet, Salix seeks to prevent the approval of Norwich's Amended ANDA for the IBS-D Indication based on the Court's Judgment finding that the marketing of Norwich's product with labeling for the HE Indication would induce infringement of the Asserted HE Patents. Each of Salix's rationales for doing so is legally flawed or unsupported.

Salix's statutory-based argument ignores that "the infringement" required in Section 271(e)(4)(A) for an order to delay FDA approval is an act of infringement under Section 271(e)(2). Salix has not even alleged that the marketing of Norwich's Amended ANDA would induce infringement of the Asserted HE Patents under Section 271(e)(2), and any attempt to do so would be futile. Absent a viable claim of infringement, Salix is also not entitled to take discovery. Regardless, Salix possesses the amended ANDA labeling, which controls the inducement inquiry under Section 271(e)(2).

Contrary to Salix's unsupported argument, Norwich was not obligated to pursue a "skinny" label before trial or be saddled with the "statutory remedy" of Section 271(e)(4)(A). In fact, an FDA regulation directed Norwich to amend its Paragraph IV certification to the Asserted HE Patents to a Section viii statement, if applicable, *after* a finding of infringement. 21 C.F.R. § 314.94(a)(12)(viii)(A). Norwich followed that directive and submitted a Section viii statement to the Asserted HE Patents. With this change in operative fact, Norwich is now entitled to obtain final FDA approval of its Amended ANDA for the IBS-D Indication.

Salix's remaining arguments do not compel a different result.  The Federal Circuit has soundly rejected arguments based on speculation about whether FDA may require changes to proposed labeling.  In addition, Norwich does not ask this Court for a "summary adjudication" of noninfringement on the merits; it merely argues that the Judgment should be modified to reflect the changed circumstances given that Norwich has in all respects satisfied that Judgment.

I.      **SECTION 271(E)(4)(A) REQUIRES A SECTION 271(E)(2) INFRINGEMENT.**

Salix argues that Section 271(e)(4) blocks the approval of Norwich's Amended ANDA.  D.I. 213 ("Opp'n.") at 8-9.  However, "the infringement" required in Section 271(e)(4)(A) is an act of infringement under Section 271(e)(2).  The Amended ANDA does not seek approval for the HE Indication, and thus cannot infringe the Asserted HE Patents under Section 271(e)(2).

Section 271(e)(4)(A) states that "[*f*]*or an act of infringement described in paragraph (2)* – the court shall order the effective date of any approval of the drug [ ] *involved in the infringement* to be a date which is not earlier than the date of the expiration of the patent which has been infringed . . . ." 35 U.S.C. § 271(e)(4)(A) (emphasis added).  Controlling Federal Circuit precedent states that "a patented method of using a drug can only be infringed under § 271(e)(2) by filing an ANDA *that seeks approval to market the drug for that use*." *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1378-79 (Fed. Cir. 2012) (emphasis added).  This flows from the statutory text:  "It shall be an act of infringement to submit — an [ANDA] for a drug claimed in a patent or the use of which is claimed in a patent, . . . if the purpose [ ] is *to obtain approval* . . . of *a drug* [ ] claimed in a patent or *the use of which is claimed in a patent* before the expiration of such patent." 35 U.S.C. § 271(e)(2) (emphasis added).  Salix does not cite authority stating that Section 271(e)(4)(A) blocks approval of an ANDA that does not seek approval of a use that is claimed in a patent.

2

Nor must an ANDA applicant submit a Section viii statement, and corresponding labeling, before the entry of a judgment of infringement "to avoid the statutory remedy" of Section 271(e)(4)(A). Opp'n. at 9. The Food, Drug, and Cosmetic Act ("FDCA") places no temporal limitation on the submission of a Section viii statement and a corresponding labeling amendment. 21 U.S.C. § 355(j)(2)(A)(viii). Further, FDA regulations state that a Section viii statement may be filed "after a finding of infringement." 21 C.F.R. § 314.94(a)(12)(viii)(A); 21 C.F.R. § 314.94(a)(12)(iii)(A). The reason for this is clear – FDA recognizes that, even after a finding of infringement, an ANDA applicant may submit a Section viii statement and amend its labeling in order obtain approval of the ANDA for a use that has not been found to infringe a valid patent. Permitting a Section viii statement after a finding of infringement would be nonsensical if Section 271(e)(4)(A) continued to block approval of an ANDA containing a "skinny" label until the date of patent expiration (e.g., a Paragraph III certification).

Congress created a pathway for an ANDA applicant to challenge method-of-use patents covering an approved use of a drug by submitting a Paragraph IV certification. It also created means for an ANDA applicant to exclude a use of a drug claimed in a patent from its product label by submitting a "skinny" label and Section viii statement. In doing so, Congress could not have intended the perverse outcome under Section 271(e)(4)(A) now advocated by Salix. Further, the fact that Salix obtained FDA approval for an HE Indication should not put Norwich in a worse position than if Salix had only ever obtained approval for the IBS-D Indication.

II. **THE OPERATIVE FACTS HAVE CHANGED.**

On September 6, 2022, Norwich converted its Paragraph IV certifications to the Asserted HE Patents to Section viii statements and amended its proposed ANDA labeling to remove the HE Indication. Br. at 2. As of that date, Norwich no longer sought FDA's approval to market its

ANDA Product for the HE Indication. This marks a change in the operative facts that, as discussed above and in Norwich's Brief, compels a modification to the Judgment.

        A.        **Norwich Has Satisfied the Judgment.**

Federal Rule of Civil Procedure 60(b)(5) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [where] the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable." Contrary to Salix's suggestion, whether "judgment has been satisfied" under Rule 60(b)(5) is not limited in application to "two circumstances." Opp'n. at 10-11.

Other than to cite inapplicable cases arising in completely different contexts, Salix has not challenged, factually or legally, that Norwich's Amended ANDA and Section viii statements regarding the Asserted HE Patents satisfy the Judgment. (Id.) Specifically, the Court found that the Asserted HE Patents were not invalid, and Judgment was entered that Norwich will induce infringement of the Asserted HE Patents. D.I. 191 at 20-25; D.I. 193 at ¶ 1. The Asserted HE Patents, however, were directed solely to the HE Indication in Norwich's proposed ANDA label at the time of trial. Accepting this Court's decision on the HE Patents (and pursuant to the directives set forth in FDA's regulations that are discussed above), Norwich's Amended ANDA no longer seeks FDA approval to market its rifaximin tablets for the HE Indication. Thus, FDA cannot approve Norwich's Amended ANDA for the HE Indication until the Asserted HE Patent expire, and the Judgment has thus been satisfied.

        B.        **Prospectively Blocking Approval of the Amended ANDA Is Not Equitable.**

Salix wrongly asserts that Norwich has undertaken a "unilateral action" in amending its ANDA and that there were no unforeseen changes in circumstance justifying modification of the Judgment. Opp'n. at 6-7. But, Norwich had no obligation to predetermine that its challenges of the Asserted HE Patents would be unsuccessful. If anything, it was foreseeable – to both parties

4

– that, after a finding of infringement and invalidity, Norwich could submit a Section viii statement after a finding of infringement. 21 C.F.R. § 314.94(a)(12)(viii)(A). Here, Norwich has followed the directives set out in FDA's regulation. What was unforeseen is Salix's anticompetitive assertion that Section 271(e)(4)(A) should block FDA's approval of Norwich's Amended ANDA for the IBS-D Indication even after the Section viii statement regarding the Asserted HE Patents.

### 1. None of Salix's cited cases present facts analogous to this case

Salix relies on *Allergan v. Sandoz*, but ignores critical distinctions. Opp'n. at 7, 11, 13; D.I. 206 ("Br.") at 15-16. Critically, *Allergan* was decided before FDA had issued its regulation permitting the submission of a Section viii statement after a finding of infringement. 21 C.F.R. § 314.94(a)(12)(viii)(A); 81 Fed. Reg. 18,766 (Oct. 6, 2016). Moreover, Sandoz maintained a Paragraph IV certification to all but one claim of the patent. It had *stipulated* to the infringement of that one patent claim before trial. It chose not present any potential carve-out theory after failing to obtain summary judgment of noninfringement. Sandoz's Amended ANDA modified the previously litigated indication by striking "glaucoma" patients from its proposed labeling. In contrast, Norwich's Amended ANDA eliminates the HE Indication entirely, and Norwich could not have maintained a Section viii statement while also seeking approval for the HE Indication. Sandoz also sought a finding that its amended ANDA labeling did not infringe the patent claim, and not, as here, only a modification of the relief entered by the judgment. On its face, Sandoz's labeling appeared to overlap with the patent use code and patent claim. No such facts exist here.

Salix's reliance on cases involving product claims is also misplaced. Opp'n at 12 (citing *Forest Lab'ys, LLC v. Sigmapharm Lab'ys, LLC*, No. CV 14-1119-MSG, 2019 WL 3574249, at *7 (D. Del. Aug. 6, 2019), and *Onyx Therapeutics, Inc. v. Cipla Ltd.*, C.A. 16-988 (LPS) (D. Del. May 13, 2020); *see also* Norwich's Br. at 15. Neither of *Forest Lab'ys* nor *Onyx* involved a

5

method-of-use patent, and therefore did not feature a Section viii statement or a labeling carve out. Rather, each case concerned an amendment, or prospective future amendment, to the physical ANDA product or feature thereof. Here, Norwich's ANDA Product does not infringe any valid product claim, and the amendment is the wholesale *removal* of the HE Indication and conversion of the Paragraph IV certification to a Section viii statement.

2.  **Salix cannot state a claim under Section 271(e)(2).**

Contrary to Salix's unsupported assertion, Norwich does not seek a summary adjudication that Norwich's Amended ANDA does not infringe the Asserted HE Patents. Opp'n. at 13. Norwich's Motion seeks to modify the Judgment concerning Norwich's Original ANDA to the extent that it block's FDA approval of Norwich's Amended ANDA, which does not seek approval for the HE Indication. In its Brief, Norwich explained why a claim of induced infringement of the Asserted HE Patents under Section 271(e)(2) against Norwich's Amended ANDA would be futile. Br. at 9-12*; see H. Lundbeck A/S v. Apotex Inc*., C.A. No. 18-88-LPS, 2020 WL 3507785, at *5 n.6 (D. Del. Jun. 26, 2020) (an ANDA filer was not seeking a "merits ruling that its ANDA product does not infringe Plaintiffs' patents," but "instead, dismissal [ ] for failure to state a claim upon which relief may be granted."). Tellingly, Salix's Opposition does not argue that a claim of induced infringement of the Asserted HE patents would not be futile. It does not allege that Norwich's Amended ANDA will induce infringement of the Asserted HE Patents. It does not allege that the proposed labeling in Norwich's Amended ANDA recommends, instructs, or promotes a direct infringement of the Asserted HE Patents. *Takeda Pharms. U.S., Inc. v. West-Ward Pharm. Corp*., 785 F.3d 625, 631 (Fed. Cir. 2015). Moreover, Salix fails to rebut either the Federal Circuit's decision in *AstraZeneca*, 669 F.3d at 1379, or this Court's decision in *Amarin Pharma., Inc. v. Hikma Pharms. USA Inc*., 578 F. Supp. 3d 642, 647-48 (D. Del. 2022). Br. at 9-10.

Although Salix does discuss *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1328 (Fed. Cir. 2021) ("*GSK*"), it ignores that the question of inducement presented in *GSK* was analyzed under Section 271(b), and not Section 271(e)(2), because the generic product had been launched.[1]  Accordingly, that case *did* raise "factual questions" requiring "additional fact and expert discovery" as Salix asserts. Opp'n. at 15.  Here, however, Salix must state a viable claim of infringement under Section § 271(e)(2) against Norwich's Amended ANDA in order to obtain discovery and allege any entitlement to relief under Section § 271(e)(4)(A). None of Salix's cited cases find infringement of a method-of-use patent under Section 271(e)(2) in the absence of an express or implied instruction provided in the proposed drug label. Opp'n. at 13-14 (citing *GSK*, *H. Lundbeck A/S v. Apotex Inc.*, No. CV 18-88-LPS, 2019 WL 6065466, at *2 (D. Del. Nov. 15, 2019), *United Therapeutics Corp. v. Sandoz, Inc.*, No. 12-CV-01617, 2014 U.S. Dist. LEXIS 52353, at *13-14 (D.N.J. Apr. 16, 2014), and *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042 (Fed. Cir. 2010)).  Salix has not cited any such instruction in Norwich's amended label.

### C. The Court Should Reject Salix's Attempts to Create Delay.

Salix suggests that Norwich's Motion should not be granted because (i) the label is non-final, (ii) Salix requires discovery, and (iii) Salix would have tried the case differently. Opp'n. at 7, 15.  These are tactics designed for delay, but they are irrelevant to the present dispute.

Salix commenced this litigation and asserted 23 patents without having ever requested a copy of Norwich's ANDA.  As of the dates of trial and the entry of Judgment (and to this day), Norwich's ANDA had not been approved by FDA.  Yet, Salix litigated Norwich's "non-final"

---

[1] Moreover, the evidence adduced at trial supported that the skinny label had overlapped with the use claimed in the patent.  Salix, however, does not and cannot allege any overlap between the IBS-D and HE Indications or the labeling in Norwich's Amended ANDA and the Asserted HE Patents.

7

ANDA labeling without issue.  Now, Salix suggests that it may be too early to analyze the proposed labeling in Norwich's Amended ANDA because it has not yet been approved by FDA. Salix also speculates that FDA may object to the removal of ███████████████ of the amended labeling for Norwich's ANDA Product.  Opp'n. at 7.  These are attempts to create delay or confusion.  Regardless, the Federal Circuit has rejected a patentee's attempt to avoid a Section viii statement, and corresponding "skinny" labeling, based on speculation about potential labeling changes that FDA may later require of an ANDA applicant.  *AstraZeneca*, 669 F.3d at 1380-81 ("A claim is not ripe for adjudication if it rests on contingent future events that may not occur as anticipated, or indeed may not occur at all.").  This Court should, too.  "Section 271(e)(2) does not encompass speculative claims for infringement."  *Id*.

Salix also cannot rely on discovery to delay adjudication of Norwich's Motion.  To even obtain discovery here, Salix must state a plausible claim of infringement.  It has not (and cannot). Salix also possesses the patent and labeling amendment submitted in Norwich's Amended ANDA.  Although Salix complains that Norwich has not produced all FDA correspondence following the trial in this matter, Opp'n. at 4-5, ███████████████████████████████████████████████.  Moreover, Norwich merely removed label information that was known to Salix and made the subject of discovery.

Further, the critical question in ANDA cases involving a method-of-use claim is whether the proposed ANDA label encourages, recommends, or promotes a direct infringement.  *Takeda*, 785 F.3d at 631.  This Court has previously recognized that discovery beyond the proposed ANDA labeling is not necessary to make this determination.  *Ferring Pharms. Inc. et al. v. Lupin Inc. et al.*, C.A. No. 19-cv-913, 2020 WL 3414750, at *3-4 (D. Del. Jun. 22, 2020) (granting Rule 12(c) motion and stating that "I do not see why discovery is necessary to determine whether

8

[the] proposed ANDA label encourages, recommends, or promotes an infringing use."). Salix has neither offered authority nor facts establishing a need for additional discovery.[2] Had Norwich previously submitted a Section viii statement – as Salix alleges Norwich should have done – there would have been no notice letter, no thirty month stay, and no litigation regarding the HE Patents. *AstraZeneca*, 669 F.3d at 1379-80. Thus, Salix would have had less discovery.

Salix asserts that it would have litigated this case differently had Norwich filed a Section viii statement to the Asserted HE Patents before trial. As discussed, however, Norwich had no obligation to do so. Salix had every opportunity to develop its contentions and take discovery. Salix asserted 26 patents. It had the chance to develop contentions regarding 40 claims in expert discovery, and assert up to 20 patent claims at trial. D.I. 23 at 4-5. Salix requested a fourth trial day. D.I. 153 at ¶ 84. Yet, Salix chose to assert nine patent claims at trial, id. at ¶ 94, and then dropped one patent at trial because it ran out of time, D.I. 170 at 823:7-12 and D.I. 171 at 854:23-24. Regardless, what Salix may have liked to have done differently in litigation is inconsequential to the issue pending before the Court. The question is whether the Court's finding that Norwich's Original ANDA – with proposed labeling for both the HE and IBS-D Indications – induced infringement of the Asserted HE Patents should block FDA's approval of Norwich's Amended ANDA for only the IBS-D Indication. Salix does not get a do-over where Norwich removed an indication from its proposed labeling.

Salix's citation to the Stipulation and Order regarding unasserted patent claims has no bearing on Norwich's Motion to Modify Judgment. D.I. 180. The Judgment is based on the Asserted HE Patents, and therefore the block of FDA approval pursuant to Section 271(e)(4)(A)

---

[2] Salix mischaracterizes the stipulation regarding Rule 30(b)(6) testimony. Norwich stipulated that "no person at Norwich possesses percipient knowledge" about "actual, potential, or contemplated uses" of the ANDA Product. D.I. 115. Thus, Salix had no testimony to obtain.

9

is based on the infringement of the Asserted HE Patents. Further, the stipulation resulted from Norwich's counterclaims of noninfringement, Salix's failure to proffer any evidence of infringement of the unasserted claims at trial, and Norwich's oral Rule 52(c) Motion. D.I. 168 at 97:20-98:8; D.I. 171 978:1-15. Norwich does not agree that the stipulation grants Salix an unfettered license to re-litigate its case.

### III. SALIX OVERLOOKS NORWICH'S RULE 60(B)(6) ARGUMENT.

Norwich addressed Rule 60(b)(6) in Section V.C. of its Brief. *See* Br. at 6, 17-18; *contra* Opp'n. at 5. Salix's Opposition shows the "extreme and unexpected hardship" imposed by the Judgment in regards to Norwich's Amended ANDA. Specifically, the extraordinary circumstance is that an ANDA applicant could successfully challenge two sets of patents and submit a post-trial Section viii statement regarding a third set of patents, as permitted by the FDCA and FDA regulation, yet remain blocked by Section 271(e)(4)(A) from obtaining final FDA approval based on patented use of a drug for which Norwich is not seeking approval.

### IV. CONCLUSION

For the foregoing reasons and those further stated in Norwich's Opening Brief, the Court should grant Norwich's Motion to Modify Judgment under Rule 60(b).

|  |  |
|---|---|
| | /s/ *Nathan R. Hoeschen* |
| | Karen E. Keller (No. 4489) |
| | Nathan R. Hoeschen (No. 6232) |
| OF COUNSEL: | SHAW KELLER LLP |
| Matthew J. Becker | I.M. Pei Building |
| Stacie L. Ropka | 1105 North Market Street, 12th Floor |
| Matthew S. Murphy | Wilmington, DE 19801 |
| Chad A. Landmon | (302) 298-0700 |
| Rebecca L. Clegg | kkeller@shawkeller.com |
| AXINN, VELTROP & HARKRIDER LLP | nhoeschen@shawkeller.com |
| 90 State House Square | *Attorneys for Defendant* |
| Hartford, CT  06103 | |
| (860) 275-8100 | |

Aziz Burgy
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC  20036
(202) 721-5417

Richardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-2000

Dated: September 28, 2022

**CERTIFICATE OF SERVICE**

I, Nathan R. Hoeschen, hereby certify that on September 28, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Karen Jacobs
Cameron Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com

Becky E. Steephenson
Damien N. Dombrowski
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Fl.
New York, NY 1020
(212) 307-5500
bsteephenson@venable.com
ddombrowski@venable.com

William R. Peterson
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000 Houston, TX 77002-5005
(713) 890-5000
william.peterson@morganlewis.com

Scott K. Reed
Steven C. Kline
Shannon K. Clark
Daniel A. Apgar
Alexis M. McJoynt
VENABLE LLP
1290 Avenue of the Americas, 20th Fl.
New York, NY 10104
(212) 218-2100
sreed@venable.com
skline@venable.com
skclark@venable.com
dapgar@venable.com
ammcjoynt@venable.com

Michael J. Abernathy
Karon N. Fowler
Michael T. Sikora
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker, Suite 2800
Chicago, IL 60606-1511
(312) 324-1000
michael.abernathy@morganlewis.com
karon.fowler@morganlewis.com
michael.sikora@morganlewis.com

/s/ *Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*